THE HONORABLE TIFFANY M. CARTWRIGHT

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11

GENERAL CASUALTY COMPANY OF
WISCONSIN, a Wisconsin corporation,

Plaintiff/Counterclaim Defendant,

v.

REED HEIN & ASSOCIATES, LLC d/b/a
TIMESHARE EXIT TEAM, a Washington
limited liability company; MAKAYMAX,
INC., a Washington corporation; BRANDON
REED, individually; BRIAN and KERRI
ADOLPH, a married couple,

Defendants/Counterclaim and Third

Party Plaintiffs,

v.

RSUI GROUP, INC., a Georgia corporation;
and RSUI INDEMNITY COMPANY, INC., a
New Hampshire corporation,

Third Party Defendants

Case No. 2:23-cv-00725-TMC

**DEFENDANTS BRIAN AND KERRI
ADOLPHS' ANSWER AND
COUNTERCLAIM TO COMPLAINT
FOR REFORMATION AND
DECLARATORY RELIEF**

**AND**

**THIRD-PARTY COMPLAINT**

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

ADOLPHS' ANSWER,
COUNTERCLAIMS, AND THIRD-
PARTY CLAIMS – 1
2:23-cv-00725-TMC

Defendants Brian and Kerri Adolph ("Adolphs") hereby submit their Answer and Counterclaim to Plaintiff General Casualty Company of Wisconsin's ("General Casualty") Complaint for Reformation and Declaratory relief (Dkt. 1; "complaint") and Third Party Complaint against Third Party Defendants RSUI Group, Inc. and RSUI Indemnity Company, Inc. and state as follows:

Defendants admit that General Casualty, in its first unnumbered paragraph, purports to bring this case against Defendants, including the Adolphs. Except as expressly admitted, the Adolphs deny any further allegations in General Casualty's first unnumbered paragraph.

## I.    INTRODUCTION

1.    Admit.

2.    Admit.

3.    The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 3 of the complaint and, therefore, deny.

4.    The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 4 of the complaint and, therefore, deny.

5.    The Adolphs admit, upon information and belief, that Reed Hein & Associates tendered the *Adolph* complaint to their insurers. The Adolphs deny the remaining allegations in Paragraph 5 of the complaint.

6.    The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 6 of the complaint and, therefore, deny.

7.    Paragraph 7 of the complaint calls for a legal conclusion and does not require a response. To the extent that it does not call for a legal conclusion or requires a response, the Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 7 of the complaint and, therefore, deny.

8.    Paragraph 8 of the complaint calls for a legal conclusion and does not require a response.

## II.  PARTIES

9.      The Adolphs admit that General Casualty is the Plaintiff in this case. The Adolphs are without sufficient knowledge or information to admit or deny the remaining allegations within paragraph 9 of the complaint and, therefore, deny.

10.     Admit.

11.     Admit.

12.     Admit.

13.     Admit.

## III.  JURISDICTION

14.     The allegations in paragraph 14 constitute a legal conclusion to which no response is required. To the extent a response is required, the Adolphs admit they are citizens of and domiciled in North Carolina. On information and belief, the Adolphs admit that Reed Hein & Associates, LLC, Makaymax, Inc., and Brandon Reed are each citizens of and domiciled in Washington. The Adolphs are without sufficient knowledge or information regarding the citizenship and domicile of General Casualty to admit or deny allegations regarding its citizenship and domicile and, therefore, deny.

15.     The allegations in paragraph 15 constitute a legal conclusion to which no response is required. To the extent a response is required, admit.

16.     The allegations in paragraph 16 constitute a legal conclusion to which no response is required.

17.     The allegations in paragraph 17 constitute a legal conclusion to which no response is required. To the extent a response is required, admit.

## IV.  FACTS

**A.  Reed Hein**

18.     Admit.

19.    Admit.

20.    Admit.

21.    Admit.

22.    The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 22 of the complaint and, therefore, deny.

**B.    Reed Hein Applies for Insurance from General Casualty**

23.    The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 23 of the complaint and, therefore, deny.

24.    The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 24 of the complaint and, therefore, deny.

25.    The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 25 of the complaint and, therefore, deny.

26.    The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 26 of the complaint and, therefore, deny.

**C.    The 2020-2021 Policies Issued by General Casualty**

27.    Admit.

28.    Admit.

29.    Admit.

30.    The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 30 of the complaint and, therefore, deny.

31.    The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 31 of the complaint and, therefore, deny.

32.    Admit.

33.    Admit.

34.    Admit.

35.      The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 35 of the complaint and, therefore, deny.

36.      The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 36 of the complaint and, therefore, deny.

**D.    The 2020-2021 Policies Issued by General Casualty**

37.      The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 37 of the complaint and, therefore, deny.

38.      The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 38 of the complaint and, therefore, deny.

39.      The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 39 of the complaint and, therefore, deny.

40.      The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 40 of the complaint and, therefore, deny.

41.      The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 41 of the complaint and, therefore, deny.

42.      Paragraph 42 of the complaint includes a legal conclusion to which no response is required. To the extent a response is required, the Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 42 of the complaint and, therefore, deny.

