1

2

3

4

5
                                                    Honorable Tiffany M. Cartright
6
                        UNITED STATES DISTRICT COURT
7                        WESTERN DISTRICT OF WASHINGTON
                                    AT SEATTLE
8

9  GENERAL CASUALTY COMPANY OF
   WISCONSIN, a Wisconsin corporation,          No. 2:23-cv-00725-TMC
10
                Plaintiff/Counterclaim Defendant,   **GENERAL CASUALTY COMPANY**
11                                                  **OF WISCONSIN'S RESPONSE AND**
        v.                                          **AFFIRMATIVE DEFENSES TO**
12                                                  **DEFENDANTS BRIAN AND KERRI**
   REED HEIN & ASSOCIATES, LLC d/b/a                **ADOLPH'S COUNTERCLAIM TO**
13 TIMESHARE EXIT TEAM, a Washington               **COMPLAINT AND THIRD-PARTY**
   limited liability company; MAKAYMAX, INC.,      **CLAIM**
14 a Washington corporation; BRANDON REED,
   individually, BRIAN and KERRI ADOLPH, a
15 married couple,

16                Defendants.

17
   ─────────────────────────────────────
18 BRIAN and KERRI ADOLPH, a married couple,

19                Counterclaim and Third-Party
                     Plaintiffs,
20
        v.
21
   RSUI GROUP, INC., a Georgia corporation; and
22 RSUI INDEMNITY COMPANY, INC., a New
   Hampshire corporation,
23
                Third-Party Defendants.
24

25

26

General Casualty Company of Wisconsin's Response and
Affirmative Defenses to Defendants Brian and Kerri Adolph's
Counterclaim to Complaint and Third-Party Claim - 1
Case No. 2:23-cv-00725-TMC

4901-8156-0188, v. 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

Plaintiff/Counterclaim Defendant General Casualty Company of Wisconsin ("General Casualty"), by and through its undersigned attorneys hereby answer and respond to Defendants Brian and Kerri Adolph's Counterclaim and Third-Party Complaint as follows:

## VI.     COUNTERCLAIM AND THIRD-PARTY CLAIM INTRODUCTION

147.     The allegations in Paragraph 147 consist of legal conclusions and alleged propositions regarding Washington law, requiring no response from General Casualty. To the extent a response is required, General Casualty admits only those allegations that are consistent with actual statements in Washington law as applicable to the full context here, and General Casualty specifically denies all such allegations that are not as stated in Washington law. General Casualty further admits only that in the context of its policies issued in this matter, the duty to defend applies only to a "suit" seeking damages to which their insurance coverages apply. General Casualty denies any remaining allegations in Paragraph 147.

148.     The allegations in Paragraph 148 contain legal conclusions to which no response is required from General Casualty. To the extent a response is required, General Casualty denies the first sentence of Paragraph 148, and lacks sufficient knowledge and information to either admit or deny the allegations in the second sentence of Paragraph 148, and therefore denies the same.

149.     In response to Paragraph 149 of the Adolphs' Counterclaim and Third-Party Complaint, General Casualty admits Reed Hein & Associates (also referenced below as "Reed Hein") tendered Brian and Kerri Adolph's Complaint to General Casualty. General Casualty denies the remaining allegations in Paragraph 149.

150.     Paragraph 150 consists of legal conclusions, requiring no response from General Casualty. However, to the extent a response is required, General Casualty denies any allegation that it breached any contractual duty owed to Reed Hein & Associates, including the duty to defend under the 2021-2022 policy. General Casualty denies any remaining allegations in Paragraph 150.

General Casualty Company of Wisconsin's Response and
Affirmative Defenses to Defendants Brian and Kerri Adolph's
Counterclaim to Complaint and Third-Party Claim - 2
Case No. 2:23-cv-00725-TMC

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

1      151.    Paragraph 151 contains legal conclusions, requiring no response from General
2 Casualty. To the extent a response is required, General Casualty denies any allegation that it
3 breached any contractual duties owed to Reed Hein & Associates. General Casualty denies any
4 remaining allegations in Paragraph 151.

## VII.    PARTIES

152.    Paragraph 152 of the Adolphs' Counterclaim and Third-Party Claim is not
directed at General Casualty, requiring no response from it. To the extent a response is required,
General Casualty lacks sufficient knowledge and information to either admit or deny the
allegations in Paragraph 152, and therefore denies the same.

