Honorable Tiffany M. Cartwright

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GENERAL CASUALTY COMPANY OF WISCONSIN,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>REED HEIN & ASSOCIATES LLC d/b/a TIMESHARE EXIT TEAM, a Washington limited liability company; MAKAYMAX INC., a Washington corporation; BRANDON REED, individually; BRIAN and KERRI ADOLPJ, a married couple,<br><br>Defendant/Counterclaim and Third Party Plaintiffs.<br><br>v.<br><br>RSUI GROUP, INC., a Georgia corporation; and RSUI INDEMNITY COMPANY, INC., a New Hampshire corporation,<br><br>Third Party Defendants. | NO. 2:23-CV-00725-TMC<br><br>THIRD PARTY DEFENDANTS RSUI GROUP, INC., AND RSUI INDEMNITY COMPANY, INC.'S RESPONSE TO COUNTERCLAIM AND THIRD-PARTY PLAINTIFFS BRIAN AND KERRI ADOLF'S MOTION FOR SUMMARY JUDGMENT |

## I.   INTRODUCTION

Third-Party Defendants, RSUI Group, Inc., and RSUI Indemnity Company (collectively RSUI), by and through its counsel of record, Jennifer L. Crow and Catarina Ferreira of Scheer.Law, respectfully requests that the Court deny Counterclaim and Third-Party Plaintiffs Brian and Kerri Adolf's Motion for Summary Judgment. A genuine issue of material

THIRD PARTY DEFENDANTS RSUI'S RESPONSE TO COUNTER-CLAIM AND THIRD-PARTY PLAINTIFFS ADOLF'S MOTION FOR SUMMARY JUDGMENT –

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

fact exists as to whether RSUI's denial of coverage was unreasonable, in bad faith, or in violation of any Washington law. RSUI issued a denial after reviewing the complaint and the policies at issue. RSUI denied coverage only after a good-faith review of the operative complaint and the RSUI policies at issue, determining that the claims fell outside the policies and were otherwise excluded from coverage. RSUI found the policy language clear and unambiguous and promptly communicated its coverage position. The Adolfs' assertion that the policy language is ambiguous reflects, at most, a competing interpretation of that language and confirms that the coverage issues are, at minimum, fairly debatable. As a result, summary judgment is improper.

## II. STATEMENT OF RELEVANT FACTS

Reed Hein was issued two policies by RSUI from May 16, 2020, to May 16, 2021[1] and from May 16, 2021, to May 16, 2022.[2]

On February 4, 2020, the Attorney General of Washington State filed a lawsuit against Reed Hein & Associates et al.[3] The Isaac and Siegrist Lawsuits were filed in April 2021.[4] Both lawsuits were tendered to RSUI on August 19, 2021.[5] On August 23, 2021, Phil Krajec of RSUI promptly issued a letter acknowledging receipt of the claims and advising that the matter was under investigation.[6]

---

[1] Declaration of Catarina Ferreira in support of Third-Party Defendants RSUI's Response to Counter-Claim and Third-Party Plaintiffs Adolf's Motion for Summary Judgment, Ex 1, RSUI policy 1 5/16/2020 to 5/16/2021.
[2] *Decl. of C. Ferreira,* Ex 2 - RSUI policy 1 5/16/2021 to 5/16/2022.
[3] Ex 3, Complaint Attorney General of Washington v. Reed Hein & Associates, LLC, et al, in King County Superior Court, Case No. 20-2-03141-1 SEA.
[4] Ex 4, Complaint Philip and Rebeccah Isaacs v. Reed Hein & Associates, LLC, et al, in Snohomish County Superior Court, Case No. 21-2-01761-31.
[5] Ex 5, August 19, 2021, email from Panda Kroll
[6] Ex 6, August 23, 2021, letter from RSUI; *see also* Ex 7, Excerpts from Phil Krajec's Deposition Transcript pp 26-27, 56, 59, 67.

