**Honorable Tiffany M. Cartwright**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GENERAL CASUALTY COMPANY OF WISCONSIN, a Wisconsin corporation,<br><br>Plaintiff / Counterclaim Defendant,<br><br>v.<br><br>REED HEIN & ASSOCIATES, LLC d/b/a TIMESHARE EXIT TEAM, a Washington limited liability company; MAKAYMAX, INC., a Washington corporation; BRANDON REED, individually, BRIAN and KERRI ADOLPH, a married couple,<br><br>Defendants.<br><br>BRIAN and KERRI ADOLPH, a married couple,<br><br>Counterclaim and Third-Party Plaintiffs,<br><br>v.<br><br>RSUI GROUP, INC., a Georgia corporation; and RSUI INDEMNITY COMPANY, INC., a New Hampshire corporation,<br><br>Third-Party Defendants. | No. 2:23-cv-00725-TMC<br><br>**PLAINTIFF GENERAL CASUALTY COMPANY OF WISCONSIN'S RESPONSE TO COUNTERCLAIM AND THIRD-PARTY PLAINTIFFS BRIAN AND KERRI ADOLPH'S MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY** |

Plaintiff General Casualty Company of Wisconsin's Response to Counterclaim and Third-Party Plaintiffs Brian and Kerri Adolph's Motion to Exclude Certain Expert Testimony – 1   Case No.: 2:23-cv-00725-TMC

4933-3381-4914, v. 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

## I. RELIEF REQUESTED AND INTRODUCTION

Plaintiff and Counterclaim Defendant, General Casualty Company of Wisconsin, respectfully requests that the Court deny the motion to exclude certain opinions proffered by Bernd Heinze, filed by Defendants and Counterclaim Plaintiffs, Brian and Kerri Adolph.

The claims and defenses at issue in this case concern areas that are outside the general knowledge of most jurors: insurance claim handling, civil litigation, and covenant judgment settlements. Accordingly, General Casualty of Wisconsin retained an expert witness who by knowledge, training and experience can offer testimony helpful to the jury and explain the complex and technical facts and their import in this case. Bernd Heinze is a licensed attorney who has decades of insurance industry experience, including at least two decades as a leader in insurance company claims management, and trade associations. His 42 years of experience in the areas of litigation (and specifically insurance-related litigation), has extensively addressed insurance claim handling practices. Heinze has reviewed the voluminous record in this case, including the claims handling file, General Casualty's own policies, and much of the discovery taken in this declaratory judgment and bad faith case. Based on his review of this record and considering insurance industry standards, Heinze offers opinions regarding how General Casualty's conduct complied with industry practices and standards.

Heinze's testimony will assist jurors by explaining how insurance companies investigate and manage claims. He is qualified to offer such testimony based on his decades of relevant experience in the insurance industry. Heinze relies on his knowledge of insurance practices and standards of conduct.

Plaintiff General Casualty Company of Wisconsin's Response to Counterclaim and Third-Party Plaintiffs Brian and Kerri Adolph's Motion to Exclude Certain Expert Testimony – 2   Case No.: 2:23-cv-00725-TMC

4933-3381-4914, v. 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

Ultimately, it will be helpful to the jury to have Heinze explain complex concepts like insurance claim investigations (including the process for reviewing underwriting materials to understand the intent and to determine the actual construction of a policy), litigation, covenant judgments, and the timing of settlement negotiations in these specific types of cases. Heinze is well-versed and exceedingly experienced in all of these areas. Accordingly, the Court should deny the Adolphs' Motion.

## II.  RELEVANT FACTS

**A. Context Regarding the Issues in this Case.**

This is an insurance coverage dispute. This lawsuit also includes a counterclaim for insurance bad faith claims handling, assigned by General Casualty's named insured Reed Hein & Associates LLC ("Reed Hein") to the Adolph defendants. General Casualty has moved for summary judgment, seeking the Court's declaration that coverage is not afforded under its policies. Although the Adolph defendants do not seek a ruling on coverage, the Adolphs nonetheless seek the Court's dispositive ruling on General Casualty's claims handling and related issues. Both coverage as well as bad faith are central concepts to this litigation. Accordingly, the jury will be expected to consider whether General Casualty's claims handling and policy investigation comported with industry custom, practice, and procedures. This consideration sits against a complex fact backdrop, which the jury will also be required to understand and incorporate into its inquiry. This backdrop involves four inherently-contradictory insurance policies that deviated from their underwriting intent; volumes of investigatory correspondence between General Casualty, its underwriter ("Arrowhead"), and its underwriter's third-party subcontracted underwriting processor. A multitude of nuanced claims handling assessments related to Reed

