UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN and KERRI ADOLPH, a married couple, <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL CASUALTY COMPANY OF WISCONSIN, a Wisconsin corporation; and RSUI GROUP, INC., a Georgia corporation; and RSUI INDEMNITY COMPANY, INC., a New Hampshire corporation, <br><br> Defendants. | Case No. 2:23-cv-00725-TMC <br><br> ORDER DENYING RSUI'S MOTION FOR RECONSIDERATION |

## I.    INTRODUCTION

Defendants RSUI Group, Inc. and RSUI Indemnity Company, Inc. (together, "RSUI") move for reconsideration (Dkt. 92) of the Court's summary judgment order (Dkt. 87) concluding that RSUI breached its duty to defend Reed Hein & Associates, LLC ("Reed Hein"). Because RSUI has not shown manifest error in the Court's ruling, or new facts or legal authority that

ORDER DENYING RSUI'S MOTION FOR RECONSIDERATION - 1

could not have been brought to the Court's attention earlier with reasonable diligence, the motion for reconsideration is DENIED.

## II.    LEGAL STANDARD

Under this District's Local Civil Rules, "[m]otions for reconsideration are disfavored," and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (alteration in original) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (citation modified). "A motion for reconsideration is not intended to provide litigants with a second bite at the apple." *Stevens v. Pierce County*, No. C22-5862 BHS, 2023 WL 6807204, at *2 (W.D. Wash. Oct. 16, 2023).

## III.    DISCUSSION

**A.    RSUI has waived its argument opposing the "late tender" rule.**

RSUI first argues that the Court committed manifest error by applying Washington's "late tender" rule (also known as the notice/prejudice rule) to its claims-made policy. Dkt. 92 at 5–7. But RSUI did not raise this argument in opposition to the Adolphs' summary judgment motion, even though the Adolphs expressly argued for application of the late-tender rule. Dkt. 53 at 18 (motion); *see* Dkt. 60 at 6–7 (response). A motion for reconsideration "may *not* be used to

raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). RSUI's late-tender argument was therefore waived.

**B.    The Adolphs have persuasively explained why the "late tender" rule should apply to the language of RSUI's policy.**

Even if the Court were to consider RSUI's new argument, the Adolphs persuasively argue for the application of the late-tender rule to the specific policy language at issue here. RSUI points to two cases where a Washington appellate court and a federal court in this District concluded the late-tender rule should not apply to claims-made policies. *Manufactured Hous. Cmties. of Wash. v. St. Paul Mercury Ins. Co.*, 660 F. Supp. 2d 1208 (W.D. Wash. 2009); *Safeco Title Ins. Co. v. Gannon*, 54 Wn. App. 330, 774 P.2d 30 (1989). But in each of these cases, the court's holding depended on policy provisions that required notice to be given during a clearly defined window—the policy period itself. *Manufactured Hous.*, 660 F. Supp. 2d at 1212–13; *Gannon*, 54 Wn. App. at 335–40. Here, in contrast, the applicable policy language required only that notice be given "as soon as practicable." Dkt. 60-1 at 22.

To recount the relevant facts, RSUI issued two claims-made policies to Reed Hein: one for the period of May 16, 2020 to May 16, 2021 ("Policy 1"), and one from May 16, 2021 to May 16, 2022 ("Policy 2"). *Id.* at 7–46, 48–88. In August 2021, Reed Hein notified RSUI of two lawsuits (not part of this litigation) that had been filed against it in April 2021. Dkt. 54 at 157. For *those* lawsuits, RSUI's policy required Reed Hein to give it notice both "as soon as practicable" *and* no later than 60 days after expiration of the relevant policy—Policy 1. *Id.* at 158. RSUI denied coverage for those lawsuits because Reed Hein did not provide notice until more than 90 days after Policy 1 expired. *Id.* RSUI also found that those lawsuits were excluded by the "prior acts" exclusion. *Id.* at 158–59.

The Adolphs filed their underlying lawsuit in October 2021—during Policy 2. *Id.* at 22–52. Reed Hein gave notice of the lawsuit to RSUI in late November 2021. *Id.* at 161–62. But RSUI deemed the Adolphs' lawsuit to be part of the same "Claim" as the earlier lawsuits that were filed in April. *Id.* at 171. The policy thus creates a counterintuitive legal fiction where a lawsuit that was not filed until Policy 2 is deemed a Claim made during Policy 1. In that circumstance, the policy requires *only* that notice be given "as soon as practicable." Dkt. 60-1 at 22 ("[I]f any Claim first made after the Policy Period expires is nonetheless deemed to be made during the Policy Period pursuant to Section V.B.4, then it is a condition precedent to coverage for such Claim that the Insured report it to the Insurer as soon as practicable.").

In that context, the rationale of Washington's late-tender rule applies in full force, and the distinction made in *Manufactured Housing* and *Gannon* for claims-made policies with a defined reporting period does not make sense. As the court in *Manufactured Housing* explained, the late-tender rule "applies to the notice provisions usually found in cooperation clauses, which exclude coverage if the insured fails to notify the insurer of accidents or occurrences in a timely manner." 660 F. Supp. 2d at 1213 (quoting *Gannon*, 54 Wn. App. at 336). The clause here requiring notice "as soon as practicable" is indistinguishable from the types of notice provisions in occurrence polices where the late-tender rule typically applies. RSUI does not dispute the testimony of its adjuster that RSUI was not prejudiced by the November 2021 notice of the October 2021 lawsuit. *See* Dkt. 54 at 168. Under these circumstances, the allegation of late notice could not support RSUI's denial of its duty to defend.

**C.     RSUI's argument about the Prior Acts exclusion does not show manifest error.**

Finally, although it is difficult to follow, RSUI seems to raise a separate argument that due to the prior acts exclusion, the "Claim" associated with the Adolphs' lawsuit was made before May 2018, not April 2021. *See* Dkt. 92 at 7. For the reasons explained in the Adolphs'

ORDER DENYING RSUI'S MOTION FOR RECONSIDERATION - 4

opposition brief, *see* Dkt. 100 at 9–10, this argument conflates the policy's defined terms for "Claim" and "Wrongful Act," and it does not show manifest error in this Court's interpretation of the prior acts exclusion.

## IV.   CONCLUSION

RSUI's motion for reconsideration (Dkt. 92) is DENIED.

Dated this 6th day of April, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING RSUI'S MOTION FOR RECONSIDERATION - 5