Honorable Tiffany M. Cartwright

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| BRIAN and KERRI ADOLPH, a married couple,<br><br>              Plaintiff,<br><br>v.<br><br>GENERAL CASUALTY COMPANY OF WISCONSIN, a Wisconsin Corporation, and RSUI GROUP, INC., a Georgia corporation; and RSUI INDEMNITY COMPANY, INC., a New Hampshire corporation,<br><br>              Defendants. | NO. 2:23-CV-00725-TMC<br><br>DEFENDANTS RSUI GROUP, INC., AND RSUI INDEMNITY COMPANY, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR CERTIFICATION TO THE WASHINGTON STATE SUPREME COURT |

## I.  INTRODUCTION

RSUI Group, Inc. and RSUI Indemnity Company, Inc. ("RSUI") submit this limited opposition solely to address Plaintiffs' request to certify questions to the Washington Supreme Court and to ensure that any certification does not improperly include RSUI in issues unrelated to RSUI's policies or defenses. Plaintiffs' proposed certified questions concern whether an insurer is estopped from seeking reformation based on mutual mistake, and whether an insurer may consider extrinsic evidence of the parties' mutual intent to determine the duty to defend.

DEFENDANTS RSUI GROUP, INC., AND RSUI INDEMNITY COMPANY, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR CERTIFICATION TO THE WASHINGTON STATE SUPREME COURT – PAGE 1

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

Dkt 108. Plaintiffs' motion clarifies that these questions are focused on General Casualty's reformation/mutual mistake theory and its "missing exclusion" dispute. *Id.*, at 6.

Regarding RSUI, those questions are not determinative of any claim or defense. RSUI is not seeking reformation based on mutual mistake, and RSUI's coverage disputes stem from different policy provisions and legal issues, which are currently pending before the court in the form of a Motion for Reconsideration and Motion to Certify Appeal. Dkts. 92 and 105, respectively. Therefore, certification should be denied as to RSUI. Alternatively, if the Court certifies any question(s), it should expressly limit certification to General Casualty and clarify that certification does not stay or otherwise impact RSUI-related issues or RSUI's separate interlocutory review requests.

## II.    LEGAL STANDARD

Certification to the Washington Supreme Court is discretionary and only appropriate when a question of Washington law is unresolved and the answer is necessary to settle key issues in the case. The certifying court must be convinced that certification will significantly help resolve the case and is not merely advisory.

## III.    ARGUMENT

### A. Plaintiffs' proposed certified questions are not determinative as to RSUI.

Certified questions from federal court are questions of law that the Court reviews de novo. *Bradburn v. N. Cent. Reg'l Library Dist.*, 168 Wn.2d 789, 799, 231 P.3d 166 (2010). The Court considers the legal issues not in the abstract but based on the certified record provided by the federal court. *Id.*, citing RCW 2.60.030(2); Carlsen v. Global Client Solutions, LLC, 171 Wn.2d 486, 493, 256 P.3d 321, 324, 2011 Wash. LEXIS 368, 90 A.L.R.6th 683. Plaintiffs' motion seeks certification of questions related to reformation/mutual mistake and the appropriateness of using extrinsic evidence of mutual intent to determine the duty to defend—questions that are connected to General Casualty's claimed "missing exclusion" and associated reformation theory. Those issues do not pertain to RSUI.

DEFENDANTS RSUI GROUP, INC., AND RSUI INDEMNITY COMPANY, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR CERTIFICATION TO THE WASHINGTON STATE SUPREME COURT – PAGE 2

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

RSUI is not pursuing reformation based on mutual mistake. RSUI is not contesting whether policy language should be altered to add an omitted exclusion, nor is it asking the Court for a reformation remedy. RSUI's dispute involves different policy language and separate defenses, and the Court's previous rulings regarding RSUI are based on issues unrelated to reformation.

Because Plaintiffs' proposed certified questions do not address RSUI's policy, RSUI's defenses, or any RSUI-specific dispositive issue, certification cannot "determine" RSUI's rights or obligations in this case. Even if the Washington Supreme Court were to accept and answer Plaintiffs' questions, those answers would not resolve RSUI's coverage defenses, would not dispose of RSUI-related claims, and would not eliminate or materially narrow RSUI-specific proceedings. Therefore, certification is not appropriate as to RSUI.

**B. If the Court certifies any questions, it should expressly limit the certification to General Casualty.**

If the Court is inclined to certify a question, RSUI respectfully requests that the court limit the certification order to General Casualty. The certification order should expressly state that the certified question(s) arise only from General Casualty's reformation/mutual mistake theory and do not apply to RSUI. RSUI is pursuing a separate interlocutory review, and certification on issues before this Court that are irrelevant to RSUI should not delay adjudication of RSUI's distinct posture or determination of the pending motions. Absent such limitations, certification risks causing unnecessary delay and confusion by effectively pausing RSUI-related proceedings while the Washington Supreme Court considers issues that do not resolve RSUI disputes. That would not promote judicial economy for RSUI; it would do the opposite.

### IV.    CONCLUSION

For the foregoing reasons, RSUI respectfully asks the Court to deny Plaintiffs' Motion to Certify Questions to the Washington Supreme Court regarding RSUI. Alternatively, if the

DEFENDANTS RSUI GROUP, INC., AND RSUI INDEMNITY COMPANY, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR CERTIFICATION TO THE WASHINGTON STATE SUPREME COURT – PAGE 3

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

Court certifies any question(s), RSUI requests a clear order restricting certification to General Casualty's reformation/mutual mistake issues and confirming that certification does not delay or otherwise impact RSUI-related claims, defenses, or appellate proceedings.

DATED this 8th day of April, 2026.

SCHEER.LAW PLLC

/s/ Jennifer L. Crow
Jennifer L. Crow, WSBA No. 43746
jen@scheer.law
Catarina Ferreira, WSBA No. 56291
catarinaf@scheer.law
Attorneys for Defendants RSUI Group, Inc., and RSUI Indemnity Company, Inc.

DEFENDANTS RSUI GROUP, INC., AND RSUI INDEMNITY COMPANY, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR CERTIFICATION TO THE WASHINGTON STATE SUPREME COURT – PAGE 4

SCHEER.LAW PLLC
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington, that the following is true and correct:

I am employed by the law firm of Scheer.Law PLLC.

At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date set forth below I served the document(s) to which this is attached, in the manner noted on the following person(s):

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **CO/ Plaintiff**<br>Kevin A. Michael<br>Cozen O'Connor<br>999 Third Avenue, Suite 1900<br>Seattle WA 98104<br>kmichael@cozen.com | ( )  **Via U.S. Mail**<br>( X )  **Via E-Mail**<br>( X )  **Via E-Service**<br>( )  **Via Overnight Mail** |
| **CO/ Plaintiff**<br>Michael D. Handler<br>Daniel L Syhre<br>Sarah P. Pozzi<br>Clyde & Co. US LLP<br>401 Union Street, Suite 1400<br>Seattle, WA 98101<br>michael.handler@clydeco.com<br>dan.syhre@clydeco.com<br>sarah.pozzi@clydeco.com | ( )  **Via U.S. Mail**<br>( X )  **Via E-Mail**<br>( X )  **Via E-Service**<br>( )  **Via Overnight Mail** |
| **CO/ Third-Party Plaintiffs Adolph**<br>Gregory Albert<br>Albert Law PLLC<br>3131 Western Avenue, Suite 410<br>Seattle, WA 98121<br>greg@albertlawpllc.com | ( )  **Via U.S. Mail**<br>( X )  **Via E-Mail**<br>( X )  **Via E-Service**<br>( )  **Via Overnight Mail** |

DEFENDANTS RSUI GROUP, INC., AND RSUI INDEMNITY COMPANY, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR CERTIFICATION TO THE WASHINGTON STATE SUPREME COURT – PAGE 5

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **CO/ Third-Party Plaintiffs Adolph**<br>Darrell L. Cochran<br>Christopher E. Love<br>Thomas B. Vertetis<br>William T. McClure<br>Andrew S. Ulmer<br>Pfau Cochran Vertetis Amala PLLC<br>909 A Street, Suite 700<br>Tacoma, WA 98402<br>darrell@pcvalaw.com<br>chris@pcvalaw.com<br>tom@pcvalaw.com<br>wmcclure@pcvalaw.com<br>aulmer@pcvalaw.com | ( ) Via U.S. Mail<br>( X ) Via E-Mail<br>( X ) Via E-Service<br>( ) Via Overnight Mail |

DATED this 8th day of April, 2026 at Seattle, Washington.

*/s/ Schuyler Todd*
Schuyler Todd, Legal Assistant

DEFENDANTS RSUI GROUP, INC., AND RSUI INDEMNITY
COMPANY, INC.'S RESPONSE TO PLAINTIFFS' MOTION
FOR CERTIFICATION TO THE WASHINGTON STATE
SUPREME COURT – PAGE 6

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070