**Honorable Tiffany M. Cartwright**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN and KERRI ADOLPH, a married couple,<br><br>Plaintiffs,<br><br>vs.<br><br>GENERAL CASUALTY COMPANY OF WISCONSIN, a Wisconsin corporation, and RSUI GROUP, INC., a Georgia corporation and RSUI INDEMNITY COMPANY, INC., a New Hampshire corporation,<br><br>Defendants. | No. 2:23-cv-00725-TMC<br><br>**DEFENDANT GENERAL CASUALTY COMPANY OF WISCONSIN'S OPPOSITION TO PLAINTIFFS' MOTION FOR CERTIFICATION TO THE WASHINGTON STATE SUPREME COURT**<br><br>**NOTED FOR HEARING: APRIL 15, 2026** |

## I.   INTRODUCTION

This Court should deny Plaintiffs' belated motion to certify issues to the Washington Supreme Court after they lost on those same issues in this Court. Certification is not a vehicle for a second chance at prevailing or a way to enlist the Washington Supreme Court as a de facto appellate court for federal decisions. Plaintiffs fall far short of the "particularly compelling" showing required to overcome the strong presumption against certification.

This Court properly rejected Plaintiffs' theory that the duty to defend should be determined from an erroneous writing rather than the parties' actual agreement. The Court properly relied on the policy itself, instead of a scrivener's error that diverged from its terms, to conclude that no

Defendant General Casualty Company of Wisconsin's Opposition to Plaintiffs' Motion for Certification to The Washington State Supreme Court – 1
Case No.:  2:23-cv-00725-TMC

**CLYDE & CO US LLP**
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

conceivable coverage—and thus no duty to defend—existed.

Plaintiffs cite no authority supporting their contention that the contract-defining communications between the parties to a policy are extrinsic evidence that must be ignored in analyzing the duty to defend. Plaintiffs also assume the existence of a duty despite the Court's contrary ruling, yet they never explain how even the unreformed policy conceivably covered their complaint against Reed Hein.

Under Plaintiffs' approach, Washington's highest court would be required to review any federal reformation ruling, even when that ruling is based on well-settled scrivener's-error principles and undisputed facts. That result would disregard the presumption against certification and undermine judicial efficiency. This Court should deny Plaintiffs' motion and refuse certification.

## II.    ARGUMENT

### A.    Plaintiffs' Motion is Untimely and Subject to a Strong Presumption Against Certification

Courts have "long looked with disfavor upon motions to certify that are filed after the moving party has failed to avail itself of a prior opportunity to seek certification." *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1108 (9th Cir. 2013). "There is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision." *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008). To overcome this presumption, a party seeking belated certification must show "particularly compelling reasons why it should be allowed a second chance at victory." *Waithaka v. Amazon, Inc.*, C19-1320-JCC, 2025 WL 723679, at *1 (W.D. Wash. Mar. 6, 2025) (quoting *Alliance for Prop. Rts. & Fiscal Resp. v. City of Idaho Falls*, 742 F.3d 1100, 1108 (9th Cir. 2013)).

Defendant General Casualty Company of Wisconsin's Opposition to Plaintiffs'
Motion for Certification to The Washington State Supreme Court – 2
Case No.:  2:23-cv-00725-TMC

**CLYDE & CO US LLP**
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 ● (206) 689-8501 FAX

The presumption rests on two sound policies.

First, parties should not be permitted to gamble on a district court ruling and then invoke certification only after losing as a means of overturning an adverse decision. *See Nelson v. Specialized Loan Servicing LLC*, C20-5461BHS, 2020 WL 6318690, at *3 (W.D. Wash. Oct. 28, 2020) ("One should not be permitted to litigate a claim and lose, and only then seek Certification of the issue to state court as a way around the result."). Allowing parties to use certification as a *de facto* appeal would turn district court decisions into "nothing but a gamble," with none of the risk. *Wilson v. Playtika Ltd.*, No. 3:18-CV-05277-RBL, 2020 WL 2512905 (W.D. Wash. May 15, 2020) (quoting *Thompson*, 547 F.3d at 1065).

Second, certification exists to resolve unanswered questions of state law that would otherwise prevent the district court from deciding a case; not to obtain review of a decision the court has already made. "The Washington State Supreme Court does not operate as a court of appeals for decisions of this Court." *Maki v. Bremerton Sch. Dist.*, 3:19-CV-05901-RJB, 2021 WL 4060416, at *1 (W.D. Wash. Sept. 7, 2021).

For these reasons, courts in this district overwhelmingly reject untimely certification motions, even when the motion is otherwise meritorious (which is *not* the case here).[1]

---

[1] *E.g., Waithaka v. Amazon, Inc.*, C19-1320-JCC, 2025 WL 723679, at *1 (W.D. Wash. Mar. 6, 2025); *Wilson v. Playtika Ltd.*, 3:18-CV-05277-RBL, 2020 WL 2512905, at *2 (W.D. Wash. May 15, 2020) ("arguments that the Washington Supreme Court should decide this issue of Washington law do not overcome the presumption created by the decision to litigate in federal court"); *Nelson v. Specialized Loan Servicing LLC*, C20-5461BHS, 2020 WL 6318690, at *3 (W.D. Wash. Oct. 28, 2020); *Jha v. Chicago Title Ins. Co.*, 2:23-CV-00584, 2024 WL 1240679, at *1 (W.D. Wash. Mar. 22, 2024); *E.S. by & through R.S. v. Regence BlueShield*, 2:17-CV-01609-RAJ, 2024 WL 2250249, at *2 (W.D. Wash. May 17, 2024) (despite "the importance of preventing discrimination in insurance transactions," plaintiff did not overcome the presumption against "post hoc requests for certification"); *Maki v. Bremerton Sch. Dist.*, 3:19-CV-05901-RJB, 2021 WL 4060416, at *1 (W.D. Wash. Sept. 7, 2021); *Frias v. Asset Foreclosures Servs., Inc.*, 957 F. Supp. 2d 1264, 1268 (W.D. Wash. 2013("While certification may be useful where there are untested questions of state law, '[t]here is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision.'"); *Robertson v. GMAC Mortg. LLC*, No. C12-2017-MJP, 2013 WL 2351725, at *1–2 (W.D. Wash. May 30, 2013) (same); *Hann v. Metropolitan Cas. Ins. Co.*, No. 12–5031 RJB, 2012 WL 3098711, at

Defendant General Casualty Company of Wisconsin's Opposition to Plaintiffs'
Motion for Certification to The Washington State Supreme Court – 3
Case No.:  2:23-cv-00725-TMC

**CLYDE & CO US LLP**
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

**B.**     **Plaintiffs Fail to Rebut the Presumption Against Certification**

Plaintiffs do not come close to making the "particularly compelling" showing required to overcome the presumption against certification. Their argument boils down to the notion that they think this Court got it wrong and they hope the Washington Supreme Court will agree with them. That does not suffice.

"Particularly compelling" is a demanding standard. Courts in the Ninth Circuit "invoke the certification process only after careful consideration and do not do so lightly." *Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003). In deciding a request to certify, courts consider: (1) whether the question presents unresolved issues of state law with "important public policy ramifications"; (2) whether the issue is new, substantial, and of broad application; (3) the state court's caseload; and (4) "the spirit of comity and federalism." *Id*. at 1037–38. Certification is inappropriate merely because the law "is not entirely settled" or because a case presents novel facts. *Cent. Puget Sound Reg'l Transit Auth. v. Lexington Ins. Co.*, C14-778 MJP, 2014 WL 5859321, at *1 (W.D. Wash. Nov. 12, 2014) (quoting *Keystone Land & Dev. Co. v. Xerox Corp.,* 353 F.3d 1093, 1097 (9th Cir. 2003)). It is instead reserved for questions whose resolution would "have far-reaching effects." *Id.* (quoting *Keystone Land*, 353 F.3d at 1097).

Certification is subject to rejection even where the district court concludes that state law is unsettled. A district court may decline to certify if it "believes that it can resolve an issue of state law with available research materials already at hand." *Lehman Bros. v. Schein*, 416 U.S. 386,

---

*2 (W.D. Wash. July 30, 2012) (same); *Z.D. v. Grp. Health Coop*., C11-1119RSL, 2011 WL 13127656, at *1 (W.D. Wash. Dec. 20, 2011) ("Arguably, the Court could hang its hat on this presumption alone."); *Aecon Bldgs., Inc. v. Zurich N. Am.*, No. C07-0832MJP, 2008 WL 4299045, at *2 (W.D. Wash. Sept. 18, 2008) (rejecting attempt to use belated certification as "a back door to an appeal or to forum shop after the ruling has been made").

Defendant General Casualty Company of Wisconsin's Opposition to Plaintiffs'
Motion for Certification to The Washington State Supreme Court – 4
Case No.:  2:23-cv-00725-TMC

**CLYDE & CO US LLP**
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 ● (206) 689-8501 FAX

395 (1974). This Court so concluded, as its decision on the merits shows.

Plaintiffs cite only two decisions from this district that granted certification after a dispositive ruling: *Allen v. Dameron*, C14-1263RSL, 2016 WL 4772484 (W.D. Wash. Apr. 22, 2016), and *Brady v. Autozone Stores, Inc.*, 2:13-CV-01862-RAJ, 2016 WL 7733094 (W.D. Wash. Sept. 6, 2016). Neither supports certification here.

In *Allen*, Judge Lasnik certified questions involving dispositive statutory interpretation issues and a perceived inconsistency in Washington Supreme Court precedent. *Allen*, 2016 WL 4772484, at *2. The court also expressed concern that deferring certification until appeal would prolong resolution of unsettled state-law questions. *Id*. at *2. That concern rested on a mistaken premise. Rather, the presumption applies on appeal as well because a party is not allowed "'a second chance at victory' through certification by the appeals court after an adverse district court ruling." *Thompson*, 547 F.3d at 1065.

*Brady* likewise offers no support. That case addressed unsettled state law standards governing employer liability for missed employee meal breaks – an issue with potentially significant statewide consequences for employee rights. *Brady*, 2016 WL 7733094, at *2. The court also emphasized that certification could fully dispose of the case. *Id*.

This case bears no resemblance to *Allen* or *Brady*.

First, certification would not dispose of this action. At most, Plaintiffs seek to revisit one aspect of one insurer's duty-to-defend arguments. Certification would not affect General Casualty's remaining defenses and would be irrelevant to RSUI altogether.

Second, this Court's ruling raises no issue of broad public importance. Disputes at the intersection of a liability insurer's duty to defend and policy reformation are rare. Here, the unusual (but not particularly complex) convergence of circumstances include: (1) an insurer and

Defendant General Casualty Company of Wisconsin's Opposition to Plaintiffs' Motion for Certification to The Washington State Supreme Court – 5
Case No.: 2:23-cv-00725-TMC

insured expressly negotiate for coverage with limitations without which the insurer would decline to issue a policy; (2) a scrivener's error omits those limitations from the written policy; (3) the omitted provisions later become material to a third-party claim; (4) the insurer seeks reformation; and (5) the insured subsequently does not meaningfully contest reformation but argues that the Court should consider only the concededly mistaken writing. This case thus bears none of the hallmarks of the sweeping policy disputes that can justify certification.

Although the Washington Supreme Court has resolved insurance-law issues on certified questions, federal courts sitting in diversity resolve Washington insurance issues far more often without certifying them. Plaintiffs identify no case in which a court granted post-decision certification over the objection of the prevailing party at the unilateral request of the losing party. To the contrary, when courts certify, they typically do so before deciding the issue. *See, e.g.*, *Preferred Contractors Ins. Co. v. Baker & Son Constr., Inc.*, 3:21-CV-05016-RJB, 2021 WL 3130054, at \*1 (W.D. Wash. July 23, 2021) (certifying question, while dispositive motions were pending); *Queen Anne Park Homeowners Ass'n v. State Farm Fire & Cas. Co.*, 763 F.3d 1232, 1233 (9th Cir. 2014) (certifying on joint request by *both* parties).

Plaintiffs' request fails under every relevant consideration and falls far short of the compelling justification required to overcome the presumption against certification.

**C.      Plaintiffs' Request Would Not Promote Efficient Resolution of the Case**

A relevant consideration in deciding whether to accept certification is whether it would preserve "time, energy, and resources." *Fidelitad, Inc. v. Insitu, Inc.*, 13-CV-3128-TOR, 2016 WL 4265749, at \*5 (E.D. Wash. Aug. 11, 2016). On that point, it is telling that Plaintiffs do not even assert certification would promote efficiency.

Defendant General Casualty Company of Wisconsin's Opposition to Plaintiffs'
Motion for Certification to The Washington State Supreme Court – 6
Case No.: 2:23-cv-00725-TMC

**CLYDE & CO US LLP**
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

To the contrary, Plaintiffs' own arguments against RSUI's request for Ninth Circuit certification apply with equal force here. In opposing RSUI's motion, which this Court denied (ECF # 112), Plaintiffs argued that certifying RSUI's issue to the Ninth Circuit "would resolve nothing for the other defendant, General Casualty Company of Wisconsin, and likely would delay trial for all parties. Thus, certification would not materially advance the ultimate termination of this litigation." Dkt. 109 at 2–3. The same logic forecloses Plaintiffs' belated request for certification to the Washington Supreme Court. Their proposed questions concern issues unrelated to RSUI and would delay trial for everyone.

Efficiency concerns cut even more strongly against certification given the posture of this case. This Court has already expended resources resolving the parties' arguments. Having the Washington Supreme Court revisit a subset of those issues—affecting fewer than all parties and claims—would needlessly consume, not conserve, judicial resources. Certification at this stage would delay resolution, fragment review, and undermine the efficient administration of this case.

**D.** **Plaintiffs' Proposed Questions and Purported Authority for Their Positions Make No Sense in the Current Posture of this Case**

Plaintiffs ask the Court to certify two questions, which they have drafted in a self-serving manner that embeds both their incorrect assumptions and their preferred answers:

1.   Whether an insurer's unreasonable breach of its duty to defend a claim conceivably covered under the written terms of its policy estops it from subsequently asserting reformation of its insurance policy based on mutual mistake to preclude coverage?

2.   Whether an insurer may investigate and consider evidence of the parties' mutual intent regarding coverage other than a complaint's allegations and the written terms of its policy in determining its duty to defend?

The first question is premised on an assumption this Court has already rejected—that General Casualty unreasonably breached a duty to defend. This Court has held that General

Defendant General Casualty Company of Wisconsin's Opposition to Plaintiffs'
Motion for Certification to The Washington State Supreme Court – 7
Case No.:  2:23-cv-00725-TMC

**CLYDE & CO US LLP**
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

Casualty owed no duty to defend, so it should not ask the Washington Supreme Court a question that presupposes the opposite conclusion.

The second question is somewhat less presumptuous, but it fares no better. It assumes—contrary to settled contract law—that an erroneous writing supersedes the parties' actual agreement, but only for purposes of a liability insurer's duty to defend. Plaintiffs offer no authority for such a carve-out, and none exists.

Plaintiffs again rely on the same cases that they previously cited in their motion for reconsideration. Those authorities remain inapposite. As General Casualty previously explained, the order denying reconsideration in *Travelers Property Casualty Co. of America v. AF Evans Co.*, C10-1110-JCC, 2012 WL 12882901, at *1 (W.D. Wash. Nov. 2, 2012), provides no support for Plaintiffs' position. In *AF Evans*, the insurer raised mutual mistake for the first time on reconsideration, long after the issue could have been asserted in coverage letters, pleadings, affirmative defenses, or summary judgment briefing. *Id.* at *1–2. The court rejected the argument because "[i]t is far too late to argue mutual mistake." *Id.* at *3. That ruling turned on waiver, not on any limitation inherent in duty-to-defend principles.

Plaintiffs' repeated citation to *United States Fidelity & Guaranty Co. v. Ulbricht*, C20-0369JLR, 2022 WL 110457 (W.D. Wash. Jan. 12, 2022), is likewise misplaced. *Ulbricht* involved a lost-policy asbestos dispute in which no policy forms were available at all. The insurer had no evidence contradicting the insured's proof of coverage and relied solely on the absence of a located policy to avoid participating in settlement efforts. *Id.* at *3–4. *Ulbricht* does not suggest that an insurer must treat known scrivener's errors as controlling policy terms. Nor does it require an insurer to disregard the undisputed scope of the parties' actual agreement when determining whether a duty to defend exists.

Defendant General Casualty Company of Wisconsin's Opposition to Plaintiffs'
Motion for Certification to The Washington State Supreme Court – 8
Case No.:  2:23-cv-00725-TMC

CLYDE & CO US LLP
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 ● (206) 689-8501 FAX

Plaintiffs also cite, for the first time, *Wendel v. Travelers Casualty & Surety Co. of America*, 472 F. App'x 620, 622 (9th Cir. 2012).  That decision is neither a predictive statement of Washington law nor relevant here.  In *Wendel*, the insurer argued that it should be allowed to deny a defense based on its "prior litigation exclusion" by showing that the factual allegations in the suit against the insured had been mentioned in a previous lawsuit against the insured brought by a different plaintiff.  The insurer argued that it should be allowed to consider the earlier lawsuit as an exception to the rule that only the policy and the complaint against the insured may be considered.  The court rejected the insurer's argument, holding that such an exception had not been recognized under Washington law.  *Wendel* is inapplicable because General Casualty did not seek — and the Court did not grant — an exception to the rule that only the policy and the complaint may be considered.  Rather, the Court applied the policy as reformed to the allegations in the underlying *Adolph* suit without consideration of extrinsic facts. The Court applied the policy as reformed to the allegations in the underlying *Adolph* complaint, without resorting to extrinsic facts.

For similar reasons, *2FL Enterprises, LLC v. Houston Specialty Ins. Co.*, C17-676 MJP, 2018 WL 706406 (W.D. Wash. Feb. 5, 2018), is likewise inapposite.  There, the insurer denied a defense based on faulty information from the assessor's website — material wholly outside the complaint — to conclude that the property at issue was excluded from coverage.  *Id.* at *2.  Nothing comparable occurred here.

Finally, Plaintiffs' reliance on general Washington duty-to-defend cases is misplaced.  None suggest that defining the "four corners" of a policy requires a court, uniquely for duty to defend purposes, to ignore scrivener's errors.  Plaintiffs cite *Expedia, Inc. v. Steadfast Ins. Co.*, 180 Wn.2d 793, 329 P.3d 59 (2014), for the proposition that a duty to defend arises when a complaint alleges facts that could, if proven, impose liability "within the policy's coverage."  *Id.*

Defendant General Casualty Company of Wisconsin's Opposition to Plaintiffs'
Motion for Certification to The Washington State Supreme Court – 9
Case No.:  2:23-cv-00725-TMC

**CLYDE & CO US LLP**
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

at 802–03.  But this Court expressly held that the underlying *Adolph* complaint could not impose liability within the policy's coverage as reformed.  That reformation merely aligned the policy's terms with the parties' undisputed agreement, consistent with settled Washington scrivener's-error law.  *Lofberg v. Viles*, 39 Wn.2d 493, 498, 236 P.2d 768, 771 (1951) ("Where there has been a mutual mistake, reformation is a proper remedy to effectuate the true intent of the parties by correcting errors"); *Reynolds v. Farmers Ins. Co. of Washington*, 90 Wn. App. 880, 885, 960 P.2d 432, 434 (1998) (It is "well settled that a court in equity may reform a contract to correct a scrivener's error.")  Plaintiffs identify no authority holding that, for duty-to-defend purposes, the term *policy* means an admittedly erroneous form rather than the contract the parties actually made.

Plaintiffs' proposed questions also improperly conflate two distinct inquiries: determining what the policy is through reformation and determining whether the allegations trigger a duty to defend under that policy.

Washington law does not require courts to ignore undisputed scrivener's errors when determining the policy for duty-to-defend purposes.

### III.    CONCLUSION

Plaintiffs fail to make the compelling showing required for post-decision certification to the Washington Supreme Court.  Their false distinction between the "policy" and the "policy as reformed" for purposes of the eight-corners rule does not present a significant or weighty issue of Washington public policy.  A ruling on that issue would not have broad applicability, resolve an important unsettled legal question, or determine this case's outcome.  At most, certification would affect only one of General Casualty's arguments, would have no effect on RSUI, and would delay trial for all parties.  General Casualty respectfully requests that the Court deny Plaintiffs' motion.

Defendant General Casualty Company of Wisconsin's Opposition to Plaintiffs'
Motion for Certification to The Washington State Supreme Court – 10
Case No.:  2:23-cv-00725-TMC

CLYDE & CO US LLP
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 ⚫ (206) 689-8501 FAX

DATED this 9th day of April, 2026.

s/ Daniel L. Syhre
Michael D. Handler, WSBA #25654
Daniel L. Syhre, WSBA #34158
Sarah P. Pozzi, WSBA #55744
Clyde & Co US LLP
401 Union St., Suite 1400
Seattle, WA  98101
Phone:  (206) 689-8500
Michael.Handler@clydeco.com
Dan.Syhre@clydeco.com
Sarah.Pozzi@clydeco.com
*Attorneys for General Casualty Company of Wisconsin*

*I certify this memorandum contains 2994 words, in compliance with the Local Civil Rules.*

s/ Kevin A. Michael
Kevin A. Michael
Cozen O'Connor
999 Third Ave., Suite 1900
Seattle, WA  98104
Phone:  (206) 340-1000
kmichael@cozen.com
*Attorneys for General Casualty Company of Wisconsin*

Defendant General Casualty Company of Wisconsin's Opposition to Plaintiffs'
Motion for Certification to The Washington State Supreme Court – 11
Case No.:  2:23-cv-00725-TMC

CLYDE & CO US LLP
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX