UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN and KERRI ADOLPH, a married couple, | Case No. 2:23-cv-00725-TMC |
| Plaintiffs, | ORDER ON ADOLPHS' MOTION FOR RECONSIDERATION |
| v. | |
| GENERAL CASUALTY COMPANY OF WISCONSIN, a Wisconsin corporation; and RSUI GROUP, INC., a Georgia corporation; and RSUI INDEMNITY COMPANY, INC., a New Hampshire corporation , | |
| Defendants. | |

## I.   INTRODUCTION

Plaintiffs Brian and Kerri Adolph move for reconsideration (Dkt. 98) of portions of the Court's summary judgment order (Dkt. 87). The Adolphs' motion as to General Casualty simply repeats the arguments the Court already rejected, accompanied by more extreme rhetoric that remains unpersuasive. But the motion as to RSUI provides controlling authority that RSUI's denial of its duty to defend based on "an arguable legal interpretation of its own policy" was

ORDER ON ADOLPHS' MOTION FOR RECONSIDERATION - 1

"unreasonable and . . . in bad faith as a matter of law." *Am. Best Food, Inc. v. Alea London, Ltd.*, 168 Wn.2d 398, 413, 229 P.3d 693 (2010). This authority leaves the Court "with the definite and firm conviction that a mistake has been committed" in its denial of summary judgment on the Adolphs' bad faith claims against RSUI. *See Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The Court therefore GRANTS IN PART and DENIES IN PART the motion for reconsideration (Dkt. 98) and GRANTS summary judgment to the Adolphs on their common-law bad faith, IFCA, and CPA claims against RSUI.

## II.    LEGAL STANDARD

Under this District's Local Civil Rules, "[m]otions for reconsideration are disfavored," and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (alteration in original) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith*, 727 F.3d at 955 (internal quotation marks omitted) (quoting *Gypsum*, 333 U.S. at 395). "A motion for reconsideration is not intended to provide litigants with a second bite at the apple." *Stevens v. Pierce County*, No. C22-5862 BHS, 2023 WL 6807204, at *2 (W.D. Wash. Oct. 16, 2023).

ORDER ON ADOLPHS' MOTION FOR RECONSIDERATION - 2

### III.    DISCUSSION

The Adolphs ask the Court to reconsider its decisions (1) that General Casualty did not have a duty to defend, and that a reasonable jury could find for either party on the Adolphs' common-law bad faith claims against General Casualty resulting from its delay in issuing a coverage decision; and (2) that the Adolphs failed to show RSUI acted in bad faith as a matter of law. The Court will address each set of arguments in turn.

### A.    General Casualty is not liable for breach of the duty to defend.

The Adolphs first argue that the Court committed manifest error when it held that because, once reformed, General Casualty's policy contained no conceivable duty to defend, General Casualty did not breach that duty. *See* Dkt. 98 at 2, 4–6. They argue that the duty to defend should be determined based on the incomplete version of the policy possessed by the parties at the time the complaint was filed, from which the relevant exclusion had been inadvertently omitted by a third-party contractor—what the Court described as "the digital equivalent of a scrivener's error." *Id.* at 6; *see* Dkt. 87 at 13.

The Court agrees with General Casualty that this argument relies on a repeated misunderstanding of contract reformation and what it means to describe the insurance policy "as written." *See* Dkt. 106 at 2–5. The point of reformation is to correct the mutually mistaken writing so that it conforms to the parties' original agreement. *See Garza v. Perry*, 25 Wn. App. 2d 433, 450, 523 P.3d 822 (2023). The evidence in this case was undisputed and overwhelming that Reed Hein had specifically bargained for the relevant exclusion. The cases cited by the Adolphs simply do not address or control this circumstance, let alone show that the Court committed manifest error. *See, e.g.*, *Fireman's Fund Ins. Cos. v. Alaskan Pride P'ship*, 106 F.3d 1465, 1470 (9th Cir. 1997) (discussing a failure to conduct a reasonable investigation, not a reformation defense); *Aecon Bldgs., Inc. v. Zurich N. Am.*, 572 F. Supp. 2d 1227, 1234–35 (W.D.

ORDER ON ADOLPHS' MOTION FOR RECONSIDERATION - 3

Wash. 2008) (same); *Travelers Prop. Cas. Co. of Am. v. AF Evans Co.*, No. C10-1110-JCC, 2012 WL 12882901, at *3 (W.D. Wash. Nov. 2, 2012) (insurer's denial of duty to defend was based on interpretation of policy language; insurer did not assert mutual mistake). And the Court's ruling on summary judgment was in fact consistent with these cases—it allowed the Adolphs to proceed with their procedural bad faith claim against General Casualty for delay in issuing a coverage decision, even in the absence of a duty to defend. *See* Dkt. 87 at 17–19. The Court's decision that coverage by estoppel did not apply was also consistent with Washington law. *St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 165 Wn.2d 122, 133, 196 P.3d 664 (2008). This portion of the motion for reconsideration is DENIED.

**B.    The Adolphs' common-law bad faith claim against General Casualty should be decided by the jury.**

Second, the Adolphs argue that General Casualty's delay in issuing a coverage decision was bad faith as a matter of law. Dkt. 98 at 6. This argument also repeats the mistaken understanding of what the policy "as written" means in this context, and the cases cited concern insurers who sought to avoid defense costs based on their self-serving interpretation of the policy language or the underlying facts of the claim—not the rare, fact-bound circumstance presented here of the accidental deletion of a policy provision that was expressly negotiated by the parties. None of the cases cited by the Adolphs show that the Court committed manifest error, and their arguments about the policy consequences of the Court's ruling ignore its fact-specific nature.

**C.    RSUI's denial of its duty to defend was bad faith as a matter of law.**

The Adolphs' motion as to RSUI, however, is meritorious. *See id.* at 6–7. In its summary judgment order, the Court concluded that RSUI had breached its duty to defend when it denied coverage based on alleged untimely notice of the claim and the prior acts exclusion. Dkt. 87 at 21–25. The Court explained that under Washington law, RSUI could not deny coverage under

ORDER ON ADOLPHS' MOTION FOR RECONSIDERATION - 4

the provision requiring notice "as soon as practicable" when it could not identify any prejudice resulting from the supposed late notice. *Id.* at 23. The Court similarly explained that because Washington courts had not interpreted a similar prior acts exclusion, and analogous California law supported the policyholder's position, it was at least conceivable that the exclusion did not apply to the conduct alleged in the underlying litigation, and RSUI therefore had a duty to defend. *Id.* at 23–24 (citing *Am. Best Food*, 168 Wn.2d at 404). The Court erred, however, by then denying summary judgment on the Adolphs' bad-faith claims on the basis that they had not come forward with specific evidence that RSUI's denial was unreasonable. *Id.* at 25–26. As the Adolphs point out on reconsideration, Dkt. 98 at 6–7, in the *American Best Food* decision, the Washington Supreme Court held:

> It cannot be said that the insurer did not put its own interest ahead of its insured when it denied a defense based on an arguable legal interpretation of its own policy. . . . [The insurer's] failure to defend based upon a questionable interpretation of law was unreasonable and [it] acted in bad faith as a matter of law.

168 Wn.2d at 413. RSUI's opposition to the motion for reconsideration does not grapple with or distinguish this holding from *American Best Food*. *See* Dkt. 104 at 2–5.

This holding should have controlled the outcome of the bad faith claims (including the IFCA and CPA claim) against RSUI as well. First, "[w]here an insurer fails to provide defense under a liability policy that it was required to provide and the failure was unreasonable, the insurer has unreasonably denied payment of benefits under IFCA." *Hawkins v. ACE Am. Ins. Co.*, 32 Wn. App. 2d 900, 930–31, 558 P.3d 157 (2024), *review denied*, 4 Wn.3d 1037, 574 P.3d 541 (2025); *see* RCW 48.30.015 (creating a cause of action for damages for "[a]ny first party claimant to a policy of insurance who is unreasonably denied a claim for coverage . . . by an insurer").

Second, RSUI violated Washington regulations—and thus committed an unfair trade practice under the CPA—when it "[f]ail[ed] to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of [Reed Hein's] claim." WAC 284-30-330(13); *Onvia*, 165 Wn.2d at 133–34 (explaining that "a violation of any regulation enumerated in chapter 284–30 WAC" constitutes an unfair trade practice for purposes of the CPA); *see* Dkt. 53 at 24 (arguing that RSUI violated WAC 284-30-330(13)). This regulatory violation caused injury to Reed Hein, which was forced to undertake its own defense in the underlying lawsuit brought by the Adolphs. *See Villella v. Pub. Emps. Mut. Ins. Co.*, 106 Wn.2d 806, 821, 725 P.2d 957 (1986) ("An insurance company violates the Consumer Protection Act if it acts without reasonable justification in handling a claim by its insured."); *Alaska Airlines, Inc. v. Endurance Am. Ins. Co.*, No. C20-1444 TSZ, 2022 WL 2982800, at *9 (W.D. Wash. July 28, 2022) (concluding that an insurer who violated WAC 284-30-330(13) and unreasonably breached its duty to defend had violated the CPA).

The Court therefore GRANTS the motion for reconsideration in part, and GRANTS summary judgment as to liability to the Adolphs on their claims against RSUI for common-law bad faith and violations of IFCA and the CPA. Damages will be determined at trial.

## IV.    CONCLUSION

For the reasons explained above, the Adolphs motion for reconsideration (Dkt. 98) is GRANTED IN PART and DENIED IN PART as set forth above.

Dated this 15th day of April, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER ON ADOLPHS' MOTION FOR RECONSIDERATION - 6