**THE HONORABLE TIFFANY M. CARTWRIGHT**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| BRIAN and KERRI ADOLPH, a married couple, | No. 2:23-cv-00725-TMC |
| Plaintiffs, | **PLAINTIFFS BRIAN AND KERRI ADOLPH'S REPLY IN SUPPORT OF MOTION FOR CERTIFICATION TO THE WASHINGTON STATE SUPREME COURT** |
| v. | |
| GENERAL CASUALTY COMPANY OF WISCONSIN, a Wisconsin corporation, and | **NOTED FOR HEARING: APRIL 15, 2026** |
| RSUI GROUP, INC., a Georgia corporation; and RSUI INDEMNITY COMPANY, INC., a New Hampshire corporation, | **ORAL ARGUMENT REQUESTED** |
| Defendants. | |

PLAINTIFFS BRIAN AND KERRI ADOLPH'S
REPLY IN SUPPORT OF MOTION FOR
CERTIFICATION TO THE WASHINGTON STATE
SUPREME COURT | Page 1

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

## I.    INTRODUCTION

The Court was not faced with an issue of reforming a garden-variety contract solely under "settled contracts law."  Dkt. 114 at 8, 9.  Insurance policies are not ordinary contracts. "[U]nlike other types of contracts, insurance policies must be interpreted in light of important public policy . . . considerations."  *McLaughlin v. Travelers Com. Ins. Co.*, 196 Wn.2d 631, 640 (2020).  Washington public policy regarding an insurer's duty to defend and the consequences for breaching it in bad faith cannot be or excised from the questions before the Court:  whether ***General Casualty*** unreasonably failed to defend claims conceivably covered by its policy's language ***at the time the claim was tendered*** and, if so, whether Washington law estops it and the Court from reforming the policy to retroactively excuse this failure.

General Casualty mischaracterizes the issues before the Court solely as ones of the Court's application of contract law because none of the contract reformation precedent relied on by it or the Court addressed Washington law regarding insurance bad faith or an insurer's duty to defend.[1]  It cannot dispute that, within that latter context, this state's public policy requires insurers with reasons to doubt the existence of coverage nonetheless to provide a defense for any claim conceivably covered by the policy's written terms "until a court declares none is owed."  *Nat'l Sur. Corp. v. Immunex Corp.*, 176 Wn.2d 872, 884 (2013).

General Casualty also cannot dispute that this state's public policy is to estop insurers from contesting coverage whenever they fail to do so. That includes estopping reformation of a policy to exclude coverage based on mutual mistake.  *Travelers Prop. Cas. Co. of Am. v. AF Evans Co.*, 2012 WL 12882901, at *3 (W.D. Wash. Nov. 2, 2012) ("mutual mistake" regarding parties' intent to exclude coverage was not "available as a defense to [a] claim of bad-faith failure to defend" a claim); *AF Evans*, 2012 WL 4113279, at *3, *5 (W.D. Wash. Sept. 19,

---

[1] Neither do the more recent reformation cases cited by General Casualty.  Dkt. 114 at 10.

PLAINTIFFS BRIAN AND KERRI ADOLPH'S
REPLY IN SUPPORT OF MOTION FOR
CERTIFICATION TO THE WASHINGTON STATE
SUPREME COURT | Page 2

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

2012) (insurer breached duty to defend claim in bad faith based on interpretation of policy as written rather than based on evidence of parties' mutual intent).[2]

The Court's contrary ruling is "at odds" with this policy and precedent, *Immunex*, 176 Wn.2d at 886 and would dispose of these claims and issues in this case. Resolution of this conflict is a textbook example of one that should be decided by the Washington Supreme Court.

## II.    LEGAL ARGUMENT

### A.    Certification is Warranted Here Even After an Adverse Decision

Both the Ninth Circuit and this Court are reluctant to deny certification based only on the presumption against certification after an adverse decision. *See*, e.g., *All. for Prop. Rts. & Fiscal Resp. v. City of Idaho Falls*, 742 F.3d 1100, 1109 (9th Cir. 2013) (denying where movant removed case to federal court and previously declined certification); *Wilson v. PTT, LLC*, 2020 WL 1674151, at *1, *2 (W.D. Wash. Apr. 6, 2020) (denying where movant requested certification over a year and a half after adverse ruling and Ninth Circuit already had rejected many of movant's arguments). Such cases are inapposite where, as here, it was not foreseeable that the Court would not rely on a single case addressing the "intersection" between the duty to defend, bad faith, and reformation under Washington law—much less applying Washington bad faith and duty-to-defend law at all—to support its reformation rulings.

In contrast, both *Brady v. Autozone Stores, Inc.*, 2016 WL 7733094, at *1-2 (W.D. Wash. Sept. 6, 2016) and *Allen v. Dameron*, 2016 WL 4772484, at *2 (W.D. Wash. Apr. 22, 2016) granted post-decision certification over the objection of the prevailing party at the request of the losing party. The commonality among certification under such circumstances is that, ultimately, the Court has discretion to certify whenever the circumstances lead it to "believe that the Washington Supreme Court . . . is better qualified to answer . . . in the first instance." *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist., No. 1*, 294 F.3d 1085, 1092 (9th Cir. 2002);

---

[2] The Court erroneously concluded the "insurer did not assert mutual mistake" in *AF Evans*. Dkt. 115 at 4.

PLAINTIFFS BRIAN AND KERRI ADOLPH'S
REPLY IN SUPPORT OF MOTION FOR
CERTIFICATION TO THE WASHINGTON STATE
SUPREME COURT | Page 3

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

*Queen Anne Park Homeowners Ass'n v. State Farm Fire & Cas. Co.*, 763 F.3d 1232, 1235 (9th Cir. 2014). Such is the case here.

**B.    The Split Authority Created by the Court's Order Warrants Certification**

The "research material" on which the Court relied was Washington authority regarding contract reformation that predated Washington's adoption of bad faith as a tort and collateral estoppel as a remedy by nearly 30 years or non-Washington authority rejecting coverage by estoppel. Dkt. 114 at 4 (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 395 (1974) (Rehnquist, J., concurring)). Such circumstances warrant certification. *Montes v. Sparc Grp., LLC*, 136 F.4th 1168, 1170 (9th Cir. 2025) (certifying where district court relied on cases that did not address Washington law); *Barlow v. State*, 38 F.4th 62, 66 (9th Cir. 2022), (certifying where Washington law had "shifted" in the "30 years since" precedent relied on had been decided and general precedent "did not address" specific issue before the Court).

Moreover, this Court's previous ruling that an insurer's unreasonable breach of its duty to defend precluded reformation of the insurance policy to exclude coverage based on "mutual mistake" did not "turn[] on waiver." Dkt. 114 at 8; *AF Evans Co.*, 2012 WL 12882901, at *3 ("[e]ven if it were not waived," reformation based on "mutual mistake" unavailable as a defense to bad faith breach of duty to defend policy as written).

Other coverage by estoppel jurisdictions also have so held. *See Maneikis v. St. Paul Ins. Co. of Illinois*, 655 F.2d 818, 821 (7th Cir. 1981) (under Illinois law "[o]nce an insurer violates its duty to defend, it is estopped to deny policy coverage in a subsequent lawsuit"). In *Nat'l Cycle, Inc. v. Savoy Reinsurance Co.*, 938 F.2d 61, 63 (7th Cir. 1991), the insured had "every reason to expect" its policy would include an endorsement converting coverage from an occurrence to claims-made basis. But "[t]hat did not happen." *Savoy*, 938 F.2d at 63.

Instead, after the insured tendered a claim for defense, the insurer did not accept the defense, deny the defense, or seek declaratory relief. *Id.* at 63. It eventually sought reformation of the policy to exclude coverage. *Id.* But the Seventh Circuit held that the insurer's "policy *as written* covered [the] claim, and [the insurer] therefore had to defend its client" "until it



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

obtained reformation." *Id.* (emphasis in original); *accord Immunex*, 176 Wn.2d at 884. And where the "policy as written covered [the] claim" and the insurer "had the burdens of initiation and persuasion" in obtaining reformation, the insurer's failure to defend "in the interim" "forfeits any entitlement to reformation now."[3] *Savoy*, 938 F.2d at 63; *accord AF Evans*, 2012 WL 12882901, at *3.

The conflict created by the Court's ruling here warrants certification. *Leigh-Pink v. Rio Props., LLC*, 989 F.3d 735, 738 (9th Cir. 2021) (certifying where court decisions did "not reflect a consensus"); *Arkansas Tchr. Ret. Sys. v. Mozilo*, 705 F.3d 973, 975 (9th Cir. 2013) (certifying where courts had "reached divergent results"); *Minkler v. Safeco Ins. Co.*, 561 F.3d 1033, 1035 (9th Cir. 2009) (certifying where courts had "reached different answers").

## C.      The Proposed Questions Involve Significant Policy Implications

General Casualty further asserts that the Court's order involves "no issue of broad public importance" because "[d]isputes at the intersection of a liability insurer's duty to defend and policy reformation are rare." Dkt. 114 at 5. But *AF Evans* begs to differ. And there is no discernable limit to the Court's ruling that an insurer may investigate and rely on evidence of the parties' intent to exclude coverage extrinsic to the insurance policy's written terms in determining their duty to defend. Indeed, General Casualty admits as much. Dkt. 114 at 8 (arguing ***insurers*** are not required to disregard the "scope of the parties' actual agreement when determining whether a duty to defend exists"). General Casualty's only justification is that

---

[3] Determining whether an insurer unreasonably breached its duty to defend based on what its policy stated at the time a claim was tendered makes sense. For example, other jurisdictions have held that, because whether an insurer acts unreasonably must be determined at the time its actions and decisions were made, "if the policy is later reformed to provide retroactive coverage, the insurer may not be held liable for bad faith for failing to have the foresight to know that the policy would be reformed." *R & B Auto Ctr., Inc. v. Farmers Grp., Inc.*, 140 Cal. App. 4th 327, 354 (2006). Where there is no "potential for coverage" under the policy terms that existed when the claim was submitted, there was no duty to defend, and it is "reasonable to deny the claim at the time." *R & B*, 140 Cal. App. 4th at 354.

But the Court's ruling lets insurers have it both ways. They may rely on policy terms existing at the time a claim is tendered to deny a defense—even if later reformed to provide coverage. And they may rely on the policy's terms as reformed to excuse a failure to defend— even if the policy terms that existed at the time the claim was tendered conceivably provided coverage. This is the sort of "win-win" rejected by Washington in the duty-to-defend context. *Immunex*, 176 Wn.2d at 885.

PLAINTIFFS BRIAN AND KERRI ADOLPH'S
REPLY IN SUPPORT OF MOTION FOR
CERTIFICATION TO THE WASHINGTON STATE
SUPREME COURT | Page 5



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

"contract-defining communications between the parties" are not evidence "extrinsic" to an insurance policy's written terms. *Id.* Washington law disagrees. *See* RCW 18.18.190 (providing that "No agreement in conflict with . . . any contract of insurance shall be valid unless . . . made a part of the policy"); *National Indemnity Company v. Smith-Gandy, Inc.*, 50 Wn.2d 124, 128-129 (1957) (applying statute and holding policy's written effective date controlled and provided coverage for claim despite parties' other written communications confirming contrary effective date).

Most importantly, these "questions raise important policy considerations" for insurers and insureds alike whenever they arise. *McKown v. Simon Prop. Grp. Inc.*, 689 F.3d 1086, 1094 (9th Cir. 2012). There is no meaningful factual distinction between this case and any other in which the insurer claims some or all of the policy is missing, incorrect, or otherwise does not "tell the entire story" regarding coverage as a defense to its failure to defend. *United States Fid. & Guar. Co. v. Ulbricht*, 2022 WL 110457, at *13, *18 (W.D. Wash. Jan. 12, 2022). Such misconduct was bad faith as a matter of law in *Ulbricht.* 2022 WL 110457, at *13, *18. But if the Court and General Casualty are correct, under such circumstances insurers simply may ignore their duty to defend claims conceivably covered by the written terms of the policies at the time a claim is tendered while they self-servingly investigate facts and communications outside the insurance policy to support a court's "no coverage" determination years later. Whether Washington would embrace such a "win-win" option for insurers after decades of rejecting them is a question properly decided by the Washington Supreme Court. *Immunex*, 176 Wn.2d at 885.

**D.     The Proposed Questions Are Dispositive**

Finally, the Adolphs did not move for certification for an interlocutory appeal, which requires a showing that immediate review would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Thus, they need not show certification would "dispose

PLAINTIFFS BRIAN AND KERRI ADOLPH'S
REPLY IN SUPPORT OF MOTION FOR
CERTIFICATION TO THE WASHINGTON STATE
SUPREME COURT | Page 6



of this action" its entirety.[4]  Dkt. 114 at 5.  Rather, "dispositive" simply means that the answers will dispose of one or more claims or issues of state law.  *Amaker v. King Cnty.*, 540 F.3d 1012, 1013, 1015 (9th Cir. 2008).  The proposed questions are dispositive where they would dispose of the Adolphs' claims of bad faith breach of the duty to defend and coverage by estoppel regarding General Casualty.

Further, General Casualty omits that the very act of certification at the district court level "can ***in the long run*** save time, energy, and resources . . . ."  *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008).  Certification now rather than on appeal accomplishes all three by ensuring the case proceeds "to judgment (and through any appeal) on a firm legal footing," rather than through trial, certification, reversal, and retrial.  *Allen*, 2016 WL 4772484 at *1.

### III.   CONCLUSION

For the above reasons, the Court should certify the Adolphs' proposed questions to the Washington Supreme Court.

RESPECTFULLY SUBMITTED this 15th day of April, 2026.

> *I certify that this motion is* 2,094 *words in length in compliance with the Local Civil Rules*.

PFAU COCHRAN VERTETIS AMALA PLLC

By /s/ Christopher E. Love
Darrell L. Cochran, WSBA No. 22851
Thomas B. Vertetis, WSBA No. 29805
Christopher E. Love, WSBA No. 42832
William T. McClure, WSBA No. 54622

ALBERT LAW PLLC
By: */s/ Gregory Albert*
Gregory Albert, WSBA No. 42673

*Attorneys for Plaintiffs*

---

[4] Nor does RSUI support its request that, should the Court certify these questions regarding General Casualty, that it should somehow allow the claims against RSUI to proceed.

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

## <u>CERTIFICATE OF SERVICE</u>

The undersigned declares under penalty of perjury under the laws of the United States of America, that on the below date, I caused for delivery a copy of the foregoing pleadings to:

| | |
|---|---|
| ***Counsel for Plaintiff and Counterclaim Defendant General Casualty Company of Wisconsin***<br><br>Kevin A. Michael, WSBA No. 36976<br>Cozen O'Conner<br>999 Third Ave, Ste. 1900<br>Seattle, WA 98104<br>kmichael@cozen.com | ☐ Regular U.S. Mail<br>☐ Facsimile<br>☐ ABC Legal Messenger<br>☑ ECF/E-mail |
| ***Counsel for Defendant General Casualty Company of Wisconsin***<br><br>Michael D. Handler, WSBA No. 25652<br>Daniel L. Syhre, WSBA No. 34158<br>Sarah P. Pozzi, WSBA No. 55744<br>Forsberg & Umlauf, P.S.<br>901 5th Ave. Ste. 1400<br>Seattle, WA 98164<br>mhandler@foum.law<br>dsyhre@foum.law<br>spozzi@foum.law | ☐ Regular U.S. Mail<br>☐ Facsimile<br>☐ ABC Legal Messenger<br>☑ ECF/E-mail |
| ***Counsel for Third-Party Defendant RSUI Group, Inc. and RSUI Indemnity Company, Inc.***<br><br>Jennifer L. Crow, WSBA No. 43746<br>Catarina Ferreira, WSBA No. 56291<br>Scheer Law PLLC<br>2101 Fourth Ave, Ste. 830<br>Seattle, WA 98121<br>jen@scheer.law<br>catarinaf@scheer.law | ☐ Regular U.S. Mail<br>☐ Facsimile<br>☐ ABC Legal Messenger<br>☑ ECF/E-mail |
| ***Counsel for Counterclaim Plaintiffs***<br><br>Gregory W. Albert, WSBA No. 42673<br>Albert Law PLLC<br>3131 Western Ave, Ste. 410<br>Seattle, WA 98121<br>greg@albertlawpllc.com | ☐ Regular U.S. Mail<br>☐ Facsimile<br>☐ ABC Legal Messenger<br>☑ ECF/E-mail |

DATED this 15th day of April, 2026, at Tacoma, WA.

/s/Thien Lau
Thien Lau, Legal Assistant



PLAINTIFFS BRIAN AND KERRI ADOLPH'S
REPLY IN SUPPORT OF MOTION FOR
CERTIFICATION TO THE WASHINGTON STATE
SUPREME COURT | Page 8

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654