**Honorable Tiffany M. Cartwright**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REED HEIN & ASSOCIATES, LLC d/b/a TIMESHARE EXIT TEAM, a Washington limited liability company; MAKAYMAX, INC., a Washington corporation; BRANDON REED, individually, and BRIAN and KERRI ADOLPH, a married couple, | No. 2:23-cv-00725-TMC |
| Plaintiffs, | **DEFENDANTS' JOINT MOTION TO MODIFY THE DISPOSITIVE MOTION DEADLINE** |
| v. | **NOTED FOR HEARING:** |
| GENERAL CASUALTY COMPANY OF WISCONSIN, a Wisconsin corporation, RSUI GROUP, INC., a Georgia corporation; and RSUI INDEMNITY COMPANY, INC., a New Hampshire corporation, | **August 13, 2026** |
| Defendants. | |

## RELIEF REQUESTED

Defendants, General Casualty Company of Wisconsin, and RSUI Group, Inc., and RSUI Indemnity Company (referred to below as "General Casualty" and "RSUI"), by and through their undersigned attorneys of record, request that the Court modify pursuant to Federal Rules of Civil Procedure 16(a)(4) and LCR 16(b)(6) the dispositive motion deadline and consent to the filing and

DEFENDANTS' JOINT MOTION TO MODIFY THE DISPOSITIVE MOTION
DEADLINE – 1
Case No. 2:23-CV-00725-TMC

**SCHEER.LAW PLLC**
701 5TH AVE., STE 3860
SEATTLE, WA 98104
P: (206) 800-4070

hearing of their Joint Motion for Summary Judgment, in light of the recently vacated covenant judgment by Judge Barbara J. Rothstein.  On June 5, 2026, Judge Rothstein determined that the covenant judgment was unreasonable and vacated it, in the related case captioned as *Brian and Kerri Adolph v. Reed Hein & Associates LLC et al.*, 21-cv-1378-BJR, about which this Court requested to remain informed.  (ECF No. 78 & 119). Defendants request the Court to modify the scheduling order to permit filing of their Joint Motion for Summary Judgment for good cause, and to strike the current pretrial and trial dates for good cause beyond the normal process of litigation, to be reset following resolution of the motion. Defendants' proposed Joint Motion, to be filed upon the Court's consent, is attached hereto as Exhibit A.

## I.      STATEMENT OF FACTS

### A.      The underlying class action resulted in a covenant judgment.

This case arose out of an underlying class action lawsuit against defendants' mutual insured Reed Hein. *Adolph v. Reed Hein & Assocs*., Case No. 2:21-cv-01378-BJR ("Underlying Action"). As noted in this Court's prior Orders, the Underlying Action was a putative class action lawsuit, accusing Reed Hein of engaging in deceptive practices and defrauding customers in connection with the marketing and sale of its "timeshare exit" services.  (See ECF 87 at 3). The parties to the Underlying Action reached a settlement involving entry of a covenant judgment in April of 2022. (ECF No. 54 at 186-97).  The parties sought approval of the settlement pursuant to Fed. R. Civ. P. 23(e) and Judge Rothstein approved the settlement for class action purposes.  (Underlying Action, ECF No. 43).  Judgment was entered in the stipulated amount of $630,187,204, on June 15, 2023. (ECF No. 45). No insurance-related reasonableness hearing was sought until December 22, 2025, when plaintiffs filed a "Motion to Reconfirm Reasonableness" in the Underlying Action. (Underlying Action, ECF No. 51).

DEFENDANTS' JOINT MOTION TO MODIFY THE DISPOSITIVE MOTION DEADLINE – 2
Case No. 2:23-CV-00725-TMC

**SCHEER.LAW PLLC**
701 5TH AVE., STE 3860
SEATTLE, WA 98104
P: (206) 800-4070

General Casualty was permitted to intervene in the Underlying Action to oppose the motion. (Underlying Action, ECF No. 57). General Casualty was also allowed to conduct limited discovery in connection with the motion. (Underlying Action, ECF No. 73). RSUI was allowed to intervene for the limited purpose of discovery. (Underlying Action, ECF No. 77).

Meanwhile, on March 3, 2026, this Court issued an Order Setting Jury Trial and Pre-Trial Dates indicating that dispositive motions shall be filed four months prior to the trial date of October 19, 2026, meaning the deadline to file a dispositive motion was June 19, 2026. (ECF No 96 & 96-1).

**B.    The covenant judgment in the underlying action has been vacated, and the Adolphs' appeal in July 2026 verified the suspension of underlying proceedings.**

Defendants could not file dispositive motions before the deadline, primarily because Judge Rothstein had only ruled on the merits of the motion in the Underlying Action on June 5, 2026, rejecting the covenant judgment outright. In Judge Rothstein's words, "Plaintiffs' damages calculations are unreliable, and the Court is unable to determine if the judgment amount is truly within the 'range of reasonableness.'" *Adolph v. Reed Hein & Assocs.*, 2026 WL 1729771, at *4 (W.D. Wash. June 5, 2026). She emphasized that the parties signed their settlement agreement before fixing a dollar figure, calling that sequence the "ultimate proof of a non-adversarial process." *Id*. at *5. Because plaintiffs bore the burden of showing the judgment amount was reasonable and failed to carry it, Judge Rothstein found the settlement unreasonable and unenforceable and vacated the confession of judgment. *Id*.

On June 19, 2026, the applicable LCR 7(h)(2) time period for a motion for reconsideration had not passed, let alone the 30-day time period for a notice of appeal. The Adolphs filed a notice of appeal from Judge Rothstein's ruling on July 2, 2026. (Underlying Action, ECF No. 85). On

DEFENDANTS' JOINT MOTION TO MODIFY THE DISPOSITIVE MOTION
DEADLINE – 3
Case No. 2:23-CV-00725-TMC

SCHEER.LAW PLLC
701 5TH AVE., STE 3860
SEATTLE, WA 98104
P: (206) 800-4070

July 24, 2026, the Adolphs issued their Status Update and Request For Status Conference, stating their request to discuss the impact of that ruling on this matter. (ECF No. 120).

## II.  STATEMENT OF ISSUES

1. Is there good cause to modify the dispositive motion deadline, where it would provide the parties the opportunity to address the ramifications of the newly vacated covenant judgment? **Yes**.

2. Is there good cause to modify ECF No. 96, by striking the current trial and pretrial dates, where it would provide the Court the opportunity to address the Defendants' consented motion for summary judgment? **Yes**.

## III.  ARGUMENT AND AUTHORITY

### A.  Good cause exists for the Court to grant this motion.

Although the dispositive-motion deadline has passed, this Court has authority to modify the case schedule for good cause.  Fed. R. Civ. P. 16(b)(4). The Court has broad discretion to manage its docket and to grant or deny stays. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).  Good cause exists where the party seeking modification has been diligent.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  In addition, this Court may waive the dispositive-motion deadline under its "inherent power to control its docket and promote efficient use of judicial resources."  *Puletu v. Fishing Co. of Alaska, Inc.*, C05-1752RSM, 2008 WL 2242455, at *2 (W.D. Wash. May 29, 2008) (quoting *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007)).

When analyzing whether the deadline for dispositive motions should be moved, courts consider the equities of the particular situation. Here, the equities heavily favor granting defendants' motion. Judge Rothstein issued her order on June 5, 2026, just fourteen days before the dispositive-motion deadline. Defendants could not responsibly assess the order's effect or prepare a dispositive motion immediately upon its issuance. Defendants also considered the effect

DEFENDANTS' JOINT MOTION TO MODIFY THE DISPOSITIVE MOTION
DEADLINE – 4
Case No. 2:23-CV-00725-TMC

of Plaintiffs' July 2, 2026 notice of appeal. Defendants filed this motion promptly after diligently completing that analysis. Given that Judge Rothstein's order vacating the covenant judgment was issued without advance notice to the parties, and merely two weeks before the June 19, 2026 dispositive motion deadline in this case, good cause exists to extend said deadline.

Defendants request that this court modify and reset the dispositive motion deadline and hear defendants' joint motions for summary judgment, because it relies on a ground that could not have been raised earlier: Judge Rothstein's June 5, 2026, vacatur of the covenant judgment. Further, the remaining pre-trial deadlines are no longer workable given Judge Rothstein's ruling. "Striking and resetting them after the Court rules on the anticipated dispositive motions serves judicial economy and spares the parties the expense of preparing for a trial that may not occur on the original date or, depending on the dispositive motion ruling, at all." *Rhine v. DML Capital, Inc.*, 2026 U.S. Dist. LEXIS 96588, *7, 2026 LX 207093, 2026 WL 1194598 (2026). Circumstances favoring trial continuance in this matter include the reasons referenced above, and additionally plaintiffs' own request to discuss "the management of related pretrial deadlines under Fed. R. Civ. P. 16" (ECF No. 120, at p. 2 ln 1-2), all of which demonstrate "good cause beyond the normal process of litigation" as stated in this Court's Chambers Procedures for Civil Cases. (ECF No. 96-1 at p. 5 ln 3-5).

**B.      The moving parties acted diligently in assessing the implications of the vacatur of the covenant judgment**.

Judge Rothstein issued her order on June 5, 2026, just fourteen days before the dispositive-motion deadline. This short timeframe prevented the defendants from properly assessing the ruling or preparing a dispositive motion by June 19, 2026, at a minimum because the Adolphs could have filed a motion for reconsideration there, as they did in this Court. Additionally, counsel considered

DEFENDANTS' JOINT MOTION TO MODIFY THE DISPOSITIVE MOTION
DEADLINE – 5
Case No. 2:23-CV-00725-TMC

SCHEER.LAW PLLC
701 5TH AVE., STE 3860
SEATTLE, WA 98104
P: (206) 800-4070

the potential impact of plaintiffs' July 2, 2026 notice of appeal. Consequently, the Underlying Action remained in a dynamic state until early-July 2026, and defendants filed this motion promptly after thoroughly completing their analysis. Defendants did not wait years or until the last minute to seek the relief herein. *See generally Goins v. UPS*, 2026 U.S. App. LEXIS 712, *6, 2026 LX 94801, 2026 WL 84715 (2026) (the district court did not abuse its discretion by partially denying plaintiffs' motion to modify the scheduling order because plaintiffs failed to demonstrate the requisite diligence by *waiting until the last minute* to conduct deposition) (*emphasis* added); *see also Vicki Chang v. Vanderwielen*, 2026 U.S. App. LEXIS 13501, *5-6, 2026 LX 205253, 2026 WL 1283763 (2026) (the district court did not abuse its discretion by denying Chang's motion to extend discovery for failure to establish good cause. Chang had ample opportunity to explore her own injuries, which occurred *four years* before her request) (*emphasis* added).

Here, defendants are moving within less than two months of Judge Rothstein's order vacating the covenant judgment. A summary judgment motion presenting newly available and potentially case-dispositive issues should be resolved before the parties and the Court incur the substantial expense associated with trial preparation. Plaintiffs sought a reasonableness determination in December 2025, approximately thirty (30) months after the June 2023 entry of judgment in the Underlying Action, because they intended to use the underlying judgment as their measure of damages. Vacatur of that judgment eliminates the foundation for that theory. Without a judgment and without evidence of some other compensable loss suffered by the insureds, Plaintiffs cannot establish damages. Their claims thus fail as a matter of law and negate the need for a trial. The requested relief arises from an intervening ruling entered shortly before the dispositive-motion deadline, and defendants acted diligently in evaluating that ruling and preparing a motion addressing its effect. It is in the interest of justice to reset the dispositive

DEFENDANTS' JOINT MOTION TO MODIFY THE DISPOSITIVE MOTION DEADLINE – 6
Case No. 2:23-CV-00725-TMC

SCHEER.LAW PLLC
701 5TH AVE., STE 3860
SEATTLE, WA 98104
P: (206) 800-4070

motion deadline so that the Court may hear a motion for summary judgment on these issues, which may very well result in this case and trial being struck from the Court's calendar.

The March 3, 2026 Order provides that "A schedule may be modified only for good cause and with the judge's consent" (ECF Nos. 96 and 96-1). Defendants recognize that the Court's Chambers Procedures typically allow approximately 120 days between the dispositive-motion deadline and trial. The present request, however, stems from an intervening order entered just fourteen days before the original deadline and is limited to a single motion addressing that Underlying Action order's effect. Defendants respectfully request a limited departure from the Court's ordinary scheduling interval because the proposed motion may resolve the remaining claims and possibly eliminate the need for a trial altogether.

## IV.    CONCLUSION

For the foregoing reasons, Defendants jointly ask this Court to reset the dispositive motion deadline, modifying the date with the Court's consent to their filing an attached proposed dispositive motion in light of the vacatur of the covenant judgment in the Underlying Action, and providing such other and further relief as the Court may order in its discretion and control over its docket.

Dated this 30th day of July, 2026.

SCHEER.LAW PLLC


By: *s/Jennifer L. Crow*_____
    Jennifer L. Crow, WSBA #43746
    Catarina Ferreira, WSBA #56291
    *Attorneys for Defendant RSUI Group, Inc.*
    *and RSUI Indemnity Company, Inc.*

DEFENDANTS' JOINT MOTION TO MODIFY THE DISPOSITIVE MOTION
DEADLINE – 7
Case No. 2:23-CV-00725-TMC

SCHEER.LAW PLLC
701 5TH AVE., STE 3860
SEATTLE, WA 98104
P: (206) 800-4070

CLYDE & CO US LLP


By:  *s/Daniel L. Syhre*
      Michael D. Handler, WSBA #25654
      Daniel L. Syhre, WSBA #34158
      Sarah P. Pozzi, WSBA #55744
      *Of Attorneys for Intervenor General*
      *Casualty Company of Wisconsin*

DEFENDANTS' JOINT MOTION TO MODIFY THE DISPOSITIVE MOTION
DEADLINE – 8
Case No. 2:23-CV-00725-TMC

**SCHEER.LAW  PLLC**
701 5TH AVE., STE 3860
SEATTLE, WA 98104
P: (206) 800-4070

# EXHIBIT A

**Honorable Tiffany M. Cartwright**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REED HEIN & ASSOCIATES, LLC d/b/a TIMESHARE EXIT TEAM, a Washington limited liability company; MAKAYMAX, INC., a Washington corporation; BRANDON REED, individually, and BRIAN and KERRI ADOLPH, a married couple,

Plaintiffs,

v.

GENERAL CASUALTY COMPANY OF WISCONSIN, a Wisconsin corporation, RSUI GROUP, INC., a Georgia corporation; and RSUI INDEMNITY COMPANY, INC., a New Hampshire corporation,

Defendants.

No. 2:23-cv-00725-TMC

**DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT**

**NOTED FOR HEARING:**
_____

## I.    INTRODUCTION

Plaintiffs cannot establish damages against either General Casualty Company of Wisconsin or RSUI Indemnity Company, Inc.  Because harm to the insured is an essential element of each of Plaintiffs' claims, and no evidence of that harm exists, both defendants are entitled to judgment as a matter of law, and the scheduled trial should not proceed.

DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT – 1
Case No. 2:23-CV-00725-TMC

**CLYDE & CO US LLP**
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

Plaintiffs sue as assignees of Reed Hein & Associates LLP.  Their theory is that General Casualty and RSUI each breached a duty to defend Reed Hein and that this breach renders them liable for the $630,187,204 covenant judgment entered against Reed Hein, plus interest and treble damages under the Insurance Fair Conduct Act (IFCA) and the Consumer Protection Act (CPA). ECF No. 26 at 29 ¶¶ 253, 254.

Until last month, that theory had a path to trial.  But to enforce the covenant judgment against either insurer as the presumptive measure of damages for bad faith, Plaintiffs needed to first establish that it was reasonable under Washington law.  They failed.  On June 5, 2026, Judge Barbara J. Rothstein determined that the covenant judgment was unreasonable and vacated it.  ECF No. 119.

That ruling leaves one theoretical opening: damages that do not depend on the vacated judgment.  But no such actual damages exist.  A trial without damages evidence would be a waste of time.  Defendants jointly ask this Court to dismiss this case with prejudice.

## II.    STATEMENT OF FACTS

### A.    The underlying class action resulted in a covenant judgment.

This case arose out of an underlying class action lawsuit against defendants' mutual insured Reed Hein. *Adolph v. Reed Hein & Assocs.*, Case No. 2:21-cv-01378-BJR ("Underlying Action"). As noted in this Court's prior Orders, the Underlying Action was a putative class action lawsuit, accusing Reed Hein of engaging in deceptive practices and defrauding customers in connection with the marketing a sale of its "timeshare exit" services.  (See ECF 87 at 3).  The parties to the Underlying Action reached a settlement involving entry of a covenant judgment in April of 2022. (ECF No. 54 at 186-97).  The parties sought approval of the settlement pursuant to Fed. R. Civ. P. 23(e) and Judge Rothstein approved the settlement for class action purposes.  (Underlying Action,

DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT – 2
Case No. 2:23-CV-00725-TMC

**CLYDE & CO US LLP**
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

ECF No. 43).  Judgment was entered in the stipulated amount of $630,187,204, on June 15, 2023. (ECF No. 45). No insurance reasonableness hearing was sought until December 22, 2025, when plaintiffs filed a "Motion to Reconfirm Reasonableness" in the Underlying Action.  (Underlying Action, ECF No. 51).

**B.    This action depends on proof of damages for alleged bad faith and statutory violations.**

The Adolphs' claim before this Court focused on whether the defendant insurers faced liability for their response to Reed Hein's claims for liability coverage for the Underlying Action. The primary issue for each defendant  insurer was whether it breached a duty to defend Reed Hein or Brandon Reed in the Underlying Action, making them potentially liable for the $630,187,204 judgment in the event the settlement was found to be reasonable.

This Court has narrowed this case twice.  On February 20, 2026, it ruled that General Casualty owed no duty to defend the underlying class action and thus could not be liable for breach of contract or IFCA violations.  ECF No. 87.  That ruling left only the Adolphs' assigned bad-faith and CPA claims for trial.  The same order determined that RSUI owed Reed Hein a defense.  *Id.* Then, on April 15, this Court revised that ruling on reconsideration and determined that RSUI's refusal to defend was common-law bad faith, a CPA violation, and an IFCA violation, with damages reserved for trial.  ECF No. 115.

**C.    The district court in the underlying action determined that the basis for damages in this action—the covenant judgment—was unreasonable and vacated it.**

Both above-referenced rulings issued while a separate motion was pending before Judge Rothstein in the underlying class action: Plaintiffs' "Motion to Reconfirm Reasonableness of Settlement," filed last December in the underlying action.  (Underlying Action, ECF No. 51 (Dec. 22, 2025)).  General Casualty was allowed to intervene in the Underlying Action for the purpose

DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT – 3
Case No. 2:23-CV-00725-TMC

of opposing the motion. (Underlying Action, ECF No. 57). General Casualty was also allowed to conduct limited discovery in connection with the motion. (Underlying Action, ECF No. 73).

Judge Rothstein ruled on the merits of the motion on June 5, 2026, and rejected it outright. In Judge Rothstein's words, "Plaintiffs' damages calculations are unreliable, and the Court is unable to determine if the judgment amount is truly within the 'range of reasonableness.'" *Adolph v. Reed Hein & Assocs.*, No. 21-CV-1378-BJR, 2026 WL 1729771, at \*4 (W.D. Wash. June 5, 2026). She emphasized that the parties signed their settlement agreement before fixing a dollar figure, calling that sequence the "ultimate proof of a non-adversarial process." *Id*. at \*5. Because Plaintiffs bore the burden of showing the judgment amount was reasonable and failed to carry it, Judge Rothstein found the settlement unreasonable and unenforceable and vacated the confession of judgment. The Adolphs filed a notice of appeal from Judge Rothstein's ruling on July 2. (Underlying Action, ECF No. 85).

No damages survive that ruling. Plaintiffs' damages expert, Bill Partin, built his entire analysis for both General Casualty and RSUI around the covenant judgment. He matched its total to the numbers in Plaintiffs' counsel's submissions in the underlying action and calculated interest accruing on that judgment. Declaration of Daniel Syhre in Support of Defendants' Joint Motion for Summary Judgment ("Syhre Decl.") at Exh. ___.  He offered nothing independent of the judgment. Reed Hein's defense costs were paid in full by General Casualty when it agreed to defend. Exh. __ to Syhre Decl.

Any potential claim for Brandon Reed's personal damages would fare no better. None have been alleged, suggested, or mentioned to date. Plaintiffs never listed Mr. Reed as a trial witness in their pretrial statement for the previous trial setting. Exh. ___ to Syhre Decl. When he was deposed for the reasonableness hearing, he testified that he did not recall personally paying

DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT – 4
Case No. 2:23-CV-00725-TMC

CLYDE & CO US LLP
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

anything toward the settlement. Exh. ___ to Syhre Decl. ("Reed Dep."), at pp. 19-20. He also testified that he left the litigation, settlement, and damages decisions to his lawyers—in his words, he "rolled with it." Reed Dep. p. 133. No evidence in either case shows that Reed Hein or Brandon Reed suffered any pecuniary harm at all.

### III.    ARGUMENT AND AUTHORITY

### A.    Summary judgment standard.

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).

The moving party need only show that the nonmovant lacks evidence on an essential element of their claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden then shifts so that the nonmovant must point to a genuine issue for trial. *Anderson*, 477 U.S. at 250. A mere "scintilla of evidence" does not suffice. *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Nor do immaterial factual disputes. *Anderson*, 477 U.S. at 248.

### B.    Good cause exists for the Court to grant this motion.

Although the dispositive-motion deadline has passed, this Court has authority to modify the case schedule for good cause. Fed. R. Civ. P. 16(b)(4). Good cause exists where the party seeking modification has been diligent. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In addition, this Court may waive the dispositive-motion deadline under its "inherent power to control its docket and promote efficient use of judicial resources." *Puletu v. Fishing Co. of Alaska, Inc.*, C05-1752RSM, 2008 WL 2242455, at *2 (W.D. Wash. May 29, 2008)

DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT – 5
Case No. 2:23-CV-00725-TMC

(quoting *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007)).

This motion relies on a ground that could not have been raised earlier: Judge Rothstein's June 5, 2026, vacatur of the covenant judgment. A motion addressing a genuinely new, case-dispositive development should be considered now to avoid a pointless trial.

**C.      Vacatur of the underlying judgment leaves Plaintiffs without damages.**

Washington measures an insured's harm from an insurer's bad faith by the amount of a covenant judgment, but only if that judgment is reasonable. *Besel v. Viking Ins. Co. of Wis.*, 146 Wn.2d 730, 738–39, 49 P.3d 887 (2002). A reasonable covenant judgment is the "presumptive measure" of the insured's harm. *Id.*; *Bird v. Best Plumbing Grp., LLC*, 175 Wn.2d 756, 765–71, 287 P.3d 551 (2012). That is the premise of the reasonableness determination Plaintiffs sought before Judge Rothstein.

Plaintiffs' damages theory rests on the judgment entered against the insureds in the Underlying Action. They sue only as assignees. They stand in Reed Hein's and Brandon Reed's shoes and may recover only for harm to those insureds. But as of June 5, 2026, no judgment exists against either insured. Judge Rothstein vacated it.

Washington law permits recovery of damages other than a covenant judgment. An insured may recover monetary damages actually incurred because of the bad faith, along with general tort damages. *St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 165 Wn.2d 122, 133, 196 P.3d 664 (2008). IFCA and the CPA provide similar "actual damages sustained" remedies. *Hayden v. Mut. of Enumclaw Ins. Co.*, 141 Wn.2d 55, 63, 1 P.3d 1167 (2000); RCW 48.30.015(1). But Plaintiffs have never identified such damages here. Their claimed injury has always been the judgment entered against the insureds. General Casualty paid Reid Hein's defense costs long ago, no unpaid

DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT – 6
Case No. 2:23-CV-00725-TMC

balance has existed during this litigation, and Plaintiffs identify no other compensable harm suffered by either insured.  With the judgment vacated, Plaintiffs no longer have the damages on which their bad-faith, IFCA, and CPA claims depend.

Plaintiffs sought a reasonableness determination because they intended to use the underlying judgment as their measure of damages.  Vacatur of that judgment eliminates the foundation for that theory.  Without a judgment and without evidence of some other compensable loss suffered by the insureds, Plaintiffs cannot establish damages.  Their claims thus fail as a matter of law.

**D.    Brandon Reed's general damages cannot be assigned, and no evidence supports them anyway.**

Plaintiffs have not pursued general damages sustained by Brandon Reed.  Nor could they because general damages are not assignable under Washington law.  The test is whether the claim would survive to the assignor's personal representative at death.  *Carlile v. Harbour Homes, Inc.*, 147 Wn. App. 193, 207, 194 P.3d 280 (2008).

No Washington Supreme Court case addresses assignability of emotional-distress claims directly, but the statutory framework and case law make clear that such claims are personal in nature and tied to the individual who suffered the harm.  Causes of action, including those for emotional distress, survive to a personal representative. RCW 4.20.046.  But RCW 4.20.020 limits recovery of noneconomic damages to a defined set of close relatives.  *See Carlile*, 147 Wn. App. at 207.  A claim confined by statute to a decedent's family cannot be freely assigned to strangers to that family.

Regardless of assignability, no evidence suggests that Brandon Reed suffered emotional harm from the *Adolph* litigation. Reed Hein had already ceased operating by the time the

**CLYDE & CO US LLP**
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

Underlying Action was filed in October 2021, and Brandon Reed recalls little about the case beyond deferring to his lawyers and their decisions. (Reed Dep. p. 133).

**E.    The pending appeal does not save this case.**

For three reasons, Plaintiffs' appeal of Judge Rothstein's reasonableness ruling changes nothing.

First, the appeal will not be decided before the October 2026 trial date.

Second, Plaintiffs created the timing problem. Judgment was entered in the Underlying Action in June 2023. Plaintiffs waited over two-and-a-half years, until December 2025, to seek a reasonableness determination. (Underlying Action, ECF No. 45 entered on June 15, 2023; Underlying Action, ECF No. 51 filed Dec. 22, 2025). Instead of seeking that determination promptly, Plaintiffs gambled that class-action-fairness approval alone would substitute for it. ECF No. 53, at 21 (asserting that "In the Underlying Lawsuit, the Court already has determined that the settlement, including the stipulated judgment amount, was 'fair, reasonable, and adequate'"); Underlying Action, ECF No. 51 (styled as a "Motion to *Reconfirm* Reasonableness" (*italics* supplied) to argue that the Court had *already* approved the settlement).

Finally, Judge Rothstein's decision will likely stand. Reasonableness determinations are within a trial court's broad discretion, and review is under the deferential abuse-of-discretion standard. *Bird*, 175 Wn.2d at 774.

Nor does the pending appeal create any finality problem. If the Ninth Circuit were to reverse Judge Rothstein's ruling and reinstate the covenant judgment, Plaintiffs could seek relief from judgment under Fed. R. Civ. P. 60(b) on the ground that the vacatur underlying this dismissal has itself been undone. Nothing about entering judgment in this case now forecloses that avenue,

DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT – 8
Case No. 2:23-CV-00725-TMC

CLYDE & CO US LLP
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

and no rule requires this Court to hold this case open indefinitely just because a ruling in another case might someday be reversed.

This Court need not wait for an appeal that, because of Plaintiffs' own delay, will not resolve in time, and that will likely fail.  It should enter summary judgment now.

## IV.    CONCLUSION

Plaintiffs sought to collect a $630 million judgment against a defunct company and its principal.  The judgment is now vacated, and no damages remain for Plaintiffs to pursue. Defendants jointly ask this Court to dismiss this case with prejudice.

Dated this _____ day of _____, 2026.

SCHEER.LAW PLLC


By: *s/DRAFT*_____
    Jennifer L. Crow, WSBA #43746
    Catarina Ferreira, WSBA #56291
    *Attorneys for Defendant RSUI Group, Inc.*
    *and RSUI Indemnity Company, Inc.*

CLYDE & CO US LLP


By: *s/DRAFT*_____
    Michael D. Handler, WSBA #25654
    Daniel L. Syhre, WSBA #34158
    Sarah P. Pozzi, WSBA #55744
    *Attorneys for Defendant General*
    *Casualty Company of Wisconsin*

DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT – 9
Case No. 2:23-CV-00725-TMC

**CLYDE & CO US LLP**
401 UNION STREET, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 ● (206) 689-8501 FAX