43.      Admit.

44.      To the extent paragraph 44 of the complaint suggests Coverage B is not applicable, deny. Otherwise, admit.

**E.    Conditions Applicable to the General Casualty Policies**

45.      The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 45 of the complaint and, therefore, deny.

46.     The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 46 of the complaint and, therefore, deny.

47.     The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 47 of the complaint and, therefore, deny.

**F.    The Adolph Lawsuit**

48.     Admit.

49.     Admit.

50.     Admit.

51.     Admit.

52.     Admit.

53.     Admit.

54.     Admit.

55.     Admit.

56.     Admit.

**G.    The Tender to General Casualty and General Casualty's Reservation of Rights**

57.     The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 57 of the complaint and, therefore, deny.

58.     The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 58 of the complaint and, therefore, deny.

59.     The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 59 of the complaint and, therefore, deny.

60.     The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 60 of the complaint and, therefore, deny.

61.     The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 61 of the complaint and, therefore, deny.

62.     The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 62 of the complaint and, therefore, deny.

63.     The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 63 of the complaint and, therefore, deny.

64.     The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 64 of the complaint and, therefore, deny.

65.     The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 65 of the complaint and, therefore, deny.

66.     Paragraph 66 of the complaint calls for a legal conclusion to which no response is required. To the extent that any response is required, the Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 66 of the complaint and, therefore, deny.

67.     The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 67 of the complaint and, therefore, deny.

68.     The Adolphs are without sufficient knowledge or information to admit or deny the allegations within paragraph 68 of the complaint and, therefore, deny.

69.     The Adolphs admit they signed a CR2A agreement and that Reed Hein & Associates, LLC, Makaymax, Inc., and Brandon Reed were parties to that agreement. The Adolphs deny that any negotiations regarding the CR2A agreement were "clandestine" or "secret." The Adophs are without sufficient knowledge or information to admit or deny any of the remaining allegations within paragraph 69 of the complaint and, therefore, deny.

**H.    The Setup and the Purported CR2A Agreement**

70.     The Adolphs admit that "Reed Hein and Mr. Reed claimed their settlement of the AG Suit left them without assets from which the claims of the Adolphs and the putative class members could be satisfied." The Adolphs deny the remaining allegations in paragraph 70 of the complaint.

71.     The Adolphs admit a mediation session took place on November 23, 2021 before Judge Laura Inveen. The Adolphs deny such a session was intended to "remedy" a problem with the *Adolph* suit. The Adolphs are without sufficient knowledge or information to admit or deny the remaining allegations within paragraph 71 of the complaint and, therefore, deny.

72.     The Adolphs admit they negotiated a settlement of *Adolph v. Reed Hein & Associates* on behalf of the certified class. The Adolphs deny the remaining allegations in paragraph 72 of the complaint.

73.     The Adolphs admit that Mr. Reed signed the CR2A Agreement on March 29, 2022. The Adolphs admit that appointed class counsel signed the CR2A Agreement on March 29, 2022. The Adolphs deny that Brian Adolph signed the CR2A Agreement on April 1, 2022. The Adolphs deny that Kerri Adolph signed the CR2A Agreement on April 1, 2022. The Adolphs deny that the CR2A Agreement was "finalized by mid-January 2022."

74.     The Adolph admit that a non-operative portion of the CR2A Agreement reads as quoted in paragraph 74 of the complaint. The Adolphs deny the remaining allegations in paragraph 74 of the complaint.

75.     The Adolphs admit that a non-operative portion of the CR2A agreement reads as quoted in paragraph 75 of the complaint. The Adolphs deny the remaining allegations in paragraph 75 of the complaint.

76.     The Adolphs admit that a non-operative portion of the CR2A agreement reads as quoted in paragraph 76 of the complaint. The Adolphs are without sufficient knowledge or information to admit or deny the remaining allegations within paragraph 76 of the complaint and, therefore, deny.

77.     The Adolphs admit that a non-operative portion of the CR2A agreement reads as quoted in paragraph 77 of the complaint. The remaining allegations in paragraph 77 call for a legal conclusion and no response is required. To the extent a response is required, the Adolphs deny the remaining allegations in paragraph 77 of the complaint.

78.    The Adolphs admit that the CR2A agreement in part reads as quoted in paragraph 78 of the complaint. The remaining allegations in paragraph 78 of the complaint call for a legal conclusion and no response is required. To the extent a response is required, the Adolphs deny the remaining allegations in paragraph 78 of the complaint.

79.    Admit.

80.    The Adolphs admit that the CR2A agreement required Reed Hein & Associates, LLC, Makaymax, Inc., and Brandon Reed to stipulate to theories of liability and damages set forth in the CR2A agreement and covenant judgment. On information and belief, the Adolphs deny that General Casualty had agreed to provide a defense to Reed Hein & Associates or Mr. Reed at the time the CR2A agreement was signed. The Adolphs are without sufficient knowledge or information to admit or deny the remaining allegations within paragraph 80 of the complaint and, therefore, deny.

81.    The Adolphs admit they filed an Unopposed Motion for Preliminary Approval of Class Action Settlement on December 5, 2022. The Adolphs' Unopposed Motion for Preliminary Approval of Class Action Settlement was granted on December 30, 2022, and the Adolphs therefore deny that their Unopposed Motion for Preliminary Approval of Class Action Settlement had not been approved at the time General Casualty filed its Complaint for Reformation and Declaratory Relief on May 16, 2023.

82.    Deny.

## V.    CAUSES OF ACTION
### COUNT I: REFORMATION

83.    The Adolphs incorporate by reference paragraphs 1 through 82 above as though set forth in full herein.

84.    The Adolphs are without sufficient knowledge or information to admit or deny the remaining allegations within paragraph 84 of the complaint and, therefore, deny.

85.    The Adolphs are without sufficient knowledge or information to admit or deny the remaining allegations within paragraph 85 of the complaint and, therefore, deny.

86.    The Adolphs are without sufficient knowledge or information to admit or deny the remaining allegations within paragraph 86 of the complaint and, therefore, deny.

87.    The Adolphs are without sufficient knowledge or information to admit or deny the remaining allegations within paragraph 87 of the complaint and, therefore, deny.

88.    Paragraph 88 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, the Adolphs are without sufficient knowledge or information to admit or deny the remaining allegations within paragraph 88 of the complaint and, therefore, deny.

89.    Paragraph 89 of the complaint calls for a legal conclusion and no response is required.

**COUNT II: DECLARATION OF NO DUTY TO DEFEND OR INDEMNIFY**

90.    The Adolphs incorporate by reference paragraphs 1 through 89 above as though set forth in full herein.

91.    Paragraph 91 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

92.    Admit.

93.    Admit.

94.    Paragraph 94 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

95.    Paragraph 95 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

96.    Paragraph 96 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

97.   Admit.

98.   Admit.

99.   Paragraph 99 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

100.   Paragraph 100 of the complaint is improper and does not contain a simple, concise, or direct allegation. The Adolphs can neither admit nor deny it as written. To the extent the Adolphs can admit or deny the allegation in paragraph 100 of the complaint, the Adolphs are without sufficient knowledge or information to admit or deny the allegations in paragraph 100 of the complaint and, therefore, deny.

101.   Paragraph 101 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

102.   Paragraph 102 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

## COUNT III: DECLARATION OF NO DUTY TO DEFEND OR INDEMNIFY

103.   The Adolphs incorporate by reference paragraphs 1 through 102 above as though set forth in full herein.

104.   Admit.

105.   Admit.

106.   Paragraph 106 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

107.   Paragraph 107 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

108.   Paragraph 108 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

109.    Paragraph 109 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

110.    The first sentence of paragraph 110 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required to that sentence, deny. The Adolphs admit the second sentence of paragraph 110 of the complaint.

111.    Paragraph 111 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

112.    Paragraph 112 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

113.    Paragraph 113 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

114.    Paragraph 114 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

**COUNT IV: DECLARATION THAT THE PURPORTED CR2A AGREEMENT DOES NOT APPLY TO GENERAL CASUALTY AND/OR IS UNENFORCEABLE IN ITS ENTIRETY**

115.    The Adolphs incorporate by reference paragraphs 1 through 114 above as though set forth in full herein.

116.    Deny.

117.    Deny.

118.    Deny.

119.    Deny.

120.    Paragraph 120 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

121. Deny. The Adolphs further specifically deny that the quoted portion of the CR2A agreement is a condition subsequent which voids any portion of the CR2A agreement and specifically deny so in regards to the assigned claims against General Casualty and non-parties.

122. Paragraph 122 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

## COUNT V: DECLARATION OF NO COVERED DAMAGES

123. The Adolphs incorporate by reference paragraphs 1 through 122 above as though set forth in full herein.

124. Deny.

125. Paragraph 125 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

126. Paragraph 126 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

127. Paragraph 127 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

## COUNT VI: BREACH OF COOPERATION CLAUSE, NO VOLUNTARY PAYMENT PROVISION, AND TRANSFER OF RIGHTS PROVISION

128. The Adolphs incorporate by reference paragraphs 1 through 127 above as though set forth in full herein.

129. The Adolphs are without sufficient knowledge or information to admit or deny the remaining allegations within paragraph 129 of the complaint and, therefore, deny.

130. Admit.

131. The Adolphs admit they filed *Adolph v. Reed Hein & Associates* on October 9, 2021. The Adolphs are without sufficient knowledge or information to admit or deny the remaining allegations within paragraph 131 of the complaint and, therefore, deny.

132.    Deny.

133.    The Adolphs admit they participated in an arms-length mediation on November 23, 2021. The Adolphs deny the remaining allegations in paragraph 133 of the complaint.

134.    Admit.

135.    Deny.

136.    Paragraph 136 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

137.    Deny.

138.    Deny.

139.    The Adolphs admit that paragraph 11 of the CR2A agreement includes standard language preventing Brandon Reed, Reed Hein, and their attorneys from informing persons about the assignment of rights contained within the CR2A agreement. The Adolphs deny the remaining allegations in paragraph 139 of the complaint.

140.    Deny.

141.    Deny.

142.    Paragraph 142 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

143.    Paragraph 143 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

144.    Paragraph 144 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

145.    Paragraph 145 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

146.    Paragraph 146 of the complaint calls for a legal conclusion and no response is required. To the extent a response is required, deny.

## VI.  COUNTERCLAIM AND THRID PARTY CLAIM INTRODUCTION

147.    General Casualty owes a duty to defend their insureds where a claim against an insured conceivably triggers coverage under an insurance policy. The duty to defend exists wherever there is a conceivable reading of a General Casualty policy which covers the allegations. The defense offered pursuant to an insurance contract is one of the primary benefits of the contract and is often as valuable or more valuable to an insured than indemnification.

148.    General Casualty owed Reed Hein & Associates a duty to defend regarding the complaint in the *Adolph* case because, as a result of the acts of General Casualty or its agents, the relevant 2021-2022 insurance policy included coverage for personal or advertising injuries and the *Adolph* complaint conceivably alleged personal or advertising injuries. The 2021-2022 policy documents were drafted, prepared, and executed by General Casualty or its agents.

149.    Reed Hein & Associates tendered Brian and Kerri Adolph's Complaint to General Casualty, but it did not offer Reed Hein & Associates a defense. Instead, it ignored its duty to respond to Reed Hein & Associates, tacitly denying them a defense. General Casualty ignored the tender for eleven months, forcing Reed Hein & Associates to arrive at a settlement agreement in the interim.

150.    In unilaterally deciding to not participate in Reed Hein & Associates defense against the *Adolph* lawsuit and unreasonably delaying communicating its coverage decision, General Casualty breached its duty to defend and other contractual duties owed to Reed Hein & Associates under the 2021-2022 policy.

151.    General Casualty's breaches occurred prior to March 29, 2022, the date on which Reed Hein & Associates, bereft of the benefits of its contract with General Casualty, executed a CR2A Settlement Agreement in the *Adolph* case. Any alleged breach by Reed Hein & Associates of its contractual duty to communicate thus occurred *after* General Casualty breached its duties and left Reed Hein & Associates without the defense and other benefits promised by the 2021-2022 policy.

## VII.  PARTIES

152.    On information and belief, third party defendant RSUI Group, Inc. is an insurance company holding entity organized under the laws of the State of Georgia with its principal place of business located in Atlanta, Georgia. On information and belief, third party defendant RSUI Indemnity Company, Inc. is a corporation organized under the laws of New Hampshire with its principal place of business in Atlanta, Georgia.  RSUI Group, Inc. is the parent company of and wholly owns RSUI Indemnity Company, Inc. All acts and conduct of RSUI Indemnity Company, Inc. were by and on behalf of its parent company, RSUI Group, Inc. Third party plaintiffs hereafter refer to the two RSUI entities as "RSUI."

153.    Third party plaintiffs Brian and Kerri Adolph are residents of and domiciled in North Carolina. The Adolphs are the assignee of claims of Reed Hein, Brandon Reed, and Makaymax, Inc., as more fully described below.

154.    RSUI insured Reed Hein, Brandon Reed, and/or Makaymax, Inc.  On information and belief, Brandon Reed is a citizen of and domiciled in Washington; Reed Hein is a Washington limited liability company with its principal place of business in King County, Washington; and Makaymax is a Washington corporation.

155.    The matter in controversy in each of the Adolphs' claims against RSUI exceed the sum or value of $75,000, exclusive of interest and costs.

156.    Jurisdiction over the Adolph's third-party claims is proper under 28 U.S.C. § 1332(a)(1) and 1332(c)(1)(A).

157.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in this district, Third Part Defendants conduct business in this district, and they are subject to personal jurisdiction in this district.

158.    Pursuant to the Federal Declaratory judgment Act, 28 U.S.C. § 2201(a), this Court has the power to declare all rights, duties, and obligations under an insurance policy, whether or not further relief is or could be sought.

159.    An actual and justiciable controversy exists between the Adolphs, as assignees of the claims and policy rights of RSUI's insureds, on the one hand, and RSUI and the other hand, regarding whether (1) insurance policies issued by RSUI ("RSUI Policies") provided coverage of claims asserted by the Adolphs against RSUI's insureds and (2) whether RSUI breached the RSUI Policies by failing to accept its insureds' tender of defense and indemnification of those claims under the policies.

## VIII.  COUNTERCLAIM STATEMENT OF FACTS

160.    General Casualty insured Reed Hein & Associates and Brandon Reed under a policy in effect from May 16, 2021 through May 16, 2022 ("2021-2022 policy"). The policy was commercial general liability policies. As written, the 2021-2022 policy *does not* exclude "personal and advertising injuries."

161.    On October 9, 2021, the Adolphs filed *Adolph v. Reed Hein & Associates* against Reed Hein & Associates, Brandon Reed, and Makaymax, Inc., their co-defendants in this matter.

162.    Reed Hein & Associates and Mr. Reed tendered the *Adolph* complaint to their insurers, including General Casualty.

163.    Reed Hein & Associates and Mr. Reed properly tendered the *Adolph* complaint to General Casualty in mid-October, 2021.

164.    On October 19, 2021, General Casualty acknowledged receipt of the *Adolph* complaint. In acknowledging receipt, General Casualty informed Reed Hein & Associates that it would "be back in touch as soon as we have an answer on whether coverage will apply." General Casualty did not respond to the tender.

165.    On information and belief, between October 19, 2021 and November 30, 2021, General Casualty did not contact Reed Hein & Associates to discuss the *Adolph* complaint, coverage related to it, or any other matter to help inform its coverage decision.

166.    On December 1, 2021, Reed Hein & Associates counsel held a phone conference with General Casualty senior claims technical specialist Kimberly Kotson, who handles claims for Reed Hein & Associates. Reed Hein & Associates reminded General Casualty that Reed Hein & Associates had been sued by Brian and Kerri Adolph and that the Complaint thereto had been tendered in October. Reed Hein & Associates also reminded General Casualty that counsel for Brian and Kerri Adolph had sued Reed Hein twice before, had filed greater than forty arbitrations against Reed Hein & Associates, and had prevailed in thirteen out of fourteen contested arbitrations after evidentiary hearings.

167.    On December 1, 2021, Reed Hein & Associates again tendered the *Adolph* complaint to General Casualty, this time through Reed Hein & Associates' insurance broker, Brown & Brown. Reed Hein & Associates also tendered thirteen arbitration awards and "numerous" demands for arbitration. General Casualty did not respond to the re-tendering.

168.    On December 9, 2021, Reed Hein & Associates contacted General Casualty via email to inquire about why it had not responded to the December 1, 2021 tenders. General Casualty stated it was still "reviewing coverage."

169.    Between December 9, 2021 and August 30, 2022, General Casualty did not respond in any way, tacitly denying a defense or coverage. General casualty did not contact Reed Hein & Associates to discuss the *Adolph* complaint, coverage related to it, or any other matter to inform its coverage or defense decisions.

170.    During the period of General Casualty's unexplained silence and elongated coverage review, the Defendants in the *Adolph* matter were forced to negotiate and agree upon a CR2A settlement to protect their remaining assets. The settlement was the result of arms-length negotiations.

171.    As part of the settlement agreement, Reed Hein & Associates agreed to entry of a stipulated judgment against it in exchange for an assignment of its rights under its insurance policies, its claims against its insurers, and a covenant not to execute the judgment against it.

172.    General Casualty did not provide Reed Hein & Associates with a defense during the CR2A negotiations. As described in its complaint in this matter (Dkt. 1 at ¶ 61), General Casualty did not provide a defense because it unilaterally decided, without discussing the matter with Reed Hein & Associates, that its participation was unnecessary.

173.    On information and belief, Reed Hein & Associates defended the *Adolph* lawsuit using its own funds to the extent it was able to do so.

174.    On April 12, 2022, the Defendants in this suit fully executed a CR2A agreement.

175.    On September 22, 2022, General Casualty sent Reed Hein & Associates a reservation of rights letter ("ROR"). The ROR does not include any information discovered from any investigation of the facts or circumstances of the *Adolph* lawsuit. Rather, the ROR relies exclusively and entirely on the face of the complaint and insurance policies written and issued by General Casualty.

176.    The ROR describes a conceivable reading of the 2021-2022 General Casualty policy under which coverage was available to Reed Hein & Associates for the claims in the *Adolph* lawsuit.

177.    On October 25, 2022, United States Court for the Western District of Washington certified the class in the *Adolph* lawsuit.

178.    On December 30, 2022, United States Court for the Western District of Washington granted preliminary approval of the settlement executed by the parties to the *Adolph* lawsuit on April 12, 2022. In granting preliminary approval, the United States Court for the Western District of Washington explicitly found that the settlement "was entered into after extensive arm's length negotiations by experienced counsel."

179.    On May 16, 2023, the United States Court for the Western District of Washington held a fairness hearing regarding the settlement of the *Adolph* lawsuit.

180.    On May 19, 2023, the United States Court for the Western District of Washington granted final approval of the settlement in the *Adolph* lawsuit. In granting final approval, the United States Court for the Western District of Washington expressly found that the settlement agreement "was entered into after extensive arm's length negotiation by experienced counsel" and explicitly found that the agreement "was not the product of collusion among the negotiating parties."

181.    Pursuant to the settlement, that same day the United States Court for the Western District of Washington entered the stipulated judgment.

182.    Pursuant to RCW 48.30.015(8)(a), Counterclaim Plaintiff sent written notice of an Insurance Fair Conduct Act claim to Counterclaim Defendant and the Office of the Insurance Commissioner of Washington State at least 20 days prior to the date of these counterclaims.

## IX.    THIRD PARTY CLAIM STATEMENT OF FACTS

182.    The Adolphs incorporate by reference counterclaim paragraphs 1 through 32 above as though set forth in full herein.

183.    RSUI insured Reed Hein under the following relevant RSUI Policies:

(a)    Policy No. NPP693379, a "management liability" policy providing coverage from May 16, 2020, to May 16, 2021 (the "2020 RSUI Policy"); and

(b)    Policy No. NHP687052, a "management liability" policy providing coverage from May 16, 2021 to May 16, 2022 (the "2021 RSUI Policy").

184.    On or about August 19, 2021, Reed Hein tendered two class action complaints, the *Siegrist* and *Isaacs* actions, to RSUI.

185.    On or about September 15, 2021, RSUI denied coverage of those actions under the RSUI Policies.

186.    On information and belief, RSUI did not deny coverage of those actions on the basis that their coverage grants did not encompass the claims in those actions.

187.    Rather, RSUI denied coverage on the basis that (1) its insureds failed to timely report those actions to RSUI under the policies' notice provisions and (2) a "prior acts" exclusion applied.

188.    The Adolphs filed the *Adolph* complaint on October 9, 2021.

189.    On or about January 4, 2022, within a month of its tender by Reed Hein to RSUI, RSUI denied coverage of the claims in the *Adolph* complaint.

190.    RSUI admitted that the *Adolph*, *Siegrist*, and *Isaccs* actions constituted a "single claim" under the RSUI Policies.

191.    Beyond that admission, RSUI provided no analysis supporting its coverage denial other than referencing its previous letter denying coverage of the *Siegrist* and *Isaacs* actions.

192.    Contrary to RSUI's coverage denial, the RSUI Policies contained the following provision:

> **SECTION V. – CONDITIONS**
> * * *
> **B.    Limit of Liability; Retention; Payment of Loss**
> * * *
> **4.**    All **Claims** based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the same or related facts, circumstances, situations, transactions or events, or the same or related series of facts, circumstances, situations, transactions or events, shall be deemed to be a single **Claim** for all purposes under this policy, shall be subject to the Retention stated in Item 3. of the Declarations Page for each applicable **Coverage Section**, or other applicable Retention, and shall be deemed first made when the earliest of such **Claims** is first made, regardless of whether such date is before or during the **Policy Period**.

193.    In turn, the RSUI Policies contained the following reporting requirements:

ADOLPHS' ANSWER,
COUNTERCLAIMS, AND THIRD-
PARTY CLAIMS – 21
2:23-cv-00725-TMC

**Notice of Claim or Circumstance**

1.  If, during the **Policy Period** or Extended Reporting Period (if applicable), any **Claim** is first made, it shall be, a condition precedent to the **Insurer's** obligation to pay, that the **Insured** give written notice of such **Claim** to the **Insurer** as soon as practicable after the **Insured's** <u>Chief Executive Officer, Chief Financial Officer, General Counsel, Risk Manager or Human Resources Director</u> first becomes aware of the **Claim**, but in no event shall such notice be given later than <u>sixty</u> (<u>60</u>) days after the expiration or earlier cancellation date of this Policy.

2.  If, during the **Policy Period** or Extended Reporting Period (if applicable), any **Insured** first becomes aware of any facts or circumstances which may reasonably be expected to give rise to a **Claim** against any **Insured** for any **Claim** made against the **Insured** for any **Wrongful Act** occurring prior to the end of the **Policy Period**, and as soon as practicable thereafter, but before the expiration date or any earlier cancellation date of this policy, gives to the **Insurer** written notice, of such facts or circumstances along with the full particulars described below, then any **Claim** subsequently made against any **Insured** arising out of such facts or circumstances will be deemed first made during the **Policy Period**. The written notice shall include, at a minimum:

    a.  The names or identity of the potential claimants and a detailed description of the specific alleged **Wrongful Act**; and

    b.  The circumstances by which the **Insured** first became aware of the specific alleged **Wrongful Act**.

Further, if any **Claim** first made after the **Policy Period** expires is nonetheless deemed to be made during the **Policy Period** pursuant to Section V.B.4, then it is a condition precedent to coverage for such **Claim** that the **Insured** report it to the **Insurer** a soon as practicable.

All other terms and conditions of this policy remain unchanged

194.    Under these policy provisions, *Adolph*, *Siegrist*, and *Isaacs* constituted a "single claim" made against Reed Hein in April 2021.

195. Because *Adolph* was a "Claim first made after the Policy Period expires [that is] deemed to be made" during the 2020 RSUI Policy period, the 2020 RSUI Policy provided coverage if Reed Hein reported the claim "as soon as practicable."

196. RSUI denied coverage of the *Adolph* action within three months of its filing.

197. Reed Hein provided reasonably timely notice of the *Adolph* action to RSUI.

198. RSUI was not prejudiced by the timing of Reed Hein's notice of the *Adolph* action to it.

199. In the alternative, to any extent that *Adolph, Siegrist*, and *Isaacs* actions did not constitute a 'single claim" under the RSUI Policies, *Adolph* was a claim first made against reed Hein during the 2021 RSUI Policy period.

200. Because Reed Hein reported the *Adolph* action to RSUI during the 2021 RSUI Policy period, that policy provided coverage.

201. Similarly, the RSUI Policies' "prior acts" exclusion provided:

> The following is added to SECTION IV. – EXCLUSIONS, of the Common Policy Terms and Conditions Coverage Section:

> The **Insurer** shall not be liable to make any payment for **Loss** in connection with any **Claim** made against any **Insured** that alleges, arises out of, is based upon or attributable to, directly or indirectly, in whole or in part, any actual or alleged **Wrongful Acts** which first occurred prior to May 1, 2018.

202. The *Adolph* complaint encompassed Reed Hein's liability for thousands of individualized claims arising from its post-May 18, 2021 transactions with and conduct toward the Adolphs and putative class members.

203. The "prior acts" exclusion was inapplicable to these claims. The RSUI Policies provided coverage for the claims asserted against its insureds in *Adolph*.

204. RSUI did not defend Reed Hein & Associates during the *Adolph* lawsuit or its settlement.

205. As discussed above, Reed Hein & Associates were forced to negotiate a settlement of the *Adolph* action that included entry of a stipulated judgment against it.

206. Pursuant to RCW 48.30.015(8)(a), Third Party Plaintiff sent written notice of an Insurance Fair Conduct Act claim to Third Party Defendant and the Office of the Insurance Commissioner of Washington State at least 20 days prior to the date of these third-party claims.

## X.    COUNTERCLAIM AND THIRD PARTY CAUSES OF ACTION
## COUNTERCLAIM COUNT I: DECLARATION OF DUTY TO DEFEND

207. The Adolphs incorporate by reference all paragraphs above and below.

208. General Casualty insured Reed Hein & Associates under the 2021-2022 policy at the time the *Adolph* lawsuit was filed and tendered.

209. There is a reading of the 2021-2022 policy under which coverage was conceivably available to Reed Hein & Associates for the claims in the *Adolph* lawsuit because the policy as written *does not* exclude personal and advertising injuries.

210. Insurers owe a duty to defend where a policy conceivably covers claims. The duty to defend is triggered where there is arguably coverage.

211. General Casualty owed Reed Hein & Associates a duty to defend the company in the *Adolph* lawsuit.

## COUNTERCLAIM COUNT II: BREACH OF CONTRACT

212. The Adolphs incorporate by references all paragraphs above and below.

213. General Casualty's actions as described herein are in violation of the express or implied terms of its insurance contracts with Reed Hein & Associates (including the implied duty of good faith and fair dealing inherent in every contract) and/or the reasonable expectations of an insured causing injuries and damages.

1

**COUNTERCLAIM COUNT III: INSURANCE BAD FAITH**

2     214.    The Adolphs incorporate by reference all paragraphs above and below.

3     215.    General Casualty owed Reed Hein & Associates a duty to defend under the policy

4  issued by General Casualty.

5     216.    General Casualty owed Reed Hein & Associates a duty to act in good faith.

6     217.    General Casualty failed to act in good faith by, among other acts, unreasonably

7  delaying its coverage review, failing to provide Reed Hein & Associates with a timely defense,

8  unilaterally determining that its participation in Reed Hein & Associate defense in the underlying

9  case was unnecessary, and basing its unilateral determination on information extrinsic and

10  contrary to the plain language of the applicable insurance policies.

11     218.    Reed Hein & Associates was damaged.

12     219.    Reed Hein & Associates damages were proximately caused by General Casualty's

13  failure to act in good faith and its breaches of duties owed to Reed Hein & Associates.

14

15

**COUNTERCLAIM COUNT IV: BREACH OF STATUTORY AND REGULATORY**

16

**DUTIES**

17     220.    The Adolphs incorporate by reference all paragraphs above and below.

18     221.    General Casualty's actions as described herein breached insurance regulations set

19  forth as WAC 284-30, including but not limited to WAC 284-30-330(2), 330(3), 330(4),

20  330(5), 330(13), 370, 380(1), and 380(3), as well as other statutory laws or regulations

21  pertaining to insurance, causing injuries and damages.

22

23

**COUNTERCLAIM COUNT V: VIOLATION OF THE INSURANCE FAIR CONDUCT**

24

**ACT ("IFCA")**

25     222.    The Adolphs incorporate by reference all paragraphs above and below.

26

27

223.    General Casualty's unreasonable violations of WAC 284-30-330(2), 330(3), 330(5), 330(13), 370, 380(1), and 380(3) violated IFCA, causing injuries and damages and entitling the Adolphs, as assignees of Reed Hein's claims, to damages, treble damages, attorney fees and costs, and other relief as provided by IFCA.

**COUNTERCLAIM COUNT VI: VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT ("CPA")**

224.    The Adolphs incorporate by reference all paragraphs above and below.

225.    General Casualty's actions as described herein are in violation of the Consumer Protection Act (CPA), RCW 19.86 et seq., in that they were unfair or deceptive practices occurring in trade or commerce, affecting the public interest, and causing injury, harm, and/or damages to its insureds' business or property, and entitling the Adolphs, as assignees of General Casualty's insureds, to damages, treble damages, attorney fees and costs, and injunctive and other relief as provided by statute.

**COUNTERCLAIM COUNT VII: NEGLIGENCE**

226.    The Adolphs incorporate by reference all paragraphs above and below.

227.    General Casualty's actions as described herein were negligent and in violation of their duties of care to its insureds and caused their injuries and damages, entitling the Adolphs as their assignees to damages.

**THIRD PARTY CLAIM COUNT I: DECLARATION OF DUTY TO DEFEND**

228.    The Adolphs incorporate by reference all paragraphs above and below.

229.    RSUI insured Reed Hein under the RSUI Policies at the time the *Adolph* action was filed and tendered.

230.    There were readings under the RSUI Policies under which coverage was conceivably available to Reed Hein & Associates for the claims in the *Adolph* action because they constituted a "single claim" with the *Siegrist* and *Isaacs* actions, were timely reported to RSUI, and were not subject to the prior acts exclusion.  Alternatively, the *Adolph* claims were first made and reported during the 2021 RSUI Policy period and were not subject to the prior acts exclusion.

231.    Insurers owe a duty to defend where a policy conceivably covers claims. The duty to defend is triggered where there is arguably coverage.

232.    RSUI owed Reed Hein & Associates a duty to defend the company in the Adolph lawsuit.

## THIRD PARTY CLAIM COUNT II: BREACH OF CONTRACT

233.    The Adolphs incorporate by references all paragraphs above and below.

234.    RSUI's actions as described herein are in violation of the express or implied terms of its insurance contracts with Reed Hein & Associates (including the implied duty of good faith and fair dealing inherent in every contract) and/or the reasonable expectations of an insured causing injuries and damages.

## THIRD PARTY CLAIM COUNT III: INSURANCE BAD FAITH

235.    The Adolphs incorporate by reference all paragraphs above and below.

236.    RSUI owed Reed Hein & Associates a duty to defend under the policy issued by General Casualty.

237.    RSUI owed Reed Hein & Associates a duty to act in good faith.

238.    RSUI failed to act in good faith by, among other acts, failing to reasonably investigate the claims against Reed Hein & Associates, failing to reasonably investigate coverage of those claims, and failing to provide Reed Hein & Associates with a timely defense.

239.    Reed Hein & Associates was damaged.

240.    Reed Hein & Associates damages were proximately caused by General Casualty's failure to act in good faith and its breaches of duties owed to Reed Hein & Associates.

## THIRD PATY CLAIM COUNT IV: BREACH OF STATUTORY AND REGULATORY DUTIES

241.    The Adolphs incorporate by reference all paragraphs above and below.

242.    RSUI's actions as described herein breached insurance regulations set forth as WAC 284-30, including but not limited to WAC 284-30-330(4), 330(13), 350(1), 350(2), 380(1), and 380(3), as well as other statutory laws or regulations pertaining to insurance, causing injuries and damages.

## THIRD PARTY CLAIM COUNT V: VIOLATION OF THE INSURANCE FAIR CONDUCT ACT ("IFCA")

243.    The Adolphs incorporate by reference all paragraphs above and below.

244.    RSUI's unreasonable violations of WAC 284-30-330(4), 330(13), 350(1), 350(2), 380(1), and 380(3) violated IFCA, causing injuries and damages and entitling the Adolphs, as assignees of Reed Hein's claims, to damages, treble damages, attorney fees and costs, and other relief as provided by IFCA.

## THIRD PARTY CLAIM COUNT VI: VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT ("CPA")

245.    The Adolphs incorporate by reference all paragraphs above and below.

246.    RSUI's actions as described herein are in violation of the Consumer Protection Act (CPA), RCW 19.86 et seq., in that they were unfair or deceptive practices occurring in trade or commerce, affecting the public interest, and causing injury, harm, and/or damages to its insureds'

business or property, and entitling the Adolphs, as assignees of RSUI's insureds, to damages, treble damages, attorney fees and costs, and injunctive and other relief as provided by statute.

### THIRD PARTY CLAIM COUNT VII: NEGLIGENCE

247.    The Adolphs incorporate by reference all paragraphs above and below.

248.    General Casualty's actions as described herein were negligent and in violation of their duties of care to its insureds and caused their injuries and damages, entitling the Adolphs as their assignees to damages.

### XI.    PRAYER FOR RELIEF

WHEREFORE, Defendants Brian and Kerri Adolph respectfully request:

248.    Dismissal of all counts against Defendants;

249.    Judgment in favor of the Adolphs as Counterclaim Plaintiffs and finding that General Casualty owed Reed Hein & Associates a duty to defend the claims against them in the *Adolph* action;

250.    A judicial declaration in favor of the Adolphs as Third Party Plaintiffs that RSUI owed Reed Hein a duty to defend the claims against them in the *Adolph* action;

251.    Judgment in favor of the Adolphs on all counterclaims;

252.    Judgment in favor of the Adolphs on all Third Party Claims;

253.    Counterclaim and Third Party Claim damages in the amount of $630,187,204.00 and additional amounts to be determined by a jury;

254.    Treble damages under IFCA and the CPA;

255.    All costs, attorneys' fees, and disbursements;

256.    All other costs and fees as permitted by law; and

257.    Any other and further relief that this Court may deem just and proper.

1    DATED this 29th Day of April, 2024.

2

3

4

5

6    Gregory Albert, WSBA No. 42673
     Albert Law PLLC
7    3131 Western Ave, Ste 410
     Seattle, WA 98121
8    greg@albertlawpllc.com
     (206) 576-8044
9    *Attorney for Plaintiffs*

10

11

12    Tallman H. Trask, WSBA No. 60280
      Albert Law PLLC
13    3131 Western Ave, Ste 410
      Seattle, WA 98121
14    tallman@albertlawpllc.com
      (206) 576-8044
15    *Attorney for Plaintiffs*

16

17

18

19

20

21

22

23

24

25

26

27

ADOLPHS' ANSWER,
COUNTERCLAIMS, AND THIRD-
PARTY CLAIMS – 30
2:23-cv-00725-TMC