153.    General Casualty lacks sufficient knowledge and information to either admit or
deny the allegations in Paragraph 153, and therefore denies the same.

154.–159.      Paragraphs 154–159 of the Adolphs' Counterclaim and Third-Party
Claim are not directed at General Casualty, requiring no response from it. To the extent a
response is required, General Casualty lacks sufficient knowledge and information to either
admit or deny the allegations in Paragraphs 154 –159, and therefore denies the same.

## VIII.    COUNTERCLAIM STATEMENT OF FACTS

160.    General Casualty denies that the 2021-2022 Policy does not exclude "personal
and advertising injuries." General Casualty admits the remaining allegations in Paragraph 160
of the Adolphs' Counterclaim.

161.    In response to Paragraph 161, General Casualty admits upon information and
belief.

162.    In response to Paragraph 162, General Casualty admits that Reed Hein tendered
the *Adolph* lawsuit to it. Whether Reed Hein and/or Brandon Reed tendered that lawsuit to other
insurers is an allegation not directed to General Casualty, and General Casualty therefore denies
the remainder of Paragraph 162.

163.    Admit.

General Casualty Company of Wisconsin's Response and
Affirmative Defenses to Defendants Brian and Kerri Adolph's
Counterclaim to Complaint and Third-Party Claim - 3
Case No. 2:23-cv-00725-TMC

4901-8156-0188, v. 1

164.     In response to Paragraph 164 of the Adolphs' Counterclaim, General Casualty denies that it did not respond to Reed Hein & Associates' tender of the *Adolph* Complaint. General Casualty admits it communicated to Reed Hein regarding the tender in an email dated October 19, 2021, which is a document that speaks for itself. General Casualty denies any remaining allegations in Paragraph 164 of the Adolphs' Counterclaim.

165.     General Casualty lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 165, and therefore denies the same.

166.     General Casualty lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 166, and therefore denies the same.

167.     General Casualty lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 167, and therefore denies the same.

168.     In response to Paragraph 168 of the Adolphs' Counterclaim, General Casualty admits that on December 9, 2021, it was investigating coverage, and further admits only that the email dated December 9, 2021, speaks for itself.

169.     Denied.

170.     In response to Paragraph 170 of the Adolphs' Counterclaim, General Casualty lacks sufficient information and knowledge to admit or deny the allegations, and therefore denies the same.

171.     In response to Paragraph 171 of the Adolphs' Counterclaim, General Casualty responds that the CR2A Stipulation and Settlement Agreement to which Reed Hein & Associates agreed, speaks for itself. General Casualty lacks sufficient information and knowledge to admit or deny the remaining allegations in Paragraph 171, and therefore denies the same.

172.     In response to Paragraph 172 of the Adolphs' Counterclaim, General Casualty generally admits the first sentence, with the exception that General Casualty specifically denies that it did not fund Reed Hein & Associates defense costs from the CR2A negotiations' time period. Regarding the second sentence, General Casualty admits only that Paragraph 61 of the

General Casualty Company of Wisconsin's Response and
Affirmative Defenses to Defendants Brian and Kerri Adolph's
Counterclaim to Complaint and Third-Party Claim - 4
Case No. 2:23-cv-00725-TMC

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

4901-8156-0188, v. 1

Complaint (Dkt. 1), which is incorporated herein by this reference, speaks for itself. General Casualty denies the remainder of the allegations in Paragraph 172.

173.    General Casualty denies the allegations in Paragraph 173 of the Adolphs' Counterclaim.

174.    In response to Paragraph 174 of the Adolphs' Counterclaim, General Casualty admits only that Defendants executed a CR2A agreement, but denies the remaining allegations.

175.    In response to Paragraph 175, General Casualty admits only that it issued a letter to Reed Hein & Associates on September 22, 2022, which speaks for itself. General Casualty denies the Adolphs' definition of that letter to the extent that definition is inconsistent with the actual contents of that letter. General Casualty denies the remaining allegations in Paragraph 175 of the Adolphs' Counterclaim.

176.    In response to Paragraph 176, General Casualty admits only that it issued a letter to Reed Hein & Associates on September 22, 2022, which speaks for itself. General Casualty denies the Adolphs' definition of that letter to the extent that definition is inconsistent with the actual contents of that letter. General Casualty denies the remaining allegations in Paragraph 176 of the Adolphs' Counterclaim.

177.    On information and belief, General Casualty admits the allegations in Paragraph 177 of the Adolphs' Counterclaim.

178.    In response to Paragraph 178, General Casualty admits that the United States District Court for the Western District of Washington's Order Granting Preliminary Approval of Class Settlement speaks for itself. General Casualty denies any remaining allegations in Paragraph 178.

179.    In response to Paragraph 179 of the Adolphs' Counterclaim, and on information and belief, General Casualty admits that the United States District Court for the Western District of Washington held a class action settlement "fairness hearing" pursuant to Fed. R. Civ. P. 23 on May 16, 2023.

General Casualty Company of Wisconsin's Response and
Affirmative Defenses to Defendants Brian and Kerri Adolph's
Counterclaim to Complaint and Third-Party Claim - 5
Case No. 2:23-cv-00725-TMC

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

4901-8156-0188, v. 1

1    180.    In response to Paragraph 180 of the Adolphs' Counterclaim, and on information

2    and belief, General Casualty admits only that the United States District Court for the Western

3    District of Washington granted approval of the class action settlement pursuant to Fed. R. Civ.

4    P. 23 in the *Adolph* lawsuit and issued the Order Granting Preliminary Approval of Class

5    Settlement on or about May 19, 2023, which speaks for itself.

6    181.    In response to Paragraph 181 of the Adolphs' Counterclaim, and on information

7    and belief, General Casualty admits that on or about May 19, 2023, the Court entered the

8    stipulated class action judgment.

9    182.    In response to Paragraph 182 of the Adolphs' Counterclaim, General Casualty

10   admits that it received a written notice of an Insurance Fair Conduct Act claim, which speaks

11   for itself.   General Casualty admits the remaining allegations to the extent consistent with

12   Washington law, and denies them to the extent inconsistent with Washington law.

13                  **IX.    THIRD PARTY CLAIMS STATEMENT OF FACTS**

14   182 (Second). Paragraph 182 (second) does not contain any allegation to which a

15   response is required from General Casualty.

16   183.–206.    The allegations in Paragraphs 183–206 of the Adolphs' Third-Party

17   Claim are not directed at General Casualty, requiring no response from it. To the extent a

18   response is required, General Casualty lacks sufficient knowledge and information to admit or

19   deny.

20          **X.    COUNTERCLAIM AND THIRD PARTY CAUSES OF ACTION**
21              **COUNTERCLAIM I: DECLARATION OF DUTY TO DEFEND**

22   207.    In response to Paragraph 207 of the Adolphs' Counterclaim, General Casualty

23   incorporates by reference its responses to each and every paragraph, including Paragraphs 147

24   through 206, as though fully set forth herein, and further incorporates herein by this reference

25   all related statements in its Complaint (Dkt. 1).

26   208.    Admit.

General Casualty Company of Wisconsin's Response and
Affirmative Defenses to Defendants Brian and Kerri Adolph's
Counterclaim to Complaint and Third-Party Claim - 6
Case No. 2:23-cv-00725-TMC

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

4901-8156-0188, v. 1

209.    General Casualty denies the allegations in Paragraph 209.

210.    Paragraph 210 contains legal conclusions, requiring no response from General Casualty. To the extent a response is required, General Casualty denies the same.

211.    General Casualty denies the allegations in Paragraph 211.

## COUNTERCLAIM II: BREACH OF CONTRACT

212.    In response to Paragraph 212 of the Adolphs' Counterclaim, General Casualty incorporates by reference its responses to each and every paragraph, including Paragraphs 147 through 211, as though fully set forth herein, and further incorporates herein by this reference all related statements in its Complaint (Dkt. 1).

213.    Denied.

## COUNTERCLAIM COUNT III: INSURANCE BAD FAITH

214.    In response to Paragraph 214 of the Adolphs' Counterclaim, General Casualty incorporates by reference its responses to each and every paragraph, including Paragraphs 147 through 213, as though fully set forth herein, and further incorporates herein by this reference all related statements in its Complaint (Dkt. 1).

215.    Denied.

216.    The allegations in Paragraph 216 contain legal conclusions to which no response from General Casualty is required. To the extent a response is required, General Casualty admits.

217.    Denied.

218.    General Casualty lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 218, and therefore denies the same.

219.    Denied.

General Casualty Company of Wisconsin's Response and
Affirmative Defenses to Defendants Brian and Kerri Adolph's
Counterclaim to Complaint and Third-Party Claim - 7
Case No. 2:23-cv-00725-TMC

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

4901-8156-0188, v. 1

## COUNTERCLAIM COUNT IV: BREACH OF STATUTORY AND REGULATORY DUTIES

220.    In response to Paragraph 220 of the Adolphs' Counterclaim, General Casualty incorporates by reference its responses to each and every paragraph, including Paragraphs 147 through 219, as though fully set forth herein, and further incorporates herein by this reference all related statements in its Complaint (Dkt. 1).

221.    Denied.

## COUNTERCLAIM COUNT V: VIOLATION OF THE INSURANCE FAIR CONDUCT ACT ("IFCA")

222.    In response to Paragraph 222 of the Adolphs' Counterclaim, General Casualty incorporates by reference its responses to each and every paragraph, including Paragraphs 147 through 221, as though fully set forth herein, and further incorporates herein by this reference all related statements in its Complaint (Dkt. 1).

223.    Denied.

## COUNTERCLAIM COUNT VI: VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT ("CPA")

224.    In response to Paragraph 224 of the Adolphs' Counterclaim, General Casualty incorporates by reference its responses to each and every paragraph, including Paragraphs 147 through 223, as though fully set forth herein, and further incorporates herein by this reference all related statements in its Complaint (Dkt. 1).

225.    Denied.

## COUNTERCLAIM COUNT VII: NEGLIGENCE

226.    In response to Paragraph 226 of the Adolphs' Counterclaim, General Casualty incorporates by reference its responses to each and every paragraph, including Paragraphs 147 through 225, as though fully set forth herein, and further incorporates herein by this reference all related statements in its Complaint (Dkt. 1).

227.    Denied.

General Casualty Company of Wisconsin's Response and
Affirmative Defenses to Defendants Brian and Kerri Adolph's
Counterclaim to Complaint and Third-Party Claim - 8
Case No. 2:23-cv-00725-TMC

4901-8156-0188, v. 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

**THIRD PARTY CLAIM COUNT I: DECLARATION OF DUTY TO DEFEND**

228.    Paragraph 228 does not contain any allegation to which a response is required from General Casualty.

229.–232.    Paragraphs 229–232 of the Adolphs' Third-Party Claim are not directed at General Casualty, requiring no response. To the extent a response is required, General Casualty lacks sufficient knowledge and information to either admit or deny those allegations.

**THIRD PARTY CLAIM COUNT II: BREACH OF CONTRACT**

233.    Paragraph 233 does not contain any allegation to which a response is required from General Casualty.

234.    Paragraph 234 of the Adolphs' Third-Party Claim is not directed at General Casualty, requiring no response from it. To the extent a response is required, General Casualty lacks sufficient knowledge and information to either admit or deny the allegations in Paragraph 234.

**THIRD PARTY CLAIM COUNT III: INSURANCE BAD FAITH**

235.    Paragraph 235 does not contain any allegation to which a response is required from General Casualty.

236.–240.    Paragraphs 236–240 of the Adolphs' Third-Party Claim are not directed at General Casualty, requiring no response from it. To the extent a response is required, General Casualty lacks sufficient knowledge and information to either admit or deny those allegations.

**THIRD PATY CLAIM COUNT IV: BREACH OF STATUTORY AND REGULATORY DUTIES**

241.    Paragraph 241 does not contain any allegation to which a response is required from General Casualty.

242.    Paragraph 242 of the Adolphs' Third-Party Claim is not directed at General Casualty, requiring no response from it. To the extent a response is required, General Casualty

General Casualty Company of Wisconsin's Response and
Affirmative Defenses to Defendants Brian and Kerri Adolph's
Counterclaim to Complaint and Third-Party Claim - 9
Case No. 2:23-cv-00725-TMC

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

4901-8156-0188, v. 1

lacks sufficient knowledge and information to either admit or deny the allegations in Paragraph 242.

### THIRD PARTY CLAIM COUNT V: VIOLATION OF THE INSURANCE FAIR CONDUCT ACT ("IFCA")

243.    Paragraph 243 does not contain any allegation to which a response is required from General Casualty.

244.    Paragraph 244 of the Adolphs' Third-Party Claim is not directed at General Casualty, requiring no response from it. To the extent a response is required, General Casualty lacks sufficient knowledge and information to either admit or deny the allegations in Paragraph 244.

### THIRD PARTY CLAIM COUNT VI: VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT ("CPA")

245.    Paragraph 245 does not contain any allegation to which a response is required from General Casualty.

246.    Paragraph 246 of the Adolphs' Third-Party Claim is not directed at General Casualty, requiring no response from it. To the extent a response is required, General Casualty lacks sufficient knowledge and information to either admit or deny the allegations in Paragraph 246.

### THIRD PARTY CLAIM COUNT VII: NEGLIGENCE

247.    Paragraph 247 does not contain any allegation to which a response is required from General Casualty.

248.    Paragraph 248 of the Adolphs' Third-Party Claim is not directed at General Casualty, requiring no response from it. To the extent a response is required, General Casualty lacks sufficient knowledge and information to either admit or deny the allegations in Paragraph 248.

General Casualty Company of Wisconsin's Response and
Affirmative Defenses to Defendants Brian and Kerri Adolph's
Counterclaim to Complaint and Third-Party Claim - 10
Case No. 2:23-cv-00725-TMC

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

4901-8156-0188, v. 1

## XI.     PRAYER FOR RELIEF

WHEREFORE, having fully answered the Adolphs' Counterclaim and Third-Party Claim, General Casualty prays for judgment in its favor, that Defendants/Counterclaim Plaintiffs (also referenced below as "Adolphs") take nothing from this action, and that General Casualty be awarded its costs and disbursements incurred herein. Specifically:

248.     General Casualty denies that Defendants/Counterclaim Plaintiffs are entitled to dismissal;

249.     General Casualty denies that the Adolphs are entitled to judgment in their favor;

250.     General Casualty denies that the Adolphs are entitled to a judicial declaration in their favor;

251.     General Casualty denies that the Adolphs are entitled to judgment in their favor on any or all counterclaims;

252.     General Casualty denies that the Adolphs are entitled to judgment in their favor on all Third Party Claims;

253.     General Casualty denies that the Adolphs are entitled to any counterclaim or third-party claim sums for damages;

254.     General Casualty denies that the Adolphs are entitled to treble damages under any alleged Washington statute;

255.     General Casualty denies that the Adolphs are entitled to costs, attorneys' fees and disbursements;

256.     General Casualty denies that the Adolphs are entitled to any other costs or fees;

257.     General Casualty denies that the Adolphs are entitled to any other type of relief from this Court.

General Casualty Company of Wisconsin's Response and
Affirmative Defenses to Defendants Brian and Kerri Adolph's
Counterclaim to Complaint and Third-Party Claim - 11
Case No. 2:23-cv-00725-TMC

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

4901-8156-0188, v. 1

1

## <u>AFFIRMATIVE DEFENSES</u>

2

3       BY WAY OF FURTHER ANSWER, AND AS AFFIRMATIVE DEFENSES TO THE

4   ADOLPHS' COUNTERCLAIMS, and without admitting any matters previously denied,

5   General Casualty alleges as follows:

6       1.      <u>Failure to State a Claim</u>. The Adolphs' counterclaims against General Casualty

7   fail to state claims upon which relief may be granted.

8       2.      <u>Estoppel</u>. Defendants the Adolphs are estopped in whole or in part from asserting

9   their counterclaims. The Adolphs' counterclaims may be barred or limited to the extent that the

10  equitable doctrines of estoppel, judicial estoppel, unclean hands, ratification, and/or waiver

11  apply.

12      3.      <u>Justiciability</u>. Some or all of the Adolphs' counterclaims may not be justiciable

13  in that the counterclaims against General Casualty are not ripe, no controversy exists, and/or

14  Plaintiff does not have standing to raise said claims.

15      4.      <u>Non-Performance</u>. The Adolphs' counterclaims are barred in whole or in part by

16  Defendant Reed Hein's breach or non-performance of conditions precedent in the General

17  Casualty policies, including without limitation, Reed Hein's failure to timely notify General

18  Casualty of pending settlement negotiations and/or mediation dates, its assignment of rights to

19  the Adolph Defendants, the CR2A into which the Adolphs and Reed Hein entered, and/or the

20  class action settlement hearing in which the CR2A was approved.

21      5.      <u>Cooperation/Voluntary Payment Conditions</u>. The Adolphs' counterclaims are

22  barred in whole or in part to the extent Reed Hein has breached the condition precedent in the

23  General Casualty policies requiring the assistance and cooperation of the insured, including

24  without limitation, breach of the condition prohibiting Reed Hein from voluntarily assuming

25  obligations and incurring expense or making a voluntary payment.

26

General Casualty Company of Wisconsin's Response and
Affirmative Defenses to Defendants Brian and Kerri Adolph's
Counterclaim to Complaint and Third-Party Claim - 12
Case No. 2:23-cv-00725-TMC

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

4901-8156-0188, v. 1

6.    <u>Voluntary Settlement</u>. The Adolphs' counterclaims may be barred or limited to the extent they seek coverage for expenses, costs, or obligations incurred in connection with the underlying claims, or settlements entered into relating to the underlying claims, without General Casualty's consent, approval, notification, or even invitation to participate.

7.    <u>No-Assignment</u>. The Adolphs' counterclaims are barred in whole or in part to the extent that they are based on or arise out of an assignment of General Casualty's policies.

8.    <u>Violation of Law/Public Policy</u>. The Adolphs' counterclaims may be barred or limited to the extent that any claimed loss arises from conduct in violation of federal, state and/or local law, statutes, regulations, or public policy.

9.    <u>Failure to Join</u>. The Adolph Defendants' counterclaims are barred in whole or in part, to the extent the Adolph Defendants failed to join all necessary and/or indispensable parties.

10.    <u>Damages not Established</u>. The Adolph Defendants have failed to satisfy all necessary requirements, including but not limited to the completion of a reasonableness hearing pursuant to RCW 4.22.060, prior to establishing the alleged bad faith damages they seek.

General Casualty reserves the right to amend, add, or strike affirmative defenses as may be warranted by additional facts or circumstances that may be obtained through further information, discovery or proceedings.

## **PRAYER FOR RELIEF**

WHEREFORE, General Casualty incorporates by reference its prayer for relief from its Complaint, and prays for the following:

1.    That the Adolph Defendants' Counterclaim be dismissed with prejudice and without costs to General Casualty;

2.    A declaration that coverage is not available for the claims made against Defendants in the *Adolph* Lawsuit under the General Casualty policies;

3.    Denial of any relief the Adolph Defendants/Counterclaimants request;

General Casualty Company of Wisconsin's Response and
Affirmative Defenses to Defendants Brian and Kerri Adolph's
Counterclaim to Complaint and Third-Party Claim - 13
Case No. 2:23-cv-00725-TMC

4901-8156-0188, v. 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

4.    In the event the Adolph Defendants are entitled to take any judgment against Plaintiff/Counterclaim Defendant General Casualty, that the amount of said judgment be diminished in accord with General Casualty's affirmative defenses as referenced herein;

5.    An award of General Casualty's costs and attorney fees incurred in this action, to the fullest extent allowed by law; and

6.    For such other relief that the Court may deem just and equitable.

DATED this 24th day of November, 2025.

FORSBERG & UMLAUF, P.S.

By: *s/ Michael D. Handler*
Michael D. Handler, WSBA No. 25654
Daniel L. Syhre, WSBA No. 34158
Sarah P. Pozzi, WSBA No. 55744
mhandler@foum.law
dsyhre@foum.law
spozzi@foum.law
*Attorneys for Plaintiff General Casualty
Company of Wisconsin*

COZEN O'CONNOR

By: *s/ Kevin A. Michael*
Kevin A. Michael, WSBA No. 36976
999 Third Avenue, Suite 1900
Seattle, Washington 98104
Telephone: 206.340.1000
kmichael@cozen.com
*Attorneys for Plaintiff General Casualty
Company of Wisconsin*

General Casualty Company of Wisconsin's Response and
Affirmative Defenses to Defendants Brian and Kerri Adolph's
Counterclaim to Complaint and Third-Party Claim - 14
Case No. 2:23-cv-00725-TMC

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

4901-8156-0188, v. 1