THIRD PARTY DEFENDANTS RSUI'S RESPONSE TO COUNTER-CLAIM AND THIRD-PARTY PLAINTIFFS ADOLF'S MOTION FOR SUMMARY JUDGMENT –

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

Upon review of the applicable complaints and the policy, RSUI denied coverage on September 15, 2021.[7] These claims were denied for two reasons. First, "RSUI was not notified of the suits until August 19 [2021], more than 90 days after the prior policy expired. Failure to satisfy the reporting requirement precludes coverage under the 2020-2021 policy, and because the claim was made prior to the inception of the current policy, coverage under that policy cannot be triggered."[8]

Second, "[t]he Isaac Amended Complaint alleges the Defendants induced them into the timeshare exit agreement using materially false statements in January 2015. The Seigrists make similar allegations relating to the contract they entered into in January 2026. Because these wrongful acts are alleged to have occurred prior to May 1, 2018, there can be no coverage for this litigation."[9]

These "bright line[s]," date the claim was issued and the late reporting, as well as the prior acts exclusion, were the basis of RSUI's denial in September 15, 2021.[10]

The underlying lawsuit was filed in October 2021,[11] and tendered to RSUI on November 29, 2021.[12] RSUI denied the claim on January 4, 2022, because "the suit arises from the same or interrelated wrongful acts alleged in the earlier suits," RSUI considered them a single claim.[13] RSUI reincorporated its prior declination of coverage issued on September 15, 2021.[14]

---

[7] Ex 8, September 15, 2021, letter from RSUI; *see also* Ex 7, Krajec Dep pp 72, 84.
[8] Ex 8, September 15, 2021, letter from RSUI.
[9] *Id*.
[10] *Id*.; *see also* Ex. 7, Krajec Dep, pp. 78.
[11] Ex 9, Complaint, Brian and Kerri Adolf v. Reed Hein & Associates, LLC, et al, in the United States District Court, Western District of Washington at Seattle, Case No. 2:21-cv-01378.
[12] Ex 10, October 29, 2021, letter from Philip Grajic to RSUI.
[13] Ex 11, January 4, 2022, letter from RSUI to Panda Kroll, Esq; *see also* Ex. 7, Krajec Dep, pp.83-84.
[14] Ex 11, January 4, 2022, letter from RSUI to Panda Kroll, Esq.

THIRD PARTY DEFENDANTS RSUI'S RESPONSE TO COUNTER-CLAIM AND THIRD-PARTY PLAINTIFFS ADOLF'S MOTION FOR SUMMARY JUDGMENT –

SCHEER.LAW PLLC
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

The depositions of Phil Krajec and William Brockett made it clear that RSUI applied the policy and any applicable exclusions.[15] An exclusion is something not covered by the policy, which varies by industry, the financial position of the company seeking coverage, and other factors.[16] Further, RSUI complied with state requirements.[17] The director and officer policy specifically addresses shareholder lawsuits, of which Reed Hein had many.[18] RSUI underwriters looked at Reed Hein's financial condition, employee count, and claims history.[19] The prior acts exclusion was determined based on Reed Hein's underlying risk.[20] The prior acts exclusion in the first policy did not cover any acts before May 2018.[21] The second claim was related to the prior acts and, therefore, excluded.[22]

Unbeknownst to RSUI, a mediation in the Adolph suit took place in November 2021, and negotiations continued for several months afterwards.[23] By April 12, 2022, a complete settlement memorandum was executed to resolve the Adolph suit, where the parties stipulated to class action certification for purposes of settlement; and to judgment against Reed Hein (with covenant not to execute) in the agreed amount of the full damages claimed by all potential class members against Reed Hein.[24] Later court filings specified this amount as $630,187,204.[25] This agreement was conditional upon all applicable insurance carriers

---

[15] Ex 12, Excerpts from William Brockett's Deposition Transcript pp 20-21.
[16] *Id.*, at 24, 27, 33.
[17] *Id.*, at 32.
[18] *Id.*, at 35.
[19] *Id.*, at 42.
[20] *Id.*, at 46.
[21] *Id.*, at 64.
[22] Ex 11, January 4, 2022, letter from RSUI to Panda Kroll, Esq.
[23] Ex 13, June 15, 2023, Confession of Judgment and Judgment with Covenant not to Execute.
[24] *Id.*
[25] *Id.*

THIRD PARTY DEFENDANTS RSUI'S RESPONSE TO COUNTER-CLAIM AND THIRD-PARTY PLAINTIFFS ADOLF'S MOTION FOR SUMMARY JUDGMENT –

SCHEER.LAW PLLC
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

providing coverage.[26] A confession of judgment and judgment with a covenant not to execute was filed on June 15, 2023.[27]

### III. EVIDENCE RELIED UPON

Defendant RSUI relies upon the pleadings, declaration of Catarina Ferreira and attached exhibits, and records in the Court File.

### IV. AUTHORITY AND ARGUMENT

Summary judgment is appropriate only where there is no dispute as to the material facts. CR 56. The initial burden is on the moving party to demonstrate by uncontroverted evidence that no such issue of material fact exists. *Jacobsen v. State*, 89 Wn.2d 104,108 (1977); *Our Lady of Lourdes Hosp. v. Franklin County*, 120 Wn2d 439, 452 (1993). A fact is material if it is essential to the outcome of litigation in whole or in part. *Granville Condominium Homeowners Ass'n v. Kuehner*, 177 Wn. App. 543, 551 (2013). Questions of fact are only appropriate for determination on summary judgment if "reasonable minds could reach but one conclusion." *United Financial Cas. Co. v. Coleman*, 173 Wn. App. 463, 471 (2012).

Where such determination requires consideration of an issue of credibility, summary judgment must be denied. *FDIC v. Uribe, Inc.*, 171 Wn. App. 683, 698 (2012). In ruling on a motion for summary judgment, a court must construe the evidence and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. *Jacobsen*, 89 Wn.2d at 108–09. Because summary judgment cuts off a party's right to present its case to a jury, if the moving party fails to sustain its burden, "summary judgment should not be entered, irrespective of whether the nonmoving party has submitted affidavits or other materials." *Id*.

---

[26] *Id.*
[27] *Id.*

THIRD PARTY DEFENDANTS RSUI'S RESPONSE TO COUNTER-CLAIM AND THIRD-PARTY PLAINTIFFS ADOLF'S MOTION FOR SUMMARY JUDGMENT –

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

If there is a question of material fact as to any one of the elements required for a claim, a motion for summary judgment must fail. CR 56.

### A. *Coverage Determination*

In Washington, when determining whether two claims are related under the definition of a policy's "interrelated Wrongful Acts" provision, the court looks not to whether there are differences between the two claims at issue, but instead, whether there is "any common fact, circumstance, situation, transaction, event or decision" that "logically or causally connect[s] the acts. *Double Down*, 2019 WL 3387458 at 3; *see also Carolina v. Cas. Ins. Co. v. Omeros Corp*., No. C12-287RAJ, 2013 WL 5530588, at 3 (W.D. Wash. Mar 11, 2013).

In *Omeros*, the Court considered the same "Related Wrongful Acts" provision as was at issue in *Double*. The *Omeros* court noted that the operative test was not whether there were differences between the acts, but whether there was any common fact or event between the acts. *Id*. There, the Court held that a qui tam claim and anti-retaliation claim were based on related wrongful acts because they are "logically…. connected" to" any common fact, circumstance, situation, transaction, casualty, event or decision." *Id*. The Court ultimately held that [a]ny common fact or event is sufficient to make two wrongful acts related, and the single-claim clause requires Carolina Casualty to treat separate claims based on those wrongful acts as if they had been made on the date of the earliest claim. *Id* (emphasis in original).

Likewise, in *Great American Ins. Co. v. Sea Shepherd Conservation Soc*., 2014 WL 2170297, at 7 (W.D. Wash 2014) similar language was interpreted in the relevant policy's definition of "related wrongful acts", which are defined as acts "which are causally related by reasons of any common fact, circumstance, situation, transaction, casualty, event or decision." The Court held:

> … the SAMC and the ICR Litigation arise out of a common set of facts, circumstances, and events the Defendants' alleged attacks on the ICR's

THIRD PARTY DEFENDANTS RSUI'S RESPONSE TO COUNTER-CLAIM AND THIRD-PARTY PLAINTIFFS ADOLF'S MOTION FOR SUMMARY JUDGMENT –

SCHEER.LAW PLLC
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

sailing vessels in the South Ocean. But for the initiation of the ICR Litigation, and the preliminary injunction issued under it, there would have been no basis for contempt proceedings against Defendants. The SAMC's addition of new contemnors and new events does not change this analysis, where the SAMC and the ICR Litigation share a causal relationship. *See WFS Financial, Inc. v. Progressive Caws. Ins. Co., Inc.*, 232 Fed. Appx. 624, 625 (9th Cir.2007). A reasonable Insured reading the Policy at issue in this case would have little trouble finding contempt proceedings to be causally connected to the ICR Litigation, where the contemnors are alleged to have violated the very injunction that the ICR Litigation put in place, and the contempt proceedings could not have taken place but for the underlying ICR Litigation.

Id. at *8.

Accordingly, RSUI maintained its denial of the underlying action, as the alleged wrongful acts constitute a single claim and were made too late. Any disagreement with these bright-line facts clearly raises an issue of fact.

### B. *Prior Acts*

"Insurance contracts are construed in accordance with the meaning understood by the typical purchaser of the insurance." *Sprague v. Safeco Ins. Co. of Am.*, 174 Wn.2d 524, 528, 276 P.3d 1270 (2012). An ambiguity exists only "if the *language on its face* is fairly susceptible to two different but reasonable interpretations." *Kish*, 125 Wn.2d at 171 (quoting *Washington Pub. Util. Dists.' Utils. Sys. v. PUD 1*, 112 Wn.2d 1, 11, 771 P.2d 701 (1989)). If, however, the language in an insurance policy is clear and unambiguous, the court must enforce it as written and cannot modify the contract or create ambiguity where none exists. *Transcontinental Ins. Co. v. Washington Pub. Utils. Dists.' Util. Sys.*, 111 Wn.2d 452, 456, 760 P.2d 337 (1988). When analyzing an insurance policy and questioning whether an ambiguity exists, we look at the language according to the way it would be read by the average insurance purchaser. *State Farm Gen. Ins. Co. v. Emerson*, 102 Wn.2d 477, 480, 687 P.2d 1139 (1984). Terms undefined by the insurance contract should be given their ordinary and common meaning, not their technical, legal meaning. *Kish*, 125 Wn.2d at 170.

THIRD PARTY DEFENDANTS RSUI'S RESPONSE TO COUNTER-CLAIM AND THIRD-PARTY PLAINTIFFS ADOLF'S MOTION FOR SUMMARY JUDGMENT –

SCHEER.LAW PLLC
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

1    There is no evidence that RSUI engaged in unfair or deceptive conduct in applying the policy's prior-acts and related-claims provisions. To the contrary, RSUI's timely denial reflects a straightforward application of clear policy language. RSUI concluded that the underlying lawsuits arise from prior bad acts that are interrelated and therefore deemed a single Claim first made before the relevant policy period, especially since the complaints were nearly identical, as if they were copied and pasted. On that basis, RSUI determined the claims were not covered under the policies. The Adolfs' arguments oscillate between complaints about the timing of notice—which they admit caused no independent harm—and their disagreement with RSUI's conclusion that the prior-acts and related-claims provisions preclude coverage. The core issue has always been whether the subject claims were covered. RSUI reasonably determined that there was no coverage, and there was no ambiguity, vagueness, or delay in communicating that coverage position. Any alleged "vagueness" is simply counsel's advocacy, not evidence of an unfair or deceptive act.

RSUI also had no involvement in, and was not made aware of, any proposed settlement negotiations or the CR 2A agreement leading to the stipulated judgment. Having denied coverage, RSUI was not invited to participate in those discussions and had no opportunity to influence the outcome of the underlying lawsuit. Whether the insureds chose to pay their own defense costs or to enter into a settlement is an issue of causation and alleged harm for the trier of fact; it does not retroactively transform RSUI's timely, policy-based denial into bad faith, IFCA liability, or a CPA violation. The record instead reflects a reasonable, good-faith interpretation of unambiguous policy language and a documented basis for denial, which precludes any finding of bad faith or unfair or deceptive practices as a matter of law and, at minimum, makes summary judgment in the Adolfs' favor improper.

C.  <u>Bad Faith</u>

An insurer has a duty of good faith to its policyholder, and violation of that duty may give rise to a tort action for bad faith. *Truck Ins. Exch. v. Vanport Homes, Inc.*, 147 Wn.2d 751,

THIRD PARTY DEFENDANTS RSUI'S RESPONSE TO COUNTER-CLAIM AND THIRD-PARTY PLAINTIFFS ADOLF'S MOTION FOR SUMMARY JUDGMENT –

SCHEER.LAW PLLC
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

765, 58 P.3d 276 (2002). To succeed on a bad-faith claim, the policyholder must show that the insurer's breach of the insurance contract was "unreasonable, frivolous, or unfounded." *Overton v. Consol. Ins. Co.*, 145 Wn.2d 417, 433, 38 P.3d 322 (2002). Whether an insurer acted in bad faith is a question of fact. *Van Noy v. State Farm Mut. Auto. Ins. Co*., 142 Wn.2d 784, 796, 16 P.3d 574 (2001)

If the insured claims that the insurer denied coverage unreasonably in bad faith, then the insured must come forward with evidence that the insurer acted unreasonably. The policyholder has the burden of proof. *Smith v. Safeco Ins. Co.,* 150 Wn.2d 478, 486, 78 P.3d 1274, 1277-1278, 2003 Wash. LEXIS 739. The insurer is entitled to summary judgment if reasonable minds could not differ that its denial of coverage was based upon reasonable grounds. *Ellwein,* 142 Wn.2d at 776. If, however, reasonable minds could differ that the insurer's conduct was reasonable, or if there are material issues of fact with respect to the reasonableness of the insurer's action, then summary judgment is not appropriate. If the insurer can point to a reasonable basis for its action, this reasonable basis is significant evidence that it did not act in bad faith and may even establish that reasonable minds could not differ that its denial of coverage was justified. *Smith v. Safeco Ins. Co.,* 150 Wn.2d 478, 486, 78 P.3d 1274, 1277-1278, 2003 Wash. LEXIS 739.

A denial of coverage based on a reasonable interpretation of the policy is not bad faith. Bad faith requires a frivolous, unfounded, or unreasonable denial of benefits, not a good-faith disagreement over coverage. Even if a court were ultimately to conclude that RSUI's coverage position was incorrect, a denial grounded in a reasonable reading of the policy and a documented claim investigation does not constitute bad faith or an unfair or deceptive trade practice.

Here, RSUI's coverage decision was based on its good-faith evaluation of the operative complaints and the policy at issue. RSUI reviewed the allegations, applied the policy's insuring agreement and exclusions, found no ambiguity in the pertinent provisions, and promptly issued

THIRD PARTY DEFENDANTS RSUI'S RESPONSE TO COUNTER-CLAIM AND THIRD-PARTY PLAINTIFFS ADOLF'S MOTION FOR SUMMARY JUDGMENT –

SCHEER.LAW PLLC
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

a denial. The Adolfs' assertion that the policy language is ambiguous reflects, at most, a competing interpretation of that language. A simple disagreement with RSUI's coverage analysis does not, by itself, establish bad faith, IFCA liability, or a CPA violation. To the contrary, the fact that the Adolfs argue the policy is unclear underscores that the coverage questions are, at a minimum, fairly debatable and therefore not actionable as bad faith.

RSUI also does not concede that any alleged ambiguity results in coverage. The Adolfs' criticism—that the terms did not "clearly" exclude coverage—does not mean the policy affirmatively grants coverage, and RSUI maintains that the claims fall outside the policy's time frame, reporting period, and the claims are excluded under the prior-acts and related-claims provisions. The underlying lawsuits arise from prior bad acts that are interrelated and outside the policies' temporal and substantive coverage.

The Adolfs now characterize RSUI's lack of participation in the CR 2A agreement and the subsequent stipulated judgment as an intentional decision to "sit on the sidelines." The record does not support that narrative. RSUI was not made aware of the CR 2A negotiations or the proposed judgment and had no meaningful opportunity to participate in or influence those proceedings. By the time those discussions occurred, RSUI had already communicated its coverage position and denial. RSUI cannot be faulted for failing to participate in a settlement process to which it was not invited and of which it had no notice. The Adolfs' attempt to recast RSUI's absence from the CR 2A agreement as evidence of bad faith is entirely unsupported by the facts.

### D. Duty to Defend

The duty to defend arises whenever a lawsuit is filed against the insured alleging facts and circumstances arguably covered by the policy. *7C John Allan Appleman, Insurance Law and Practice* §4681, at 16 (Walter F. Berdal ed., rev. ed. 1979). The duty to defend is "one of the main benefits of the insurance contract." *Butler*, 118 Wn.2d at 392. Although an insurer has a broad duty to defend, alleged claims which are clearly not covered by the policy relieve the

THIRD PARTY DEFENDANTS RSUI'S RESPONSE TO COUNTER-CLAIM AND THIRD-PARTY PLAINTIFFS ADOLF'S MOTION FOR SUMMARY JUDGMENT –

SCHEER.LAW PLLC
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

1  insurer of its duty. *State Farm Gen. Ins. Co. v. Emerson*, 102 Wn.2d 477, 486, 687 P.2d 1139

2  (1984). "The key consideration in determining whether the duty to defend has been invoked is

3  whether the allegation, if proven true, would render [the insurer] liable to pay out on the policy.

4  It is not the other way around." *Farmers Ins. Co. v. Romas*, 88 Wn. App. 801, 808, 947 P.2d

5  754 (1997). The certified question requires us to assume the claim against the insured alleges

6  facts giving rise to the insurer's duty to defend, and the duty was breached. *Kirk v. Mount Airy*

7  *Ins. Co., 134 Wn.2d 558, 951 P.2d 1124, 1998 Wash. LEXIS 84.*

8        Here, RSUI's position is that the underlying claims do not fall within the policies'

9  insuring agreement and, in any event, are barred by applicable exclusions. Accordingly, RSUI

10 maintains that it has no duty to indemnify and no obligation to provide a defense, whether

11 under a reservation of rights or otherwise. The Adolfs' contention that the policy language is

12 "unclear" reflects only their counsel's litigation position; they have not identified any concrete

13 ambiguity in the operative provisions. At most, the parties' competing interpretations

14 demonstrate that the coverage issues are, at a minimum, fairly debatable, which defeats any

15 claim that RSUI acted in bad faith and, in all events, precludes summary judgment in the

16 Adolfs' favor.

17       E.  *CPA*

18       To successfully bring an action under the Consumer Protection Act (ch. 19.86 RCW), a

19 private plaintiff must prove five elements: (1) an unfair or deceptive act or practice (2)

20 occurring in trade or commerce (3) with a public interest impact, (4) injury to the plaintiff's

21 business or property, and (5) causation. *Ledcor Indus. (USA), Inc. v. Mut. of Enumclaw Ins.*

22 *Co.*, 150 Wn. App. 1, 12, 206 P.3d 1255 (2009). A denial of coverage is not an unfair or deceptive

23 act or practice if based on reasonable conduct by the insurer, even if the denial of coverage is

24 ultimately proved incorrect. *Overton v. Consol. Ins. Co.*, 145 Wn.2d 417, 434, 38 P.3d 322

25 (2002).

26

THIRD PARTY DEFENDANTS RSUI'S RESPONSE TO
COUNTER-CLAIM AND THIRD-PARTY PLAINTIFFS
ADOLF'S MOTION FOR SUMMARY JUDGMENT –

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

In order to make a showing of bad faith sufficient enough to invoke the Consumer Protection Act, the insurance company must have acted in a way that was both unlawful and contrary to public policy. *Salois v. Mutual of Omaha Ins. Co.,* 90 Wn.2d 355, 358, 581 P.2d 1349 (1978). As a matter of law, the denial of coverage alone is insufficient to show bad faith when there is a showing of a debatable question of coverage. *Miller,* 31 Wn. App. at 479. An insurance company violates the Consumer Protection Act if it acts without reasonable justification in handling a claim by its insured. *Villella v. Public Employees Mut. Ins. Co.*, 106 Wn.2d 806, 821, 725 P.2d 957 (1986). "A denial of coverage, although incorrect, based on reasonable conduct of the insurer does not constitute an unfair trade practice." *Villella,* 106 Wn.2d at 821; *Felice v. St. Paul Fire & Marine Ins. Co.*, 42 Wn. App. 352, 361, 711 P.2d 1066 (1985), *review denied,* 105 Wn.2d 1014 (1986).

In this case, RSUI's denial of coverage was neither unfair nor deceptive under the Consumer Protection Act. RSUI issued a clear, timely coverage position based on the plain language of the policy and the application of specific exclusions to the underlying allegations. It was not unreasonable for RSUI to conclude that the acts at issue were outside the scope of coverage and subject to exclusion, and there is no evidence that RSUI misrepresented policy terms, concealed information, or otherwise engaged in deceptive conduct. The Adolfs' assertion that the policy language was "vague" is unsupported by any expert testimony or admissible evidence and rests solely on counsel's argument and subjective disagreement with RSUI's interpretation. Such attorney argument is not a substitute for proof of an unfair or deceptive act, nor does it establish the remaining CPA elements of public interest impact, actual injury to business or property, or causation.

## V.    CONCLUSION

RSUI respectfully requests this Court deny the Adolf's Motions for Summary Judgment because there is a genuine issue of material fact.

THIRD PARTY DEFENDANTS RSUI'S RESPONSE TO COUNTER-CLAIM AND THIRD-PARTY PLAINTIFFS ADOLF'S MOTION FOR SUMMARY JUDGMENT –

SCHEER.LAW PLLC
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

I certify that this memorandum contains 3,416 words, in compliance with the Local Civil Rules

DATED this 15th day of December, 2025.

SCHEER.LAW PLLC

/s/ Jennifer L. Crow
Jennifer L. Crow, WSBA No. 43746
Catarina Ferreira, WSBA No. 56291
*Attorneys for Defendants RSUI Group, Inc., and RSUI Indemnity Company, Inc.*
jen@scheer.law
catarinaf@scheer.law

THIRD PARTY DEFENDANTS RSUI'S RESPONSE TO COUNTER-CLAIM AND THIRD-PARTY PLAINTIFFS ADOLF'S MOTION FOR SUMMARY JUDGMENT –

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington, that the following is true and correct:

I am employed by the law firm of Scheer.Law PLLC.

At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date set forth below I served the document(s) to which this is attached, in the manner noted on the following person(s):

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **CO/ Plaintiff**<br>Kevin A. Michael<br>COZEN O'CONNOR<br>999 3rd Ave., Ste.1900<br>Seattle WA 98104<br>kmichael@cozen.com | (　) Via U.S. Mail<br>( X ) Via E-Mail<br>( X ) Via E-Service<br>(　) Via Overnight Mail |
| **CO/ Plaintiff**<br>Michael D. Handler<br>Daniel L Syhre<br>Sarah P. Pozzi<br>Forsberg & Umlauf, P.S.<br>401 Union Street, Suite 1400<br>Seattle, WA 98101<br>mhandler@foum.law ;<br>dsyhre@foum.law ;<br>spozzi@foum.law | (　) Via U.S. Mail<br>( X ) Via E-Mail<br>( X ) Via E-Service<br>(　) Via Overnight Mail |
| **CO/ Third-Party Plaintiffs Adolphs**<br>Gregory Albert,<br>Albert Law PLLC<br>3131 Western Ave, Ste 410<br>Seattle, WA 98121<br>greg@albertlawpllc.com | (　) Via U.S. Mail<br>( X ) Via E-Mail<br>( X ) Via E-Service<br>(　) Via Overnight Mail |

THIRD PARTY DEFENDANTS RSUI'S RESPONSE TO COUNTER-CLAIM AND THIRD-PARTY PLAINTIFFS ADOLF'S MOTION FOR SUMMARY JUDGMENT –

SCHEER.LAW PLLC
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **CO/ Third-Party Plaintiffs Adolphs**<br>Darrell L. Cochran<br>Christopher E. Love<br>Thomas B. Vertetis<br>William T. McClure<br>Pfau Cochran Veretis Amala PLLC<br>909 A Street, Suite 700<br>Tacoma, WA 98402<br>darrell@pcvalaw.com;<br>chris@pcvalaw.com;<br>tom@pcvalaw.com;<br>wmcclure@pcvalaw.com | (  ) Via U.S. Mail<br>( X ) Via E-Mail<br>( X ) Via E-Service<br>(  ) Via Overnight Mail |

DATED this 15th day of December, 2025 at Seattle, Washington.

*/s/ Shiloh Angevine*
Shiloh Angevine, Legal Assistant

THIRD PARTY DEFENDANTS RSUI'S RESPONSE TO COUNTER-CLAIM AND THIRD-PARTY PLAINTIFFS ADOLF'S MOTION FOR SUMMARY JUDGMENT –

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070