Plaintiff General Casualty Company of Wisconsin's Response to Counterclaim and Third-Party Plaintiffs Brian and Kerri Adolph's Motion to Exclude Certain Expert Testimony – 3   Case No.:  2:23-cv-00725-TMC

4933-3381-4914, v. 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 ● (206) 689-8501 FAX

Hein's underlying defense and factored into General Casualty's good faith determination that its policy investigation was at no risk of prejudicing Reed Hein. The backdrop will also require the jury to understand and consider an undeniably hasty settlement agreement in which the Adolphs received an assignment of Reed Hein's insurance claims in exchange for a covenant not to execute a stipulated class action judgment. General Casualty's expert possesses the knowledge, training, and experience to offer opinions and helpful clarifying testimony on these topics.

### B. General Casualty's Expert Witness Bernd Heinze Has Specialized Knowledge That Will Be Helpful for the Jury's Understanding of the Evidence and Factual Disputes.

Bernd "Bernie" Heinze has been a licensed attorney since 1983. *See* Declaration of Sarah P. Pozzi in support of General Casualty's Response to Counterclaim and Third-Party Plaintiffs Brian and Kerri Adolph's Motion to Exclude Certain Expert Testimony ("Pozzi Decl."), ¶ 2, Ex. A. He founded the Heinze Group, LLC, an insurance consultancy comprised of trial attorneys and insurance professionals, which focuses on insurance, litigation and litigation management, claim administration, insurance coverage and bad faith, expert testimony and mediation/arbitration services. *Id.* He has been president and CEO of the Heinze Group for the last 25 years. *Id.* Prior to that, Heinze worked in the insurance industry as a litigator and trial lawyer from 1983 to 1997, then as Vice President and Chief Litigation Counsel for Reliance Insurance from 1997 to 2000, and continued his insurance industry work as Executive Director of the American Association of Managing General Agents from 2001 to 2017. *Id.* To sum, Bernd Heinze has extensive experience in the insurance industry, and understands the industry from its various angles: from underwriting by a managing general agent (like Arrowhead) to claims management and handling, as well as from the perspective of regulatory compliance, and finally, through the lens of a litigator. *Id.* Heinze's multi-lens perspective from his 42-year career in the often-arcane insurance industry will

Plaintiff General Casualty Company of Wisconsin's Response to Counterclaim and Third-Party Plaintiffs Brian and Kerri Adolph's Motion to Exclude Certain Expert Testimony – 4   Case No.: 2:23-cv-00725-TMC

4933-3381-4914, v. 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

be invaluable to jurors, who often have limited interaction with—and thus limited knowledge of—the industry as a whole.

Mr. Heinze has testified at either depositions or trials in over 150 cases since 2002. *Id.*, at pp. 40-53. Heinze maintains a balanced consulting and expert testimony practice; he testified at his November 18, 2025 deposition in this matter that 35% to 40% of his consulting and expert work is on behalf of policyholders, with the remainder of his consulting work split between insurance companies, self-insured companies, and reinsurers. Pozzi Decl., Ex. C, at 12:5-9. The Adolphs' position that Heinze is "most frequently" hired by insurance companies lacks detail, and does not provide more accurate details of Heinze's testimony and consulting on behalf of policyholders. *Id.* The Adolphs also fail to provide a properly-comprehensive picture of Heinze's publication history, claiming that he has failed to publish legal articles, periodical or trade publications on insurer claim handling practices. Their argumentative phrasing obscures a more comprehensive reading of Heinze's impressive professional background: he has not only written and published several White Papers on various subjects surrounding complex insurance topics, but he has also testified before Congress and regulatory bodies on insurance-related laws and regulations. Pozzi Decl., Ex. A, pp. 53-54. In other words, Heinze uses his extensive experience to foster insurance industry thought leadership and to provide input on insurance industry governance and regulation. In their Motion, the Adolphs misinterpret of Heinze's full background to falsely minimize his important—and relevant—contributions to claims handling practices nationwide.

Moreover, Heinze is familiar with not only how these types of complex claims should be examined and handled, but also when and under what reasonable circumstances an insurance

Plaintiff General Casualty Company of Wisconsin's Response to Counterclaim and Third-Party Plaintiffs Brian and Kerri Adolph's Motion to Exclude Certain Expert Testimony – 5  Case No.:  2:23-cv-00725-TMC

4933-3381-4914, v. 1

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

company should work to investigate the construction of a policy, and what that policy is intended to provide. Pozzi Decl., Ex. C, at 62:18-63:10, 63:19-64:11; 117:5-118:18. Heinze has reviewed and became familiar with the coverage issues, as well as the underlying case's various procedural developments. *Id.* at 44:6-9.  Independent from the Reed Hein litigation, Heinze has been directly involved in responding to and advising on claims handling issues, as evidenced by his history working for Reliance Insurance Company. *Id.* at 97:2-99:1. Heinze testified that while at Reliance, his responsibilities included providing legal advice to the claims department, as well as working with policyholders for ways to extend coverage, working with brokers and agents on issues of policy formation, and working with underwriters on underwriting issues. *Id.* at 97:10-25.

Heinze's review and analysis of the Reed Hein claim file and investigatory history indeed included consideration of Washington standards and practices, which in turn, are adopted from the national model Unfair Claims Settlement Practices Act, and promulgated by the National Association of Insurance Commissioners.[1] Heinze opines that under industry standards, practices, and procedures—including those of Washington State—the applicable standard of care requires insurers to evaluate tendered claims by relating the four corners of the complaint to the insurance policies under which the claims have been tendered. *Id.* at 61:5-10. As Heinze further explains, this industry practice cannot be considered a "hard-and-fast rule" because there *are* undoubtedly discrete exceptions where it *is* appropriate to narrowly look outside a complaint in a carrier's inquiry into whether coverage could be afforded for their policyholders (for example, in assessing whether a person is an insured, and as here, to answer the foundational question regarding the form and construction of the policy). Pozzi Decl., Ex. C, at 63:12-64:11.

---

[1] Heinze has, in fact, provided regulatory testimony before this very organization. *See* Pozzi Decl., Ex. A, p. 53.

Plaintiff General Casualty Company of Wisconsin's Response to Counterclaim and Third-Party Plaintiffs Brian and Kerri Adolph's Motion to Exclude Certain Expert Testimony – 6   Case No.:  2:23-cv-00725-TMC

4933-3381-4914, v. 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 ● (206) 689-8501 FAX

Heinze opines that General Casualty complied with the applicable customs, practices, and standards of care because its investigation and coverage evaluation were reasonable and fair based on the circumstances and the relevant information available to it at the time. Pozzi Decl., Ex. A, at pp. 28-33. Heinze also opines that Reed Hein itself failed to conduct itself in good faith and failed to abide by the reciprocal duties of full communication and cooperation, when it failed to notify General Casualty of settlement negotiations (let alone invite General Casualty to the underlying parties' scheduled mediation), and when Reed Hein settled the underlying class action by assigning bad faith claims it purportedly held against General Casualty, a mere 2-3 months after the underlying class action lawsuit was filed. *Id.* at p. 33-35

In addition to providing invaluable expert opinion on the above concepts, Heinze also rebuts opinions provided by the Adolphs' expert witness, Jim Schratz, that fail to adequately address the factual record, or to realistically discuss accepted customs and practices within the insurance industry. Pozzi Decl., Ex. B, at p. 3.

### III.  EVIDENCE RELIED UPON

This response relies on the Declaration of Sarah P. Pozzi in Support of General Casualty Company of Wisconsin's Opposition to Counterclaimant and Third-Party Plaintiffs Brian and Kerri Adolph's Motion to Exclude Certain Expert Opinions, as well as the exhibits attached to it.

### IV.  EXPERT TESTIMONY LEGAL STANDARDS

A witness is qualified to provide expert testimony on a specific topic under Federal Rule of Evidence 702 where he or she possesses "knowledge, skill, experience, training, or education" on the topic. Fed. R. Evid. 702; *see also Thomas v. Newton Int'l Enterprises*, 42 F.3d 1266, 1269- 70 (9th Cir. 1994) (finding that a longshoreman with 29 years of experience had the

Plaintiff General Casualty Company of Wisconsin's Response to Counterclaim and Third-Party Plaintiffs Brian and Kerri Adolph's Motion to Exclude Certain Expert Testimony – 7  Case No.:  2:23-cv-00725-TMC

4933-3381-4914, v. 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 ● (206) 689-8501 FAX

foundation required to give "expert" testimony as to the working conditions of experienced longshore personnel). "Fed. F. Evid. 702 'contemplates a broad conception of expert qualifications.'" *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F. 3d 998, 1018 (9th Cir. 2004) (*quoting Thomas*, 42 F.3d at 1269).

The intent of Rule 702 "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). Under the applicable standard in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the admissibility of expert testimony hinges on whether the proffered evidence is relevant and reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). An expert may proffer his opinion when it reflects: "(1) scientific knowledge," and (2) will help the jury understand or determine an issue of material fact. *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1228 (9th Cir. 1998) (quoting *Daubert*, 509 U.S. at 592). The *Daubert* court noted the important inquiry is whether the opinion is (1) based upon sufficient facts or data, (2) the product of reliable principles and methods, and (3) the witness has applied those principles and methods reliably to the facts. Fed. R. Evid. 702; *See Barabin v. Asten Johnson, Inc.*, 700 F.3d 428, 432 (9th Cir. 2012).

"[T]he trial court has discretion to decide how to test an expert's reliability as well as whether the testimony is reliable, based on the particular circumstances of the particular case." *Primiano*, 598 F.3d 558, 564 (9th Cir. 2010) (citations and quotation marks omitted); see also *Barabin*, 740 F.3d at 463. The test "is not the correctness of the expert's conclusions but the soundness of his methodology," and when an expert meets the threshold established by Rule 702,

Plaintiff General Casualty Company of Wisconsin's Response to Counterclaim and Third-Party Plaintiffs Brian and Kerri Adolph's Motion to Exclude Certain Expert Testimony – 8  Case No.:  2:23-cv-00725-TMC

4933-3381-4914, v. 1

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

the expert may testify and the fact finder decides how much weight to give that testimony. *Primiano*, 598 F.3d at 564-65. Challenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014).

The 2023 amendments to FRE 702 support and clarify these propositions. In relevant part, the applicable Advisory Committee note reads:

> Nothing in the amendment imposes any new, specific procedures. Rather, the amendment is simply intended to clarify that Rule 104(a)'s requirement applies to expert opinions under Rule 702. Similarly, nothing in the amendment requires the court to nitpick an expert's opinion in order to reach a perfect expression of what the basis and methodology can support.

Fed. R. Evid. 702, 2023 Advisory Committee Note. The Rule was amended (1) "to clarify and emphasize that expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule" and (2) "to emphasize that each expert opinion must stay within the bounds of what can be concluded from a reliable application of the expert's basis and methodology." *Id.* The Advisory Committee noted that once the threshold was met, "the fact that the expert has not read every single study that exists will raise a question of <u>weight, and not admissibility</u>." *Id.* (emphasis added). Experts can come to different conclusions based on contested sets of facts and this does not require exclusion of either side's expert. *Id.*

## V. ARGUMENT

### A. Heinze Possesses Specialized Knowledge That Will Help the Jury Understand the Nuances of the Complex Insurance Issue Before Them.

Testimony about claims handling standards of care within the insurance industry are helpful to the trier of fact for purposes of satisfying ER 702. *See e.g., Hangarter*, 373 F.3d at 1016

Plaintiff General Casualty Company of Wisconsin's Response to Counterclaim and Third-Party Plaintiffs Brian and Kerri Adolph's Motion to Exclude Certain Expert Testimony – 9   Case No.:  2:23-cv-00725-TMC

4933-3381-4914, v. 1

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

(allowing "testimony that Defendants failed to comport with industry standards"); *Peckham v. Continental Cas. Ins. Co.*, 895 F.2d 830, 837-38 (1st Cir. 1990) (approving expert testimony because "[i]nsurance is a complicated subject and the industry, over time, has developed a patina of custom and usage. Arcana abound."); *Cypress Ins. Co. v. SK Hynix Am., Inc.*, 2:17-CV-00467-RAJ, 2019 WL 634684, at *3 (W.D. Wash. Feb 14, 2019).

Heinze intends to provide testimony about claims-handling standards in the insurance industry and that General Casualty's actions were reasonable under those standards. *See generally*, Pozzi Decl., Ex. A. The Adolphs attempt to construct Heinze's opinion as one that deviates from Washington's "eight corners" test, but Heinze's opinion adheres to that standard, and provides opinion testimony pertaining to the nuance in General Casualty's specific case involving policy-issuance fact investigation—or, how an insurance carrier should proceed under industry standards and custom when all "eight corners" are not readily available upon an insured's tender. Pozzi Decl., Ex. C, 62:23-64:11; 65:4-66:13; 68:2-11. These are appropriate topics for expert testimony in this fact-intensive and investigatively-complex case. *See, e.g., Ramirez-Yanez*, 2013 WL 1499199 at *2 (W.D. Wash. Apr. 11, 2013).

**B.  Heinze's Testimony and Opinions Are Reliable.**

The *Daubert* factors are not built to apply to every case in the same way. *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004); *Clayton v. Air & Liquid Sys. Corp.*, C18-0748JLR, 2020 WL 729205, at *3 (W.D. Wash. Feb. 13, 2020). The trial court has broad secretion "in deciding how to test an expert's reliability." *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000).

Plaintiff General Casualty Company of Wisconsin's Response to Counterclaim and Third-Party Plaintiffs Brian and Kerri Adolph's Motion to Exclude Certain Expert Testimony – 10   Case No.:  2:23-cv-00725-TMC

4933-3381-4914, v. 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 ● (206) 689-8501 FAX

"Concerning the reliability of non-scientific testimony," such as claims-handling custom and practice and underwriting investigations in the insurance industry, "the '*Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable to this kind of testimony, whose reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it.'" *See Hangarter*, 373 F.3d at 1017; *Kumho Tire*, 526 U.S. at 150. "Given that, unlike scientific or technical testimony, the reliability of [the expert]'s testimony was not contingent upon a particular methodology or technical framework, the district court did not abuse its discretion in finding [the expert]'s testimony reliable **based on his knowledge and experience**." *Hangarter*, 373 F.3d at 1018 (emphasis added). The experience, training, and education of Heinze therefore provide a more-than-sufficient foundation of reliability.

The Adolphs also attack the factual basis of Heinze's opinions. But according to Heinze's expert disclosure and expert subpoena response, Heinze has reviewed the various pleadings in this action and in the underlying *Adolph* class action, the insurance policies, General Casualty's claim file, underwriting materials produced by Arrowhead and Brown & Brown of California, volumes of deposition transcripts, deposition exhibits, General Casualty's claim handling manual, and other various documents exchanged in discovery. Pozzi Decl. Ex. A, pp. 12-13; Ex. C, at 44:7-24. These are precisely the documents that form an adequate basis for an expert retained to testify about claim handling and underwriting intent. *Ramirez-Yanez*, 2013 WL 1499199, at *3.

The Adolphs' motion to exclude makes clear that they do not *like* or *agree with* Heinze's opinions. However, the Adolphs' remedy is to challenge Heinze's opinions during cross-examination at trial. *Hassebrock v. Air & Liquid Sys. Corp.*, C14-1835RSM, 2016 WL 4496917, at *2 n.4 (W.D. Wash. Apr. 11, 2016); *Spokane Tent & Awning*, 2001 WL 36100976, at *2.

Plaintiff General Casualty Company of Wisconsin's Response to Counterclaim and Third-Party Plaintiffs Brian and Kerri Adolph's Motion to Exclude Certain Expert Testimony – 11   Case No.: 2:23-cv-00725-TMC

4933-3381-4914, v. 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

Heinze's testimony is reliable and based on decades of relevant experience in the insurance industry, and is therefore not only helpful to a jury, but reliable and therefore admissible.

### C. Heinze Offers His Expert Opinions, Not Legal Conclusions.

The Adolphs contend that Heinze's expert opinions constitute inadmissible legal conclusions. But an "opinion is not objectionable just because it embraces an ultimate issue." ER 704(a); *Peckham*, 895 F.2d at 838. Testimony about claims-handling standards or that an insurer's conduct met and exceeded custom and practice in the industry is not an impermissible legal conclusion. "Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence **even though reference to those facts is couched in legal terms.**" *Hangarter*, 373 F.3d at 1017 (emphasis added). Heinze has extensive experience in the subjects of insurance claims handling, the manner in which insurance companies investigate claims, and the manner in which insurance policies are underwritten. Heinze has spent the last forty years deeply immersed in the insurance industry, and he is acutely familiar with the industry's standards of practice, as well as navigating the nuances of those standards. His testimony will be helpful for a jury and encompasses proper subjects for expert witnesses in this case.

### D. Heinze's Opinions Permissibly Address Reed Hein's Lack of Evident <u>Harm</u> in the Context of General Casualty's Claims Handling and Investigation, Not Damages.

The Adolphs conflate case "damages" with Reed Hein's <u>harm</u> in a bid to exclude Heinze's opinion regarding the reasonableness of General Casualty's investigation under a comprehensive review of the highly-specific facts and circumstances. Heinze's discussion of "damages" at his deposition directly pertained to the harm that General Casualty's named insured purportedly suffered because of General Casualty's alleged bad-faith claims handling. *See* Pozzi Decl., Ex. C,

Plaintiff General Casualty Company of Wisconsin's Response to Counterclaim and Third-Party Plaintiffs Brian and Kerri Adolph's Motion to Exclude Certain Expert Testimony – 12   Case No.: 2:23-cv-00725-TMC

4933-3381-4914, v. 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

at 48:6-21. Heinze's discussion of Reed Hein's damages focuses on the facts surrounding Reed Hein's ongoing protection by highly competent defense counsel while General Casualty conducted its investigation into what the policies were. However, Heinze does <u>not</u> present an opinion regarding a putative damages figure that the Adolphs contend derives from the underlying *Adolph* class action settlement. Heinze's opinion regarding whether Reed Hein suffered harm is inextricably linked with General Casualty's conduct. *Id.* This is because one of the many reasons why General Casualty's ongoing investigation was reasonable is because Reed Hein had highly competent counsel continuing to defend it[2] while General Casualty investigated the construction of the at-issue policies. Heinze's opinion goes to General Casualty's actions in light of these fact details—not to the damages figure that the Adolphs seek. Heinze's testimony regarding Reed Hein's harm is therefore properly and entirely supported by the evidentiary rules.

## V. CONCLUSION

Bernd Heinze's opinions will be helpful and reliable to a jury. He has 42 years of experience working within the insurance industry, and extensive experience evaluating and advising on claims handling and claims investigations. Accordingly, General Casualty respectfully requests the Court deny the Counterclaimants' motion to exclude Bernd Heinze's testimony.

*I certify that this memorandum contains 3,645 words, in compliance with the Local Civil Rules.*

---

[2] Reed Hein's defense counsel, Jack Lovejoy with the Corr Cronin LLP law firm, had been defending Reed Hein against various claims, arbitrations and state investigations for several years prior to the *Adolph* class action lawsuit.

Plaintiff General Casualty Company of Wisconsin's Response to Counterclaim and Third-Party Plaintiffs Brian and Kerri Adolph's Motion to Exclude Certain Expert Testimony – 13  Case No.: 2:23-cv-00725-TMC

4933-3381-4914, v. 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

DATED this 15th day of December, 2025.

s/ Sarah P. Pozzi
Michael D. Handler, WSBA #25654
Daniel L. Syhre, WSBA #34158
Sarah P. Pozzi, WSBA #55744
Forsberg & Umlauf, P.S.
401 Union St., Suite 1400
Seattle, WA  98101
Phone:  (206) 689-8500
mhandler@foum.law
dsyhre@foum.law
spozzi@foum.law
*Attorneys for Plaintiff General Casualty Company of Wisconsin*

Plaintiff General Casualty Company of Wisconsin's Response to Counterclaim and Third-Party Plaintiffs Brian and Kerri Adolph's Motion to Exclude Certain Expert Testimony – 14  Case No.: 2:23-cv-00725-TMC

4933-3381-4914, v. 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX